MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, and CRISTIAN ZAPATA,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X CORP, and ELON MUSK,<br><br>Respondents. | Case No. 3:23-cv-02217<br><br>**RESPONDENTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>[28 U.S.C. §§ 1331, 1367(a), 1441, 1446]<br><br>**Petition Filed: April 27, 2023** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PETITIONERS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. Sections 1331, 1441(a) and 1446, Respondents X HOLDINGS CORP., ON ITS OWN BEHALF AND AS SUCCESSOR IN INTEREST TO NAMED RESPONDENT X HOLDINGS I, INC. ("X HOLDINGS"), X CORP., ON ITS OWN BEHALF AND AS SUCCESSOR IN INTEREST TO NAMED RESPONDENT TWITTER, INC. ("TWITTER"), and ELON MUSK ("Respondents") hereby remove the above-entitled action from San Francisco County Superior Court to the United States District Court for the Northern District of California.

1. On April 27, 2023, Petitioners Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Carlos Moises Ortiz Gomez, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, and Cristian Zapata ("Petitioners") filed a Petition to Compel Arbitration in San Francisco County Superior Court against Respondents, as their initial pleading in an action entitled *Sarah Anoke et al v. Twitter, Inc., et al*, Case No. CPF23518034.

2. On April 27, 2023, Petitioners served Respondents (via service on Respondents' counsel of record in the arbitrations) with the Petition. A copy of the Petition and supporting papers, as well as all process, pleadings, notices and orders filed in the State Court action are attached hereto as **Exhibit A**. Because Respondents have filed this Notice of Removal within thirty (30) days of service of the Petition, removal is timely pursuant to 29 U.S.C. Section 1446(b).

**I.   REMOVAL IS PROPER BASED UPON FEDERAL QUESTION JURISDICTION**

3. Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. If a federal court has original jurisdiction over an action filed in state court, a defendant may remove the action to the federal court for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441(a); *see also Schafer v. Sea-Land Serv., Inc.*, 11 F. App'x 951, 953 (9th Cir. 2001) ("Removal to federal district court is proper if the action could have been brought originally in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 45575295.1

1

RESPONDENTS' NOTICE OF REMOVAL

federal court, 28 U.S.C. § 1441(a).")

4. As set forth below, this Court has original jurisdiction here because this action includes claims that arise under federal statutes. *See* 28 U.S.C. § 1331 (federal question jurisdiction). This Court may properly exercise supplemental jurisdiction over the other claims in this action because they are part of the same case or controversy as the claims over which this Court has original jurisdiction. *See* 28 U.S.C. § 1367(a). Accordingly, this entire action is one that Respondents may remove to this Court. *See* 28 U.S.C. § 1441(b).

5. On February 24, 2023, Petitioners submitted demands for arbitration to JAMS, alleging violations of various federal and state law claims related to the termination of their employment at Twitter. *See* Declaration of Eric Meckley ("Meckley Decl."), ¶¶ 2-18, Exs. A-O. Each of Petitioners' demands for arbitration allege claims for violations of the federal Worker Adjustment and Retraining Notification ("WARN") Act pursuant to 29 U.S.C. § 2101 *et seq.*, as well as claims of employment discrimination pursuant to Title VII ( 42 U.S.C. § 2000e). *See id.* Petitioners Cannell's, Eusebio's, Gomez's, and Sena's demands for arbitration also allege violations of the Americans with Disabilities Act ("ADA") pursuant to 2 U.S.C. § 12101 *et seq. See id.*, ¶¶ 6, 7, 9, 15, Exs. C, D, F, L. Petitioners Festego's and Shobe's demands for arbitration also allege violations of the Family and Medical Leave Act ("FMLA") pursuant to 29 U.S.C. § 2615(a). *See id.*, ¶¶ 8, 16, Exs. E, M. Petitioner Thompson's demand for arbitration also alleges age discrimination in violation of 29 U.S.C. § 621 *et seq. See id.*, ¶ 17, Ex. N.

6. A federal court has original jurisdiction over a petition to compel arbitration when it has original jurisdiction over the claims that the petition seeks to arbitrate. *See Vaden v. Discover Bank,* 556 U.S. 49, 62 (2009) ("A federal court may 'look through' a [petition to compel arbitration] to determine whether it is predicated on an action that 'arises under' federal law"); *see also, e.g., Ameriprise Fin. Servs. Inc. v. Ekweani*, No. CV-14-00935-PHX-DGC, 2015 WL 1737417, at *3 (D. Ariz. Apr. 16, 2015), aff'd, 683 F. App'x 641 (9th Cir. 2017) (finding that "[t]he underlying suit involves claims of unlawful discrimination and retaliation in violation of 42 U.S.C. §§ 1981 and 2000e," and holding that because "[t]hese claims clearly arise under federal law, […] a motion to compel arbitration of these claims would satisfy jurisdictional

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2
DB2/ 45575295.1                    RESPONDENTS' NOTICE OF REMOVAL

requirements"); *Serv. Emps. Int'l Union, Loc. 1021 v. Priv. Indus. Council of Solano Cnty., Inc.*, No. CIV. 2:13-01670 WBS, 2013 WL 5569990, at *3 (E.D. Cal. Oct. 9, 2013) (exercising jurisdiction over a motion to compel arbitration filed in Solano County Superior Court that the defendant removed to federal court under the court's federal question jurisdiction pursuant to 28 U.S.C. § 1441(a)).

7. Here, Petitioners have asserted federal claims that they seek to compel into arbitration, including claims for violation of the WARN Act, Title VII, FMLA, the ADA, and the ADEA. *See* Meckley Decl. ¶¶ 2-18, Exs. A-O. Removal is therefore proper because this Court has original jurisdiction over the federal claims. *See* 28 U.S.C. Section 1441; *Vaden*, 556 U.S. 62. And this Court has supplemental jurisdiction over the other claims that arise from the same case or controversy related to the termination of their employment. *See* 28 U.S.C. § 1441(b).

## II. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

8. Because this Notice of Removal is filed within thirty days of service of the Petition upon Defendant, the removal is timely under 28 U.S.C. Section 1446(b).

9. As Petitioners filed this action in the Superior Court of the State of California, County of San Francisco, removal to the United States District Court, Northern District of California, is proper under 28 U.S.C. Section 1441(a).

10. As required by 28 U.S.C. Section 1446(b), all named Respondents, X Holdings, Twitter, and Elon Musk, have consented to and have joined the removal of this action to federal court.

11. As required by 28 U.S.C. Section 1446(d), Respondents will provide notice of this removal to Petitioners through their attorneys of record.

12. As required by 28 U.S.C. Section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California, County of San Francisco.

13. Respondents have sought no similar relief in this action.

14. If any question arises as to the propriety of the removal of this action, then Respondents request the opportunity to present further briefing and additional evidence in support of its position that this case is removable.

**WHEREFORE,** Respondents, desiring to remove this case to the United States District Court for the Northern District of California, pray that the filing of this Notice of Removal shall cause the removal of this action to this Court.

Dated: May 5, 2023                                MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Eric Meckley*
Eric Meckley
Brian D. Berry
Ashlee N. Cherry
Kassia Stephenson

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; and
ELON MUSK