# EXHIBIT A

1  ETHAN JACOBS (SBN 291838)
   Ethan Jacobs Law Corporation
2  ethan@ejacobslaw.com
3  100 Pine Street, Suite 1250
   San Francisco, CA 94111
4  Telephone: (415) 275-0845

5  AKIVA M. COHEN (*pro hac vice* application forthcoming)
   Kamerman, Uncyk, Soniker & Klein P.C.
6  acohen@kusklaw.com
7  1700 Broadway, 16th Floor
   New York, New York 10019

8
   Attorneys for Petitioners
9

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/27/2023**
**Clerk of the Court**
BY: KAREN VALDES
Deputy Clerk

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                          **COUNTY OF SAN FRANCISCO**

12  SARAH ANOKE, CATHERINE BONN,           )  Case No.:
13  ISABELLE CANNELL, MELANIE EUSEBIO,     )                    **CPF-23-518034**
    ISABELLE CANNELL, MELANIE EUSEBIO,     )
14  SAMANTHA FESTEJO, CARLOS MOISES        )  **NOTICE OF PETITION AND PETITION**
    ORTIZ GOMEZ, DAWN HOISE, WAYNE         )  **TO COMPEL ARBITRATION AWARD**
15  KRUG, LAURENT LUCE, PATRICK            )  **RELIEF UNDER CAL. CODE CIV. PROC.**
    O'CONNELL, JENNIFER RYAN, JAIME        )  **§ 1281.97**
16  SENA, JAMES SHOBE, KARYN THOMPSON,     )  Date: May 19, 2023
    AND CRISTIAN ZAPATA,                   )  Time: 9:30 a.m.
17                                         )  Department: 302
                    Petitioners,           )
18                                         )
                                           )
19         vs.                             )
                                           )
20  TWITTER, INC., X HOLDINGS I, INC., X   )
    HOLDINGS CORP, X CORP, AND ELON        )
21  MUSK,                                  )
                                           )
22                  Respondents.           )
                                           )
23  _____ )

24          TO ALL PARTIES AND COUNSEL OF RECORD FOR EACH PARTY:

25          Petitioners Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha

26  Festejo, Carlos Moises Ortiz Gomez, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell,

27  Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, and Cristian Zapata (collectively,

28

                                        - 1 -

1   "Petitioners") hereby will and do petition this Court for an Order, pursuant to Section 1281.97(b)(2)

2   of the California Code of Civil Procedure, compelling Respondents Twitter, Inc., X Holdings I, Inc.,

3   X Holdings Corp., X Corp., and Elon Musk (collectively, "Respondents") to pay any outstanding

4   JAMS case-initiation fees, and to pay all of Petitioners' reasonable attorneys' fees and costs related

5   to the arbitrations.

6          Petitioners have filed demands for arbitration with JAMS pursuant to the signed Dispute

7   Resolution Agreements required as a condition of their employment, and JAMS invoiced

8   Respondents for their portion of the case-opening filing fees, that invoice being due upon receipt.

9   Respondents did not pay those fees within 30 days of their receipt of the invoice, placing them in

10  material breach of their agreement to arbitrate with Petitioners. Accordingly, Petitioners request by

11  this Petition that the Court enforce the arbitration agreement and compel Respondents to pay all of

12  Petitioners' fees and costs related to the arbitrations pursuant to Cal. Code Civ. Proc.

13  § 1281.97(b)(2).

14         Wherefore, Petitioners pray:

15         1.      That the Court order Respondents to pay all outstanding JAMS case-initiation fees;

16         2.      That the Court order Respondents to pay all reasonable fees and costs related to each

17  of Petitioners' arbitrations; and

18         3.      For such and other relief that the Court may deem just and proper.

19

20

21

22

23

24

25

26

27

28

NOTICE OF PETITION AND PETITION TO COMPEL ARBITRATION AND AWARD RELIEF
UNDER CAL. CODE CIV. PROC. § 1281.97

1   Dated:          April 27, 2023

2
3                                              By: /s/ Ethan Jacobs
                                                   Ethan Jacobs
4                                                  ETHAN JACOBS LAW CORPORATION
                                                   100 Pine Street, Suite 1250
5                                                  San Francisco, California 94111
                                                   ethan@ejacobslaw.com
6
7                                                  Akiva M. Cohen
                                                   KAMERMAN, UNCYK, SONIKER &
8                                                  KLEIN P.C.
                                                   1700 Broadway, 16th Floor
9                                                  New York, New York 10019
                                                   acohen@kusklaw.com
10
11                                             *Pro hac vice application forthcoming*

12                                             *Attorneys for Petitioners*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PETITION AND PETITION TO COMPEL ARBITRATION AND AWARD RELIEF
UNDER CAL. CODE CIV. PROC. § 1281.97

1  ETHAN JACOBS (SBN 291838)
   Ethan Jacobs Law Corporation
2  ethan@ejacobslaw.com
3  100 Pine Street, Suite 1250
   San Francisco, CA 94111
4  Telephone: (415) 275-0845

5  AKIVA M. COHEN (*pro hac vice* application forthcoming)
   Kamerman, Uncyk, Soniker & Klein P.C.
6  acohen@kusklaw.com
7  1700 Broadway, 16th Floor
   New York, New York 10019
8
   Attorneys for Petitioners
9

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/27/2023**
**Clerk of the Court**
**BY: KAREN VALDES**
**Deputy Clerk**

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                          **COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| 12 SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA,<br><br>        Petitioners,<br><br>    vs.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X CORP, AND ELON MUSK,<br><br>        Respondents. | Case No.:  **CPF-23-518034**<br><br>**NOTICE OF HEARING ON PETITION TO COMPEL ARBITRATION AND AWARD RELIEF UNDER CAL. CODE CIV. PROC. § 1281.97**<br><br>Date: May 19, 2023<br>Time: 9:30 a.m.<br>Department: 302 |

24        TO RESPONDENTS TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X

25  CORP, AND ELON MUSK AND THEIR ATTORNEYS OF RECORD:

26        YOU ARE HEREBY NOTIFIED THAT on May 19, 2023 at 9:30 AM, or as soon as the

27  Court is available thereafter, in Department 302 of the Superior Court of the State of California, San

28

- 1 -

1   Francisco County, located at 400 McAllister Street, San Francisco, California 94104, Petitioners

2   Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Carlos Moises

3   Ortiz Gomez, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Jennifer Ryan, Jaime

4   Sena, James Shobe, Karyn Thompson, and Cristian Zapata will and hereby do petition the Court for

5   an order to pursuant to Section 1281.97(b)(2) of the California Code of Civil Procedure, compelling

6   Respondents Twitter, Inc., X Holdings I, Inc., X Holdings Corp, and X Corp. (collectively,

7   "Twitter") to pay any outstanding JAMS case-initiation fees, and to pay all of Petitioners'

8   reasonable attorneys' fees and costs related to the arbitrations..

9        This petition is made on the grounds that Respondents failed to pay their portion of the case-

10  opening fees for Petitioners' arbitrations within 30 days of the date they were due.

11       This petition is based on the concurrently-filed petition and notice of petition, the

12  memorandum of points and authorities, the declaration of Akiva Cohen with accompanying

13  exhibits, and on any additional memoranda and any oral argument presented at the hearing on this

14  petition.

15    Dated:   April 27, 2023

16

17                             By: /s/ Ethan Jacobs
                               Ethan Jacobs

18                                 ETHAN JACOBS LAW
                               CORPORATION

19                                 100 Pine Street, Suite 1250
                               San Francisco, California 94111

20                                 ethan@ejacobslaw.com

21                                 Akiva M. Cohen
                               KAMERMAN, UNCYK, SONIKER &

22                                 KLEIN P.C.
                               1700 Broadway, 16th Floor

23                                 New York, New York 10019
                               acohen@kusklaw.com

24                                 *Pro hac vice application forthcoming*

25

26                                 *Attorneys for Petitioners*

27

28

NOTICE OF HEARING ON PETITION TO COMPEL ARBITRATION AND AWARD RELIEF
UNDER CAL. CODE CIV. PROC. § 1281.97

ETHAN JACOBS (SBN 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

AKIVA M. COHEN (*pro hac vice* application forthcoming)
Kamerman, Uncyk, Soniker & Klein P.C.
acohen@kusklaw.com
1700 Broadway, 16th Floor
New York, New York 10019

Attorneys for Petitioners

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/27/2023**
**Clerk of the Court**
BY: KAREN VALDES
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

|  |  |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA,<br><br>Petitioners,<br><br>vs.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X CORP, AND ELON MUSK,<br><br>Respondents. | Case No.: **CPF-23-518034**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION**<br><br>Date: May 19, 2023<br>Time: 9:30 a.m.<br>Department: 302 |

1

## <u>TABLE OF CONTENTS</u>

2

3
INTRODUCTION ......................................................................................................................3

4
STATEMENT OF FACTS ...........................................................................................................4

5
     I.     Petitioners File for Arbitration with JAMS and JAMS Invoices Twitter for
Fees and Costs to Initiate the Arbitration ....................................................................4

6
     II.    Twitter Acknowledges Its Obligation to Pay JAMS' Invoice, Answers
Petitioners' Arbitration Demands, but Does Not Pay the JAMS the Fees and
Costs to Initiate the Arbitration..................................................................................4

7

8
ARGUMENT 6

9
     I.     Twitter Is in Material Breach of Its Arbitration Agreements with Petitioners ..........6

10
     II.    Twitter Must Pay Petitioners' Fees and Costs in Connection with the
Arbitration...............................................................................................................7

11
CONCLUSION............................................................................................................................8

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

1

## TABLE OF AUTHORITIES

2

3

### Cases

4

*De Leon v. Juanita's Foods* (2022) 85 Cal.App.5th 740 ....................................................6

5

*Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761...............................................6

6

*Hagan v. Park Miller LLC* , No. 20-CV-06818-CRB) 2021 WL 1688347 (N.D. Cal., Apr. 29, 2021)7

7

*Waters v. Vroom Inc.* , No. 22-CV-1191 TWR (AGS), 2023 WL 187577 (S.D. Cal. Jan. 13, 2023)6

8

*Williams v. West Coast Hospitals, Inc.* (2022) 86 Cal.App.5th 1054, *petition for review filed* (Feb. 7, 2023) ............................................................................................................6

9

### Statutes

10

Cal. Code Civ. Proc. § 1281.97 ...............................................................3, 5, 6, 7

11

Cal. Code Civ. Proc. § 1281.99 .........................................................................8

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

**INTRODUCTION**

Petitioners Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Carlos Moises Ortiz Gomez, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, and Cristian Zapata (collectively, "Petitioners") respectfully submit this memorandum of law in support of their Petition for an Order, pursuant to Section 1281.97(b)(2) of the California Code of Civil Procedure, compelling Respondents Twitter, Inc., X Holdings I, Inc., X Holdings Corp, and X Corp. (collectively, "Twitter") to pay any outstanding JAMS case-initiation fees, and to pay all of Petitioners' reasonable attorneys' fees and costs related to the arbitrations.

Section 1281.97(a)(1) provides that a failure to pay case-initiating fees for Petitioners' arbitrations within 30 days of their due date is a material breach of Twitter's arbitration agreements with Petitioners. Section 1281.97(b)(2) in turn provides that such a material breach entitles Petitioners to an order compelling "arbitration in which [Twitter] shall pay reasonable attorney's fees and costs related to the arbitration." Petitioners filed arbitrations with JAMS, and on March 7, 2023, JAMS issued an invoice to Twitter, due upon receipt, for the case-initiating fees owed by Twitter. On April 11, 2023 – more than 30 days after the original due date – the JAMS case manager overseeing the arbitrations informed all counsel that Twitter still had not paid the invoiced case initiating fees. And on April 25, 2023, that case manager reiterated that the fees were still unpaid.

The courts have interpreted Section 1281.97 as a strict liability statute as to which excuses and good faith are irrelevant, making the Court's role here ministerial: it must compel Twitter to arbitration, direct it to pay any fees still outstanding, and order it to pay Petitioners' costs and reasonable attorneys' fees in connection with their arbitrations.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

**STATEMENT OF FACTS**

**I.    *Petitioners File for Arbitration with JAMS and JAMS Invoices Twitter for Fees and Costs to Initiate the Arbitration***

Each of the fifteen Petitioners executed an arbitration agreement with Twitter that provided for arbitration with JAMS as a condition of their employment with Twitter. (Declaration of Akiva Cohen ("Cohen Decl.'"), ¶ 2). On February 24, 2023, each of the Petitioners (and two other Claimants who are not Petitioners here) filed a demand for arbitration with JAMS arising out of Twitter's breaches of contract and other violations relating to Petitioners' employment with and termination from Twitter. (*Id.*, ¶ 3).

On March 7, 2023, by email to all counsel, JAMS attached an invoice for $27,200 – Twitter's share of the case-initiating fee for the 17 Claimants that had filed on February 24, 2023. (*Id.*, ¶ 4 and Exs. 1 (covering email) and 2 (invoice) (the "March 6 Invoice")). As reflected in Exhibit 2, the March 6 Invoice noted that it was due upon receipt. (*Id.*, Ex. 2). Rule 6(c) of the JAMS Employment Arbitration Rules and Procedures provides that "[i]f, at any time, any Party has failed to pay fees or expenses in full, JAMS may order the suspension or termination of the proceedings." (Cohen Decl., ¶ 7.)

Although the invoice was made out to Twitter, Petitioners accidentally paid these fees on March 7, 2023 and then identified the error to JAMS on March 8. (*Id.*, ¶¶ 8-9). JAMS agreed to refund the amount on March 9 and then issued a check for the refund on March 21, 2023. (*Id.*, ¶ 10).

**II.   *Twitter Acknowledges Its Obligation to Pay JAMS' Invoice, Answers Petitioners' Arbitration Demands, but Does Not Pay the JAMS the Fees and Costs to Initiate the Arbitration***

As of March 10, 2023, Twitter knew it still owed the fees sought by the March 6 Invoice. On March 10, 2023, Twitter asked JAMS to decline jurisdiction over two of the claimants who had filed claims against it (the two who are not Petitioners in this application) and, therefore, to "deduct the [March 6 Invoice] issued to Twitter for these claimants' filing fees" – meaning that they wanted the fees attributable to those two claimants deducted from the March 6 Invoice. (Cohen Decl., ¶ 11. On that same day, Twitter filed a single omnibus response to the remaining

4.

fifteen Petitioners' separate arbitration demands, identifying each Petitioner's separate action in the caption of its filing. (*Id.*, ¶ 12).

On March 28, 2023, due to an internal error, JAMS sent an email to counsel for all parties erroneously informing them that "[t]he initial filing fees in the above referenced matters" – referencing Petitioners' matter, among others – "have now been paid." (Cohen Decl. ¶ 13 & Ex. 3).  They had not, in fact, been paid by Twitter, who still owed those fees.

As of April 7, 2023 – thirty-one days after the March 6 Invoice was issued and due – Twitter still had not paid those fees. On April 8, 2023, JAMS emailed counsel for the parties to issue a second invoice for those same fees. (Cohen Decl. ¶ 15 & Ex. 4). On April 11, 2023, the JAMS case manager overseeing the cases, Sarah Nevins, reiterated to the parties that Twitter's share of the initial filing fees remained unpaid. (Cohen Decl., ¶ 15). And on April 25, 2023, Ms. Nevins sent yet another email, asking Twitter's counsel when the fees would be paid. (Cohen Decl. ¶ 23).

Twitter's decision not to pay the invoice on receipt reflects its intentional policy. In other arbitration proceedings, Twitter confirmed to counsel for its former employees that it was deliberately delaying payment of JAMS invoices marked due upon receipt until the end of the statutory 30-day grace period provided by Code of Civil Procedure, Section 1281.97. (Cohen Decl., ¶ 18 and Ex. 5). That 30-day period began on March 7, the day the Invoice was issued to Twitter and marked "due upon receipt." And not only JAMS' rules but also its express prior correspondence each made clear that payment of the fees was required for commencement of the arbitration. *Id.*, Ex 6 ("both the filing fees for the first batch and the second batch of cases would need to be paid by Respondent before we proceed").[1]

---

[1] Due to the internal error by JAMS, JAMS actually held the initial administrative conference on April 3, 2023, on the mistaken belief that Twitter had paid the March 6 Invoice. (Cohen Decl., ¶ 22.)

## **ARGUMENT**

### I. *Twitter Is in Material Breach of Its Arbitration Agreements with Petitioners*

Twitter is in "material breach" of the arbitration agreements with Petitioners that it drafted because "the fees or costs to initiate [the] arbitration proceeding [were] not paid within 30 days after the due date" of March 6, 2023. Cal. Code Civ. Proc., § 1281.97, subd. (a).  The March 6 Invoice was received by Twitter on March 7, 2023, and was due upon receipt. (Cohen Decl., Ex. 2). Thus, Twitter's payment was 30 days overdue as of April 6, 2023. As of April 25, 2023, the case initiation fees remained unpaid. (Cohen Decl., ¶ 23). Further, the "rules of the arbitration provider" – JAMS – require the "drafting party" – Twitter – "to pay certain fees and costs before the arbitration can proceed." Cal. Code Civ. Proc., § 1281.97, subd. (a). *See also* page 3 above and Cohen Decl., ¶ 7. Thus, under Section 1281.97(a)(1), Twitter is in material breach of its arbitration agreements with Petitioners. Cal. Code. Civ. Proc. § 1281.97. *See also Williams v. West Coast Hospitals, Inc.* (2022) 86 Cal.App.5th 1054, 1074, *petition for review filed* (Feb. 7, 2023) ("We also acknowledge the record evidence that West Coast's belated payment was unintentional and that the ensuing delay amounted to a few days. But nothing in section 1281.98 as drafted depends on the intent or good faith of a particular drafting party in a specific case"); *Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761, 776 (granting mandamus after trial court refused to apply Section 1281.97 where delay was minimal and unintentional: "under the plain language of the statute [] the triggering event is nothing more than nonpayment of fees within the 30-day period—the statute specifies no other required findings, such as whether the nonpayment was deliberate or inadvertent, or whether the delay prejudiced the nondrafting party"). *Cf. De Leon v. Juanita's Foods* (2022) 85 Cal.App.5th 740, 754 (assessing parallel language in Section 1281.98 and holding that trial court has no "discretion to consider factors such as prejudice or delay caused by the late payment"); *Waters v. Vroom Inc.*, No. 22-CV-1191 TWR (AGS), 2023 WL 187577, at *4 (S.D. Cal. Jan. 13, 2023) (refusing to compel arbitration where arbitration association, citing § 1281.97, closed arbitration proceeding when respondent failed to pay within thirty days due to arbitration association's erroneous failure to

6.

1   accept payment that respondent repeatedly attempted to timely make). Petitioners therefore are

2   entitled to an order compelling Twitter to pay the JAMS fees currently due and proceed with

3   their arbitrations without further delay.

4          Indeed, even if good faith were an excuse for failure to pay arbitration fees within the 30-

5   day period, it would not be available to Twitter. As reflected in Twitter's counsel's

6   correspondence with Shannon Liss-Riordan, an attorney representing other former Twitter

7   employees, Twitter specifically and knowingly chose to delay payment of JAMS invoices for as

8   long as possible in reliance on the statutory grace period and defiance of the rules of JAMS – the

9   arbitration provider **Twitter** selected for these proceedings. (Cohen Decl., Ex. 5). In this case,

10  Twitter chose to walk a procedural tightrope to maximize allowable delay, but made a misstep.

11  The statute dictates the consequences that flow from it.

12  ## II.      *Twitter Must Pay Petitioners' Fees and Costs in Connection with the Arbitration*

13         Because Twitter is in material breach of its arbitration agreements with Petitioners,

14  Twitter must pay all of Petitioners' reasonable attorneys' fees and costs in connection with their

15  arbitrations, including those incurred on this motion. The language of Section 1281.97(b)(2) is

16  unambiguous: because Petitioners have chosen to proceed with arbitration, Twitter must pay

17  reasonable fees and costs in connection with those arbitrations, regardless of whether those fees

18  and costs are related to the delay in payment that triggered Twitter's obligation.  *See Hagan v.*

19  *Park Miller LLC* , No. 20-CV-06818-CRB) 2021 WL 1688347, at *1 (N.D. Cal., Apr. 29, 2021)

20  ("Section 1281.97's language is unambiguous: the party that failed to timely pay fees 'is in

21  material breach of the arbitration agreement' and must 'pay reasonable attorney's fees and costs

22  related to the arbitration,' Cal. Civ. Proc. Code § 1281.97(a), (b)(2), not some lesser or other

23  amount resulting from that party's failure to pay the required arbitration fees").[2]

---

24  [2] In *Hagan*, the Northern District of California decided a motion for clarification of its original
25  order finding a violation of 1281.97, and denied the Hagans' belated request for fees in
    connection with responding to the motion for clarification because they had not separately
26  requested fees in connection with their original motion to compel or as a sanction under Section
    1281.99 in that original motion. 2021 WL 1688347, at *2. Respectfully, Section 1281.97
27  (footnote continued)

## <u>CONCLUSION</u>

In sum: Twitter deliberately chose, for strategic reasons, not to pay JAMS invoices until the last possible moment in order to impose delay on the former employees bringing claims against it. In this instance, however, Twitter failed to take care of the invoice *before* the last possible moment. The result of Twitter's decision to play with fire is inevitable and well-earned: it gets burned. Petitioners respectfully submit that the motion should be granted and Twitter should be ordered to proceed with arbitration, to pay any JAMS fees still outstanding, and to pay Petitioners' costs and reasonable attorneys' fees in connection with their arbitrations and with this motion.[3]

Dated:          April 27, 2023

                                        By: /s/ Ethan Jacobs
                                            Ethan Jacobs
                                            ETHAN JACOBS LAW
                                            CORPORATION
                                            100 Pine Street, Suite 1250
                                            San Francisco, California 94111
                                            ethan@ejacobslaw.com

                                            Akiva M. Cohen
                                            KAMERMAN, UNCYK, SONIKER &
                                            KLEIN P.C.
                                            1700 Broadway, 16th Floor
                                            New York, New York 10019
                                            acohen@kusklaw.com

                                            *Pro hac vice application forthcoming*

                                            *Attorneys for Petitioners*

---

requires Twitter to pay Petitioners' reasonable attorneys' fees "related to" their arbitrations, not merely fees incurred *in* the arbitrations; because this motion relates to the arbitrations, fees relating to this motion should be awarded as well. To the extent necessary, however, Petitioners also request such fees pursuant to Section 1281.99.

[3] Petitioners will submit evidence of the attorneys' fees they have incurred in their reply brief to this Petition.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

1   ETHAN JACOBS (SBN 291838)
    Ethan Jacobs Law Corporation
2   ethan@ejacobslaw.com
3   100 Pine Street, Suite 1250
    San Francisco, CA 94111
4   Telephone: (415) 275-0845

5   AKIVA M. COHEN (*pro hac vice* application forthcoming)
    Kamerman, Uncyk, Soniker & Klein P.C.
6   acohen@kusklaw.com
7   1700 Broadway, 16th Floor
    New York, New York 10019
8
    Attorneys for Petitioners
9

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/27/2023**
**Clerk of the Court**
BY: KAREN VALDES
Deputy Clerk

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **COUNTY OF SAN FRANCISCO**

12
    SARAH ANOKE, CATHERINE BONN,               ) Case No.:
13  ISABELLE CANNELL, MELANIE EUSEBIO,          )              **CPF-23-518034**
    SAMANTHA FESTEJO, CARLOS MOISES             )
14  ORTIZ GOMEZ, DAWN HOISE, WAYNE              ) **DECLARATION OF AKIVA M. COHEN**
    KRUG, LAURENT LUCE, PATRICK                 ) **IN SUPPORT OF PETITIONERS'**
15  O'CONNELL, JENNIFER RYAN, JAIME             ) **MOTION FOR AN ORDER COMPELLING**
                                                ) **ARBITRATION AND AWARDING**
16  SENA, JAMES SHOBE, KARYN THOMPSON,          ) **RELIEF UNDER CAL. CODE CIV. PROC.**
    AND CRISTIAN ZAPATA,                        ) **§ 1281.97**
17                                              )
                    Petitioners,                ) Date: May 19, 2023
18                                              ) Time: 9:30 a.m.
                                                ) Department: 302
19          vs.                                 )
                                                )
20  TWITTER, INC., X HOLDINGS I, INC., X        )
    HOLDINGS CORP, X CORP, AND ELON             )
21  MUSK,                                       )
                                                )
22                  Respondents.                )
                                                )
23  _____ )

24
            I, Akiva M. Cohen, declare as follows:
25
            1.      I am a partner at Kamerman, Uncyk, Soniker & Klein, P.C., counsel of record for
26
    Petitioners in their respective arbitrations against Twitter. I am licensed to practice in the state of
27
    New York. I submit this declaration in support of Petitioners' Motion for Relief Under Cal. Code
28

                                                - 1 -
            PETITION TO COMPEL ARBITRATION – DECLARATION OF AKIVA M. COHEN

Civ. Proc. § 1281.97. I have personal knowledge of the facts set forth in this declaration and, if necessary, I could and would competently testify to those facts.

2.      Each of the fifteen Petitioners has executed an arbitration agreement with Twitter that provided for arbitration with JAMS as a condition of employment with Twitter.

3.      On February 24, 2023, each of the Petitioners (and two other Claimants who are not Petitioners here) filed a demand for arbitration with JAMS arising out of Twitter's breaches of contract and other violations relating to Petitioners' employment with and termination from Twitter.

4.      On March 7, 2023, by email to all counsel, JAMS attached an invoice for $27,200 Twitter's share of the case-initiating fee for the 17 Claimants that had filed on February 24, 2023, addressed to Twitter's counsel.

5.      **Exhibit 1**, attached, is a true and correct copy of the March 7, 2023 email from JAMS.

6.      **Exhibit 2**, attached, is a true and correct copy of the March 6 Invoice.

7.      Rule 6(c) of the JAMS Employment Arbitration Rules and Procedures provides that "[i]f, at any time, any Party has failed to pay fees or expenses in full, JAMS may order the suspension or termination of the proceedings." The JAMS Employment Arbitration Rules and Procedures are available at https://www.jamsadr.com/rules-employment-arbitration/english.

8.      On March 7, 2023, KUSK inadvertently paid the March 6 Invoice.

9.      On March 8, 2023, KUSK realized its error and informed JAMS of the incorrect payment.

10.     On March 9, 2023, JAMS confirmed that KUSK's payment on March 7 was made in error and began the process of issuing a refund for the inadvertent payment. On March 21, 2023, JAMS issued KUSK the refund in the form of a check in the amount of $27,200.

11.     On March 10, 2023, Twitter demonstrated its actual knowledge of the outstanding invoice by submitting objections to two of the Claimants whose demands for arbitration were filed on February 24th (the two who are not Petitioners in this action) and asking JAMS to decline

1  jurisdiction over these two claimants and to "deduct the [March 6 Invoice] issued to Twitter for

2  these claimants' filing fees."

3       12.     On that same day, Twitter filed a single omnibus response to the remaining fifteen

4  Petitioners' separate arbitration demands, identifying each Petitioner's separate action in the caption

5  of its filing.

6       13.     On March 28, 2023, due to an internal error, JAMS sent an email to counsel for all

7  parties erroneously informing them that "[t]he initial filing fees in the above referenced matters" --

8  referencing Petitioners' matter, among others --"have now been paid."

9       14.     **Exhibit 3**, attached, is a true and correct copy of this email.

10      15.     On April 11, 2023, JAMS emailed counsel for the parties issuing a second invoice to

11 Twitter for its fees.

12      16.     **Exhibit 4**, attached, is a true and correct copy of this invoice.

13      17.     On April 11, 2023, the JAMS case manager overseeing the cases, Sarah Nevins,

14 reiterated to the parties that Twitter's share of the initial filing fees remained unpaid.

15      18.     In other arbitration proceedings, Twitter confirmed that it is deliberately delaying

16 payment of JAMS invoices marked due upon receipt until the end of the statutory 30-day grace

17 period provided by Code of Civil Procedure, Section 1281.97.

18      19.     **Exhibit 5**, attached, is a true and correct copy of this correspondence.

19      20.     On March 2, 2023, JAMS informed counsel for all parties via email that "both the

20 filing fees for the first batch and the second batch of cases would need to be paid by Respondent

21 before we proceed."

22      21.     **Exhibit 6**, attached, is a true and correct copy of this email.

23      22.     On April 3, 2023, JAMS held the initial administrative conference for these

24 arbitrations on the mistaken belief that Twitter had paid the March 6 Invoice.

25      23.     On April 25, 2023, JAMS' case administrator again emailed Twitter's counsel to

26 inquire when JAMS could expect payment of the past-due fees.

27

28

PETITION TO COMPEL ARBITRATION – DECLARATION OF AKIVA M. COHEN

1        I declare under penalty of perjury under the laws of the State of California and the United

2  States that the foregoing is true and correct.

3        Executed this 25th day of April 2023 in Oceanside, NY.

4

5                         *Akiva M. Cohen*
                                    _____

6                            Akiva M. Cohen

PETITION TO COMPEL ARBITRATION – DECLARATION OF AKIVA M. COHEN

# Exhibit 1

Kamerman Twitter Cases - JAMS Ref No. 1601002006

Sarah Nevins <snevins@jamsadr.com>

Tue 3/7/2023 3:21 AM

To: brian.berry@morganlewis.com <brian.berry@morganlewis.com>;eric.meckley@morganlewis.com
<eric.meckley@morganlewis.com>;cullen.wallace@morganlewis.com
<cullen.wallace@morganlewis.com>;ashlee.cherry@morganlewis.com
<ashlee.cherry@morganlewis.com>;kassia.stephenson@morganlewis.com
<kassia.stephenson@morganlewis.com>

Cc: adele.doyle@morganlewis.com <adele.doyle@morganlewis.com>;Akiva Cohen
<acohen@kusklaw.com>;Dylan Schmeyer <dschmeyer@kusklaw.com>;Mike Dunford
<mdunford@kusklaw.com>

 1 attachments (92 KB)
Kamerman Twitter Round 2 Filing Fee_6564514.pdf;

Good Morning Counsel.

Attached please find the invoice for Respondents non-refundable filing fees regarding the filing of February 24,
2023 in the above referenced matter.  Payment is due upon receipt.

Thank you,
Sarah



**Sarah Nevins**
Arbitration Practice Manager – East/Central

**JAMS - *Local Solutions. Global Reach.*<sup>TM</sup>**
P: 313.209.8851
**www.jamsadr.com**

Manage your case anytime, anywhere. **Register
now for JAMS Access**.
Follow us on **LinkedIn** and **Twitter**.

# Exhibit 2

# DEPOSIT REQUEST



**Invoice Date**
3/6/2023

**Invoice Number**
6564514

Bill To:   **Mr. Brian Berry Esq.**
**Morgan, Lewis & Bockius LLP**
**One Market, Spear Street Tower**
**28th Floor**
**San Francisco, CA 94105**
**US**

| | |
|---|---|
| **Reference #:** | **1601002006 - Rep# 4** |
| Billing Specialist: | **Mindiola, Nicholaus** |
| Email: | **nmindiola@jamsadr.com** |
| Telephone: | **949-224-4626** |
| Employer ID: | **68-0542699** |

RE: **Kamerman Twitter Cases**

Representing: **Twitter, Inc. ; X Holdings I, Inc. ; Elon Musk**

Neutral(s):   **JAMS 1-JAMS**

Hearing Type: **ARBITRATION**                        SN

| Date / Time | Description | Your Share |
|---|---|---|
| 3/6/23 | **JAMS INC**<br>Filing Fees 17 cases x $1,600/each | $ 27,200.00 |

| | |
|---|---|
| **Total Billed:** | **$ 27,200.00** |
| **Total Payment:** | **$ 0** |
| **Balance:** | **$ 27,200.00** |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:
**P.O. Box 845402**
**Los Angeles, CA 90084**

Overnight mail:
**18881 Von Karman Ave. Suite 350**
**Irvine, CA 92612**

# Exhibit 3

Kamerman Twitter Cases - JAMS Ref No. 1601002006

Sarah Nevins <snevins@jamsadr.com>

Tue 3/28/2023 5:47 AM

To: Akiva Cohen <acohen@kusklaw.com>;Dylan Schmeyer <dschmeyer@kusklaw.com>;Mike Dunford
<mdunford@kusklaw.com>;brian.berry@morganlewis.com
<brian.berry@morganlewis.com>;eric.meckley@morganlewis.com
<eric.meckley@morganlewis.com>;cullen.wallace@morganlewis.com
<cullen.wallace@morganlewis.com>;ashlee.cherry@morganlewis.com
<ashlee.cherry@morganlewis.com>;kassia.stephenson@morganlewis.com
<kassia.stephenson@morganlewis.com>

Cc: Kathryn Tewson <ktewson@kusklaw.com>;adele.doyle@morganlewis.com
<adele.doyle@morganlewis.com>

Good Morning Counsel.

The initial filing fees in the above referenced matters have now been paid.  I am writing to set an administrative
call in these matters.  Kindly reply to this email asto your availability for a call on:

Wednesday, March 29 anytime between 9:00 and 3:30 PM (Eastern)
Thursday, March 30 anytime between 9:00 and 3:30 PM (Eastern)
Friday, March 31 anytime between 9:00 and 3:30 PM (Eastern)
Monday, April 3 anytime between 9:00 and 3:30 PM (Eastern)
Tuesday, April 2 between 9:00 and 1:30 PM or 3:00 – 3:30 PM (Eastern)

Thank you,
Sarah



**Sarah Nevins**
Arbitration Practice Manager – East/Central

**JAMS** - *Local Solutions. Global Reach.*$^{TM}$
P: 313.209.8851
**www.jamsadr.com**

Manage your case anytime, anywhere. **Register
now for JAMS Access**.
Follow us on **LinkedIn** and **Twitter**.

# Exhibit 4

# DEPOSIT REQUEST



**Invoice Date**
4/7/2023

**Invoice Number**
6612772

Bill To: **Mr. Brian Berry Esq.**
**Morgan, Lewis & Bockius LLP**
**One Market, Spear Street Tower**
**28th Floor**
**San Francisco, CA 94105**
**US**

| **Reference #:** | **1601002006 - Rep# 4** |
|---|---|
| Billing Specialist: | **Mindiola, Nicholaus** |
| Email: | **nmindiola@jamsadr.com** |
| Telephone: | **949-224-4626** |
| Employer ID: | **68-0542699** |

RE: **Kamerman Twitter Cases**

Representing: **Twitter, Inc. ; X Holdings I, Inc. ; Elon Musk**

Neutral(s):   **JAMS 1-JAMS**

Hearing Type: **ARBITRATION**                    SN

| Date / Time | Description | Your Share |
|---|---|---|
| 4/7/23 | **JAMS INC**<br>Filing Fees 17 cases x $1,600/each | $ 27,200.00 |

| | |
|---|---|
| **Total Billed:** | $ 27,200.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 27,200.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

| Standard mail: | Overnight mail: |
|---|---|
| **P.O. Box 845402** | **18881 Von Karman Ave. Suite 350** |
| **Los Angeles, CA 90084** | **Irvine, CA 92612** |

# Exhibit 5

**Sender:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Recipient(s):** Meckley, Eric <eric.meckley@morganlewis.com>
**CC recipient(s):** Thomas Fowler <tfowler@llrlaw.com>, Stephenson, Kassia
<kassia.stephenson@morganlewis.com>, Berry, Brian D. <brian.berry@morganlewis.com>, Cherry, Ashlee N.
<ashlee.cherry@morganlewis.com>, Doyle, Adele <adele.doyle@morganlewis.com>
**Subject:** Re: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991
**Sent datetime:** 2023-02-06T23:57:04

The agreement says that JAMS rules will be followed, so if JAMS says the fees are due upon receipt, they're due upon receipt.

There are no filing fees due for the claimants whose arbitration agreements don't specify JAMS, so there is no reason for you not to have responded yet to my suggestions for arbitrators for the claims of Camacho, Kindel, and Mehta.

------------------------------
Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

On Feb 6, 2023, at 11:50 PM, Meckley, Eric <eric.meckley@morganlewis.com> wrote:

Shannon,
There are currently 3 of your plaintiffs for whom JAMS has issued an invoice (Cornet, De Caires and Pan).
Although JAMS states that the invoice is "due immediately", the deadline for payment is actually thirty (30) days
from issuance, which is February 22, 2023.   You may wish to impose your own unilateral "deadlines" for
payment but Twitter will comply with the actual statutory deadlines.
Thanks

**Eric Meckley**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1013 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
eric.meckley@morganlewis.com | www.morganlewis.com
Assistant: Adele Doyle | +1.415.442.1528 | adele.doyle@morganlewis.com

**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Monday, February 6, 2023 7:19 AM
**To:** Meckley, Eric <eric.meckley@morganlewis.com>
**Cc:** Thomas Fowler <tfowler@llrlaw.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Berry,
Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Doyle, Adele
<adele.doyle@morganlewis.com>
**Subject:** Re: Liss-Riordan Twitter Cases - JAMS Ref No. 1601001991

[EXTERNAL EMAIL]
Eric -

Twitter has not paid any arbitration filing fees, including those that were billed to you about two weeks ago, and
you've opposed starting arbitrations until we produce signed arbitration agreements, which we are now doing.

Also, in response to your request that I propose arbitrators for several initial cases where JAMS is not specified
and the parties are required to agree on their own to arbitrators, I gave you suggestions and asked for your
response in a week. That week passed on Friday with no response from you.

Unless you respond by tomorrow, committing that Twitter will pay this week the JAMS filing fees that are due, as
well as provide responses to my proposals for arbitrators for the cases where JAMS is not specified, I will report
to the court that Twitter is not participating in arbitration and that these cases should therefore all be able to
proceed in court.

------------------------------
Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 994-5800

# Exhibit 6

RE: Demands for Arbitration -- Multiple Claimants v. Twitter, Inc., X Holdings I, Inc., and Elon Musk, Respondents

Sarah Nevins <snevins@jamsadr.com>

Thu 3/2/2023 10:47 AM

To: Akiva Cohen <acohen@kusklaw.com>;Kathryn Tewson <ktewson@kusklaw.com>

Cc: brian.berry@morganlewis.com <brian.berry@morganlewis.com>;Dylan Schmeyer
<dschmeyer@kusklaw.com>;Mike Dunford <mdunford@kusklaw.com>;Ethan Jacobs
<ethan@ejacobslaw.com>;Kat Farley <kfarley@kusklaw.com>;Deborah Gaynor
<dgaynor@kusklaw.com>;Meckley, Eric <eric.meckley@morganlewis.com>; ashlee.cherry@morganlewis.com
<ashlee.cherry@morganlewis.com>;kassia.stephenson@morganlewis.com
<kassia.stephenson@morganlewis.com>

Good Afternoon Mr. Cohen.

Thank you for your email.  Please note that in cases with multiple filings, generally 25 or more but you have filed smaller batches, each batch will be addressed separately.  JAMS is currently awaiting the filing fees from Respondent regarding your first batch of filings.  As soon as that filing fee is received on behalf of Respondent JAMS will convene an administrative call to discuss these matters and administrative issued that need to be addressed by both sides including service lists etc.  This initial call will assist in guiding the administration of these matter moving forward.   Once Commencement letters have been issued for the first batch of filings, JAMS will issue filing fee invoices for the next group of filings.  If you have filed additional claims before this happens, we can group those filings all together for the next round.

If you would prefer to include the filing of February 24 in this first group, you would need to pay the filing fees and both the filing fees for the first batch and the second batch of cases would need to be paid by Respondent before we proceed.  Please let me know your preference.

Thank you,
Sarah



**Sarah Nevins**
Arbitration Practice Manager – East/Central

**JAMS - *Local Solutions. Global Reach.*** *TM*
P: 313.209.8851
**www.jamsadr.com**

Manage your case anytime, anywhere. **Register now for JAMS Access**.
Follow us on **LinkedIn** and **Twitter**.

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Thursday, March 2, 2023 1:31 PM
**To:** Kathryn Tewson <ktewson@kusklaw.com>; Sarah Nevins <snevins@jamsadr.com>
**Cc:** brian.berry@morganlewis.com; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford
<mdunford@kusklaw.com>; Ethan Jacobs <ethan@ejacobslaw.com>; Kat Farley <kfarley@kusklaw.com>; Deborah
Gaynor <dgaynor@kusklaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>;
ashlee.cherry@morganlewis.com <ashlee.cherry@morganlewis.com>; kassia.stephenson@morganlewis.com

**Subject:** RE: Demands for Arbitration -- Multiple Claimants v. Twitter, Inc., X Holdings I, Inc., and Elon Musk, Respondents

> **Caution:** This email originated from outside JAMS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Nevins, we have not seen a bill for these so that we can get the filing fees paid. If we missed it, please let me know.

Akiva M. Cohen
Kamerman Uncyk Soniker & Klein
1700 Broadway
New York, NY 10019
212-400-4930

---

**From:** Kathryn Tewson
**Sent:** Friday, February 24, 2023 11:16 PM
**To:** Sarah Nevins
**Cc:** Akiva Cohen; brian.berry@morganlewis.com; Dylan Schmeyer; Mike Dunford; Ethan Jacobs; Kat Farley; Deborah Gaynor; Meckley, Eric; ashlee.cherry@morganlewis.com; kassia.stephenson@morganlewis.com
**Subject:** Demands for Arbitration -- Multiple Claimants v. Twitter, Inc., X Holdings I, Inc., and Elon Musk, Respondents

Sarah,

Attached please find a spreadsheet containing these claimants' names and their locations, per your email. The individual demands for arbitration may be accessed at the following link for your convenience. Please let me know if there is any difficulty accessing these files.

https://kusklaw.sharefile.com/d-sab8953b11bc54439829856d3905bd28f

Kathryn Tewson, Paralegal

**Kamerman, Uncyk, Soniker & Klein P.C.**

206-940-3701

*Unless specifically set forth above, the transmission of this communication is not intended to be a legally binding electronic signature, and no offer, commitment or assent on behalf of the sender or its client is expressed or implied by the sending of this message, or any attachments.  This message and any attachments contain and are intended to be a confidential transmission of information or documents from Kamerman, Uncyk, Soniker & Klein P.C., which is legally privileged.  The materials or information enclosed are intended only for the use of the individual or entity to which this message is addressed.  If you are not the intended recipient, an addressee, or the person responsible for delivering this to an addressee, you are hereby notified that reading, using, disclosing, copying, or distributing any part of this message or the taking of any action in reliance on the contents of this transmission is strictly prohibited.  If you have received this transmission in error, please contact us immediately and take the steps necessary to delete the message completely from your computer system.  Thank you.*

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Ethan  Jacobs SBN 291838** | **(415) 275-0845** | |
| **Ethan Jacobs Law Corporation** | | |
| **100 Pine Street 1250** | | |
| **San Francisco, CA 94111** | | |
| ATTORNEY FOR   **Petitioner** | | |

| | FOR COURT USE ONLY |
|---|---|
| | **ELECTRONICALLY** |
| | **F I L E D** |
| | *Superior Court of California,* |
| | *County of San Francisco* |
| | **05/01/2023** |
| | **Clerk of the Court** |
| | **BY: YOLANDA TABO** |
| | ~~Deputy Clerk~~ |

| SHORT TITLE OF CASE: | |
|---|---|
| Sarah Anoke, et al. v. Twitter, Inc., et al. | |

| DATE: | TIME: | DEP./DIV. | CASE NUMBER: |
|---|---|---|---|
| | | | Not Applicable |

| **Proof of Service** | Ref. No. or File No: |
|---|---|
| | Sarah Anoke |

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the:

   NOTICE OF PETITION AND PETITION TO COMPEL ARBITRATION AWARD RELIEF UNDER CAL. CODE CIV . PROC. § 1281.97; DECLARATION OF AKIVA M. COHEN IN SUPPORT OF PETITIONERS' MOTION FOR AN ORDER COMPELLING ARBITRATION AND AWARDING RELIEF UNDER CAL. CODE CIV. PROC. § 1281.97; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION; NOTICE OF HEARING ON PETITION TO COMPEL ARBITRATION AND AWARD RELIEF UNDER CAL. CODE CIV . PROC. § 1281.97

2. Party Served: **Eric Meckley Morgan, Lewis & Bockius LLP**

3. Address: **1 Market St, Spear Street Tower San Francisco, CA 94105**

   On: **4/27/2023**          At: **02:53 PM**

4. I served the Party named in item 2
   By substituted service:
   **Vic Agustine (Gender: M Age: 50 Height: 5'8 Weight: 170 Race: Asian Hair: Black  Other: )**
   **Office Senior Clerk**

   (Business) A person at least 18 years of age apparently in charge at the office or usual place of business of the person served.
   I informed him or her of the general nature of the papers.

5. A declaration of diligence and/or mailing is attached, if applicable.

Person attempting service:

   a. Name: **David Andrew S. Escobedo**
   b. Address: **507 Polk Street Suite 320, San Francisco, CA 94102**
   c. Telephone number: **415-546-6000**
   d. **The fee** for this service was:
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**David Andrew S. Escobedo**                                    Date: **04/27/2023**