Ethan Jacobs (SBN 291838)
ethan@ejacobslaw.com
Ethan Jacobs Law Corporation
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Attorneys for Petitioners

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, and CRISTIAN ZAPATA, <br><br>Petitioners, <br><br>v. <br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X CORP, and ELON MUSK, <br><br>Respondents | Case No. 3:23-cv-02217-SI <br><br>**PETITIONERS' CIVIL LOCAL RULE 7-11 ADMINISTRATIVE RELIEF MOTION FOR ORDER REQUIRING RESPONDENTS TO COMPLY WITH CIVIL LOCAL RULE 3-15** <br><br>**[Civil Local Rule 3-15]** |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Civil Local Rule 7-11, Petitioners moves

for administrative relief asking that the Court order Respondents to comply with Civil Local

Rule 3-15 on the ground that Respondents' Rule 7.1 Corporate Disclosure Statement and

Certification Pursuant to Local Rule 3-15 (ECF No. 4) fails to comply with this rule. This

motion is submitted for immediate determination without a hearing. *See* Civil L.R. 7-11(c).

1

## I.    FACTUAL OVERVIEW

On May 5, 2023, Respondents removed this case from San Francisco County Superior Court to this Court, and on May 8 they filed a "Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15" (the "Disclosure") (ECF Nos. 1, 4; Declaration of Ethan Jacobs ("Jacobs Decl.") ¶ 2 & Ex. A). The Disclosure explains that Respondents Twitter, Inc. and X Holdings I, Inc. no longer exist and that Respondent X Corp. is wholly owned by X Holdings Corp. (Jacobs Decl. Ex. A). But it does not disclose who owns Respondent X Holdings Corp., stating instead that "there is no … interest (other than the named parties) to report." (*Id.*).

On May 9, 2023, Petitioners' counsel informed Respondents' counsel that the Disclosure was incomplete and requested that they file a corrected Disclosure. (*See* Jacobs Decl. ¶ 4 & Ex. B). Respondents' counsel responded with Petitioners' counsel about other issues but ignored the email about their incomplete Disclosure. (*Id.* ¶ 4). The email from Petitioners' counsel also sought a stipulation to an order compelling Respondents to submit a compliant Disclosure; the lack of response indicates no stipulation would be forthcoming. (*Id.* ¶¶ 4-5).

## II.    ARGUMENT

### A.    Respondents' Disclosure Does Not Comply With Local Rule 3-15

Civil Local Rule 3-15 "is designed to provide sufficient information for the presiding judge to make an informed determination regarding disqualification or recusal." *Stewart v. Screen Gems-EMI Music, Inc.*, No. 14-cv-04805-JSC, 2015 WL 13648928, at *1 (N.D. Cal. Jan. 13, 2015) (ordering defendant to file a disclosure that complies with Local Rule 3-15).

To that end, the rule states that the Certification of Conflicts and Interested Entities or Persons "must … disclose any persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding." Local Rule 3-15(b)(2).

1    Local Rule 3-15(b)(3) explains that "[f]or purposes of this Rule, the terms 'proceeding'

2    and 'financial interest' shall have the meaning assigned by 28 U.S.C. § 455 (d)(1), (3) and (4),

3    respectively." And 28 U.S.C. § 455 (d)(4) provides in turn:

4    
5    > (4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

6    
7    > (i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

8    
9    > (ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

10   
11   > (iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

12   
13   > (iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

14   

15       ***Someone*** owns Respondent X Holdings Corp. And because X Holdings Corp. is a

16   party, Local Rule 3-15 therefore requires it to disclose their identities. Petitioners respectfully

17   submit that the Court should order Respondents to comply with their disclosure obligations. As

18   in *Stewart*, "[a]ll that is sought here is to require [Respondents] to comply with the same Rules

19   with which every litigant that appears in the Northern District of California has to comply."

20   *Stewart*, 2015 WL 13648928, at *2.

21   

22   

23   

24   

25   

26   

27       ///

28   

2

1

**III.     CONCLUSION**

2          For the reasons set forth above, Petitioners respectfully request that the Court order

3     Respondents to comply with Civil Local Rule 3-15.

4

5     Dated:  May 11, 2023                          Respectfully submitted,

6                                                   ETHAN JACOBS LAW CORPORATION

7

8                                           By:  /s/ Ethan Jacobs

9                                                   Ethan Jacobs
                                                    Attorneys for Petitioners

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

---

MOTION FOR ADMINISTRATIVE RELIEF
Case No. 3:23-cv-02217-SI