Ethan Jacobs (SBN 291838)
ethan@ejacobslaw.com
Ethan Jacobs Law Corporation
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Attorneys for Petitioners

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, and CRISTIAN ZAPATA,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X CORP, and ELON MUSK,<br><br>Respondents | Case No. 3:23-cv-02217-SI<br><br>**DECLARATION OF ETHAN JACOBS IN SUPPORT OF PETITIONERS' CIVIL LOCAL RULE 7-11 ADMINISTRATIVE RELIEF MOTION FOR ORDER REQUIRING RESPONDENTS TO COMPLY WITH CIVIL LOCAL RULE 3-15** |

I, Ethan Jacobs, declare as follows:

1. I am a partner at Ethan Jacobs Law Corporation, counsel of record for Petitioners Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Carlos Moises Ortiz Gomez, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, and Cristian Zapata (collectively, "Petitioners") in this action. I am licensed to practice in the State of California. I submit this declaration in support of Petitioners' Civil Local Rule 7-11 Administrative Relief Motion for Order Requiring Respondents to Comply with Civil Local Rule 3-15. I have

1

personal knowledge of the facts set forth in this declaration and, if necessary, I could and would competently testify to those facts.

2. **Exhibit A**, attached, is a true and correct copy of Respondents' Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15, filed on May 8, 2023 (the "Disclosure").

3. Civil Local Rule 3-15 requires parties to disclose the identity of any individual or entity with "a financial interest ... in a party to the proceeding." Yet the Disclosure fails to disclose the identity of any individuals or entities that own X Holdings Corp., a privately held corporation.

4. **Exhibit B**, attached, is a true and correct copy of a May 9, 2023 email from me to Respondents' counsel. As of the time of filing, Respondents' counsel has corresponded with me about other issues but has not responded to that email.

5. As indicated in Exhibit B, a Civil Local Rule 7-12 stipulation could not be obtained for the requested administrative relief because Respondents refused to respond to my inquiry, and so have not agreed to the requested relief.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 11th day of May 2023 in San Francisco, California.

*/s/ Ethan Jacobs*
Ethan Jacobs

# Exhibit A

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.; X
HOLDINGS CORP.; X CORP.; ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS, CORP, X CORP, AND ELON MUSK,<br><br>Respondents. | Case No. 3:23-cv-02217<br><br>**RESPONDENTS' RULE 7.1 CORPORATE DISCLOSURE STATEMENT AND CERTIFICATION PURSUANT TO LOCAL RULE 3-15** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' RULE 7.1 CORP
DISCLOSURE STMT
Case No. 3:23-cv-02217

Pursuant to Northern District of California Civil Local Rule 3-15 and Rule 7.1 of the Federal Rules of Civil Procedure, Respondent X Corp. as successor in interest to named Respondent Twitter, Inc., by and through its counsel, certifies that Twitter, Inc. has been merged into X Corp. and no longer exists. Respondent X Holdings Corp., as successor in interest to named Respondent X Holdings I, Inc., by and through its counsel, certifies that X Holdings I, Inc. has been merged into X Holdings Corp. and no longer exists. X Corp. is wholly owned by X Holdings Corp. No publicly held corporation owns 10% or more of X Corp.'s or X Holdings Corp.'s stock.

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

Dated: May 8, 2023

MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Eric Meckley
Eric Meckley
Brian D. Berry
Ashlee N. Cherry
Kassia Stephenson
Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.; X HOLDINGS CORP.; X CORP.; ELON MUSK

DB2/ 45098839.1

# Exhibit B

# Ethan Jacobs

| | |
|---|---|
| **From:** | Ethan Jacobs |
| **Sent:** | Tuesday, May 9, 2023 12:07 PM |
| **To:** | Meckley, Eric |
| **Cc:** | brian.berry@morganlewis.com; ashlee.cherry@morganlewis.com; kassia.stephenson@morganlewis.com; Akiva Cohen; Dylan Schmeyer; Kathryn Farley; Kathryn Tewson; Lane Haygood; Mike Dunford |
| **Subject:** | Anoke, et al. v. Twitter, Inc. et al., N.D. Cal. Case No.: 3:23-cv-02217 |

Eric,

The Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 you filed yesterday is incomplete. The disclosure statement explains that Twitter, Inc. and X Holdings I, Inc. no longer exist, and that X Corp. is wholly owned by X Holdings Corp. But it does not disclose who owns X Holdings Corp., stating instead that "there is no … interest (other than the named parties) to report."

Local Rule 3-15(b)(2) requires disclosure of anyone "other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding." Rule 3-15(b)(3) explains that "[f]or purposes of this Rule, the terms 'proceeding' and 'financial interest' shall have the meaning assigned by 28 U.S.C. § 455 (d)(1), (3) and (4), respectively." And 28 U.S.C. § 455 (d)(4) provides in turn:

> (4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:
> (i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;
> (ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;
> (iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;
> (iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

Someone owns X Holdings Corp., but Respondents' disclosure and certification does not say who. Respondents must identify them to comply with Local Rule 3-15 and permit the assigned judge to determine whether she should disqualify herself.

Given your recent practice of ignoring my firm's communication, I ask that you respond to this email by 10:00 am tomorrow to confirm that Respondents will file a corrected disclosure before the end of the week. Otherwise, Petitioners will take your non-response as a refusal to do so and as a refusal to stipulate to an order compelling Respondents to submit a compliant disclosure.

Thank you,
Ethan

**Ethan Jacobs**
415.275.0845
100 Pine St., Suite 1250

San Francisco, CA 94111
ejacobslaw.com