MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.; X HOLDINGS CORP.; X CORP.; ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS, CORP, X CORP, AND ELON MUSK,<br><br>Respondents. | Case No. 3:23-cv-02217-SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RESPONDENTS' OPPOSITION TO PETITION TO COMPEL ARBITRATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1281.97** |

In accordance with Federal Rule of Evidence 201, Respondents respectfully request that this Court take judicial notice of the documents described below and attached as Exhibits to this Request for Judicial Notice.

Federal Rule of Evidence Section 201 ("Rule 201") allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. § 201(b). The Court "must take judicial notice if a party request it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Records of proceedings in other courts are the proper subject of judicial notice. *See E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, 2005 WL 2435900, at *6 (E.D. Cal. Sept. 30, 2005) ("A district court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence . . . of orders or decisions or proceedings of any federal or state court.") (internal citation omitted); *see also Louie v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1156 n.4 (C.D. Cal. 2006) (taking judicial notice of Los Angeles Superior Court order granting defendant's motion for judgment on the pleadings); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (judicial notice taken of complaints in related actions).

Judicial notice of the below-referenced documents is proper as they are records of California state Superior Courts. Pursuant to the aforementioned authority, Respondents respectfully requests that the Court take judicial notice of the following documents:

**Exhibit A**: Attached as Exhibit "A" is a true and correct copy of a March 3, 2023, order issued by Santa Clara County Superior Court Judge Sunil R. Kulkarni in the matter entitled *Morales v. Midland Credit Management, Inc., et al.*, Case No. 19CV356585.

**Exhibit B**: Attached as Exhibit "B" is a true and correct copy of an August 14, 2020, order issued by Orange County Superior Court Judge Robert J. Moss in the matter entitled *Loeffler vs. DeMars & Assocs, Ltd.*, Case No. 30-2017-00923227-CU-BT-CJC.

/ / /

1   **Exhibit C**: Attached as Exhibit "C" is a true and correct copy of a July 24, 2020, order issued by San Diego County Superior Court Judge Carolyn Caietti in the matter entitled *Caballos v. Convoy Motors LLC*, No. 37-2019-00056119-CU-CO-CTL.

Dated: May 11, 2023                MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Eric Meckley*
Eric Meckley
Brian D. Berry
Ashlee N. Cherry
Kassia Stephenson

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; ELON MUSK

DB2/ 45693725.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

RESPONDENTS' RJN ISO OPPOSITION
TO PETITION TO COMPEL
ARBITRATION
CASE NO. 3:23-cv-02217-SI

# EXHIBIT A

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/3/2023 1:22 PM
Reviewed By: R. Walker
Case #19CV356585
Envelope: 11342300

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| EDWARD RAZO MORALES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>　　　　Defendants. | Case No.: 19CV356585<br><br>**ORDER CONCERNING PLAINTIFF'S MOTION TO RECONSIDER RULING ON PLAINTIFF'S MOTION TO VACATE ORDER COMPELLING ARBITRATION** |

　　　　This action concerns alleged unlawful debt collection practices by Defendant Midland Credit Management, Inc. ("MCM") in connection with consumer credit accounts. In an order filed on December 11, 2020, the Court granted MCM's unopposed petition to compel arbitration, stayed the matter pending arbitration of Plaintiff Edward Razo Morales's individual claim, and dismissed his putative class claim. Mr. Morales opened an arbitration proceeding with the American Arbitration Association, but that proceeding was dismissed on September 1, 2021 due to MCM's failure to pay the initial arbitration fees while the parties finalized a settlement.

　　　　On February 16, 2022, citing Code of Civil Procedure section 1281.98 ("Section 1281.98"),[1] Plaintiff moved to "reinstate" the class claim in this action, deem the matter

---

[1] That section provides in relevant part:

1

1  complex, and reassign it to Department 1.  In an order filed on June 3, 2022 ("June Order"), the
2  Court denied his motion, noting that Plaintiff did "not clearly explain his contention that Section
3  1281.98 not only authorizes him to proceed with his individual claim in court, but provides
4  authority for the Court to 'reinstate' his class claim."  The Court went on to hold that Section
5  1281.98 did not apply in any event, because the parties' arbitration agreement selected federal
6  procedural law.  (See *Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337,
7  346 (*Victrola*) ["when an agreement provides that its 'enforcement' shall be governed by the
8  FAA, the FAA governs a party's motion to compel arbitration" and other procedural issues].)
9       Now, Plaintiff brings a motion for "reconsideration" of the June Order, which he
10 characterizes as having denied his "request to vacate the Court's previous order compelling the
11 matter to arbitration."  [2]  He explains:

   **(a)**

   **(1)** In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach.

   **(2)** The arbitration provider shall provide an invoice for any fees and costs required for the arbitration proceeding to continue to all of the parties to the arbitration. … Any extension of time for the due date shall be agreed upon by all parties.

   **(b)** If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may unilaterally elect to do any of the following:

   **(1)** Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction.  If the employee or consumer withdraws the claim from arbitration and proceeds with an action in a court of appropriate jurisdiction, the statute of limitations with regard to all claims brought or that relate back to any claim brought in arbitration shall be tolled as of the date of the first filing of a claim in any court, arbitration forum, or other dispute resolution forum. …

---

[2] While unnecessary, the Court GRANTS Plaintiff's request for judicial notice of the June Order and related filings in this case. (Evid. Code, § 452, subd. (d).)

2

|   |   |
|---|---|
| 1 | The grounds for the motion is a change in the law after June 3, 2022. Specifically, |
| 2 | on July 25, 2022, the California Court of Appeal issued its published opinion in |
| 3 | *Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal.App.5th 621 ["*Gallo*")]. *Gallo* |
| 4 | held that the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq, does not preempt |
| 5 | Code of Civil Procedure § 1281.98, as that section of the California Arbitration |
| 6 | Act is procedural in nature, and does not outright prohibit or subtly discourage |
| 7 | arbitration. See *Gallo, supra*, at pp. 634 n.4, and 641-42. In that the FAA did not |
| 8 | preempt California procedural law, the Court should have instead conducted a |
| 9 | choice-of-law analysis between California procedural law and Nevada procedural |
| 10 | law. Under such an analysis, California procedural law would prevail. |

MCM opposes Plaintiff's motion on various grounds. The Court issued a tentative ruling on March 1, 2023, which no one contested at the hearing on March 2. The Court now issues its final order, which DENIES Plaintiff's motion.

## I.   LEGAL STANDARD

While styled a motion for reconsideration, Plaintiff cites Code of Civil Procedure section 1008, subdivision (b) in support of its motion. Under that provision,

> [a] party who originally made an application for an order which was refused in whole or part … may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown.

"The statutory provisions relating to motions for renewal (i.e., subsequent applications for the same order)," unlike those governing motions for reconsideration, "contain no requirement that a motion for renewal be made within" a particular time period. (*Graham v. Hansen* (1982) 128 Cal.App.3d 965, 970–971.) Similarly, subdivision (c) of section 1008 allows the Court to reconsider a prior order at any time if it determines that there has been a change of law that warrants reconsideration. (See *Int'l Ins. Co. v. Superior Court* (1998) 62 Cal.App.4th

3

784, 787 [denying petition for writ of mandate where trial court reconsidered summary adjudication ruling based on two newly published cases].)

## II. DISCUSSION

In opposition to Plaintiff's motion, MCM correctly urges that Plaintiff is not really seeking the "same order" that he sought in his February motion. That motion sought an order "reinstating this class action case, deeming this case complex, and reassigning this action back to Department 1…." (Not. of Mot., p. 1.) Still, the Court can always reconsider its prior orders if there is a relevant change in law. (See Code Civ. Proc., § 1008, subd. (c).)

However, having reviewed *Gallo*, the Court concludes that it does not impact the reasoning of the June Order or the outcome of Plaintiff's prior motion. As urged by MCM, *Gallo* held that the FAA does not *preempt* Section 1281.98 where the parties' arbitration agreement expressly provided that the California Arbitration Act ("CAA") governed procedural aspects of their dispute:

> The agreement … specifies that the arbitrator is to "apply applicable California and/or federal substantive law to determine issues of liability and damages regarding all claims," but is to look to the "California Arbitration Act … to conduct the arbitration and any pre-arbitration activities." The employee handbook reinforces the parties' agreement that they will look to the California Arbitration Act, including its "procedural provisions," "to conduct the arbitration and any pre-arbitration activities."

(*Gallo, supra*, 81 Cal.App.5th at p. 630.) In finding that the FAA did not preempt Section 1281.98 under these circumstances, *Gallo* repeatedly emphasized the parties' selection of the CAA's procedural provisions to govern their dispute. (See *id.* at pp. 642 [relevant provisions are "functionally indistinguishable from other provisions of the CAA … that have been repeatedly found *not* to be preempted by the FAA, at least where, as here, the parties have agreed to incorporate the CAA into their agreement to arbitrate"; applying these provision honors the parties' intent "because the parties in this case signed an arbitration agreement that incorporated

the 'California Arbitration Act … to conduct the arbitration and any pre-arbitration activities' "], p. 643 ["[h]ere, the parties have expressed their intent to incorporate the CAA…"].)

Here, the June Order found that the parties agreed that the procedural aspects of the FAA would apply to their dispute. *Gallo* does not impact that conclusion.

Nor does *Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761 (*Espinoza*).[3] While *Espinoza* agreed with *Gallo* that the FAA did not *preempt* Code of Civil Procedure section 1281.97 (see *id.* at p. 771), it similarly addressed an agreement that incorporated the CAA—just not expressly. *Espinoza* explained that "because we conclude the arbitration agreement in the instant case incorporates the CAA by default," this was not a basis to distinguish *Gallo*. (*Id.* at p. 785.) Again, here, the parties expressly incorporated the procedural aspects of the FAA. (See *Belyea v. GreenSky, Inc.* (N.D.Cal. Oct. 26, 2022, No. 20-cv-01693-JSC) 2022 U.S.Dist.LEXIS 195077, at *22, fn. 6 [distinguishing *Gallo* and *Espinoza* because in those cases, "the parties agreed to incorporate the CAA into the arbitration agreement"].)

Similarly, *De Leon v. Juanita's Foods* (2022) 85 Cal.App.5th 740 addressed an agreement to which California procedural law applied. (See *id.* at p. 746 ["the arbitration agreement was 'governed by the [Federal Arbitration Act, 9 U.S.C. § 1 et seq.] and, to the extent not inconsistent with or preempted by the FAA, by the laws of the state of California … ' "].) And *Williams v. West Coast Hospitals, Inc.* (2022) 86 Cal.App.5th 1054 applied California procedural law without discussing the issue or the language of the agreement at issue.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Date:   March 3, 2023

The Honorable Sunil R. Kulkarni
Judge of the Superior Court

---

[3] The Court GRANTS Plaintiff's request for judicial notice of the opinion in *Espinoza*, which was submitted with his reply brief. (Evid. Code, § 452, subd. (d).)

5

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 08/14/2020                     TIME: 09:00:00 AM          DEPT: C14
JUDICIAL OFFICER PRESIDING: Robert J. Moss
CLERK: Joanne M Schwartz
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Kosal Thach

CASE NO: **30-2017-00923227-CU-BT-CJC**   CASE INIT.DATE: 05/31/2017
CASE TITLE: **Loeffler vs. DeMars & Associates, LTD**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Business Tort

EVENT ID/DOCUMENT ID: 73283950
**EVENT TYPE:** Motion for Sanctions
MOVING PARTY: Jennifer Loeffler
CAUSAL DOCUMENT/DATE FILED: Motion for Sanctions, 05/26/2020

EVENT ID/DOCUMENT ID: 73331937
**EVENT TYPE:** Motion for Sanctions
MOVING PARTY: Jennifer Loeffler
CAUSAL DOCUMENT/DATE FILED: Motion for Sanctions Monetary, 05/26/2020

EVENT ID/DOCUMENT ID: 73331938
**EVENT TYPE:** Motion for Reconsideration
MOVING PARTY: Professional Warranty Service Corporation
CAUSAL DOCUMENT/DATE FILED: Motion for Reconsideration, 05/26/2020

**APPEARANCES**
Carlos Yguico, from Gemmill, Baldridge & Yguico, LLP, present for Defendant(s) telephonically.

Tentative Ruling posted on the Internet .

Prior to court convening, plaintiff submitted on the tentative ruling.

The court hears and considers oral argument from defendant and thereafter confirms the tentative ruling as follows:

1.  Defendant's motion for reconsideration.   **Motion denied.**

PWC has framed this motion as a motion for reconsideration brought pursuant to Code of Civil Procedure section 1008, subdivision (b) (section 1008(b)), but what PWC is actually attempting to do here is contest and enjoin the arbitration tribunal's (JAMS) present determination, over PWC's objection, that the "JAMS Policy on Consumer Arbitration Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness" applies and governs the allocation of the costs of arbitration. (See Yguico Decl. ¶¶ 12-17, Exs. 10-14.)

PWC is not making a subsequent application for the same order as its prior motions to compel arbitration and stay litigation granted on 5/31/19. Those prior motions never requested an order requiring the parties

CASE TITLE: Loeffler vs. DeMars & Associates, LTD        CASE NO: **30-2017-00923227-CU-BT-CJC**

Case 3:23-cv-02217-SI   Document 22   Filed 05/11/23   Page 12 of 16

to equally split the costs of arbitration, or asked the court to consider or determine the same. (See ROA Nos. 208, 213.) Thus, section 1008(b) does not apply.

Further, even if section 1008(b) did apply (it does not), PWC has also failed to demonstrate any new or different facts, circumstances, or law that warrant reconsideration of the court's original ruling on 5/31/19. All facts and circumstances under which PWC may have been entitled to the relief sought by those motions were known to PWC at the time they were filed, and PWC has failed to demonstrate otherwise.

Independently, the motion also fails because " '[o]nce a court grants [a] petition to compel arbitration and stays the action at law, the action at law sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration' to determine, upon conclusion of the arbitration proceedings, whether an award on the merits requires dismissal of the legal action." (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1096, quoting *Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1796; see also *MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 661 [holding trial court erred in lifting the stay of proceedings after ordering parties to arbitration in order to consider whether one of the parties could not afford to arbitrate].)

The allocation of arbitration costs between the parties is one such matter that has been submitted to arbitration, and the court would exceed its vestigial jurisdiction over the matter by lifting the stay of proceedings in this case and interfering with the arbitrator's jurisdiction to determine this issue.

2.  Plaintiff's motions for sanctions pursuant to Code of Civil Procedure sections 1281.98 and 1281.99. **Motions denied.**

As an initial matter, this motion is not, as PWC contends, a motion for reconsideration. On 5/31/19, the court granted PWC's motion to compel arbitration by ordering plaintiff and PWC to arbitrate their claims in this action before JAMS. The court also granted PWC's motion to stay proceedings by staying the action as to PWC. At no point in doing so did the court order the parties to equally split the costs of arbitration or order the arbitration to proceed pursuant to any particular set of JAMS rules. (See 5/31/19 Minute Order [ROA No. 291].)

In fact, PWC never even requested an order requiring the parties to split the costs of arbitration. (See ROA Nos. 208, 213.) And while PWC did, in its motion to stay proceedings, ask for an order requiring the arbitration to proceed pursuant to the JAMS Comprehensive Arbitration Rules and Procedures (ROA No. 213), the court did not in fact actually grant such an order and certainly never issued one. (See 5/31/19 Minute Order.)

Needless to say, the court also never considered whether plaintiff is entitled to relief under Code of Civil Procedure sections 1281.98 or 1281.99—which, as applicable here, can only apply once an arbitration proceeding has commenced and the drafting party has failed to pay certain fees and costs of arbitration—in conjunction with PWC's motions to *compel* arbitration and stay proceedings, or at any other point in this litigation.

That having been said, the court finds that the Federal Arbitration Act (FAA) preempts Code of Civil Procedure sections 1281.98 and 1281.99 in this case.

The FAA governs the enforcement and interpretation of the parties' arbitration agreement here because it expressly provides that the FAA, without any particular limitation, shall apply. (See Third Amended Complaint at Ex. C [Home Builder's Limited Warranty, pp. 8-10]; see also *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, 1122; *Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337, 345-350 (*Victrola 89*).)

"The FAA makes arbitration agreements 'valid, irrevocable, and enforceable, save upon such grounds as

CASE TITLE: Loeffler vs. DeMars & Associates, LTD    CASE NO: **30-2017-00923227-CU-BT-CJC**

Case 3:23-cv-02217-SI   Document 22   Filed 05/11/23   Page 13 of 16

exist at law or in equity for the revocation of any contract.' 9 U.S.C. § 2. That statutory provision establishes an equal-treatment principle: A court may invalidate an arbitration agreement based on 'generally applicable contract defenses' like fraud or unconscionability, but not on legal rules that 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.' *AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 339, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011)." (*Kindred Nursing Centers Ltd. Partnership v. Clark* (2017) 137 S.Ct. 1421, 1426 (*Kindred*).) "[C]ourts must place arbitration agreements on an equal footing with other contracts ... and enforce them according to their terms." (*AT&T Mobility LLC v. Concepcion, supra,* 563 U.S. at p. 339.) "**Therefore, if any state rule 'singles out arbitration,' it is preempted by the FAA**." (*Chamber of Commerce of United States v. Becerra* (E.D. Cal. 2020) 438 F.Supp.3d 1078, 1095-1096 (*Chamber of Commerce*), citing *Kindred, supra,* 137 S.Ct. at p. 1425.) Further, " '[a] state procedural statute or rule that frustrate[s] the effectuation of section 2 [of the FAA]'s central policy would, where the federal law applie[s], be preempted by the [FAA].' (*Rosenthal v. Great Western Fin Securities Corp.* (1996) 14 Cal.4th 394, 408, 58 Cal.Rptr.2d 875, 926 P.2d 1061.)" (*Victrola 89, supra,* 46 Cal.App.5th at p. 355.)
.
Here, there is no question that Code of Civil Procedure sections 12981.98 and 1281.99 "single[] out arbitration" on their face. They explicitly apply only to consumer and employee *arbitrations* and effectively discriminate against such arbitrations. Section 1281.98 specifically establishes—both as a matter of law and only in regards to certain types of *arbitration*—that if the drafting party fails to make any required payment (no matter how big, small, or de minimus) within 30 days of the due date, the drafting party is in material breach of the arbitration agreement, in default of the arbitration, and waives its right to arbitration. (Code Civ. Proc., § 1281.98, subd. (a).) Section 1281.98, as well as section 1281.99, further impose a number of penalties, including mandatory monetary sanctions and permissive evidentiary and related sanctions against the drafting party, in the event of such failure to pay. (See Code Civ. Proc., § 1281.98, subds. (b)-(d), 1281.99.)

These statutes do not put arbitration agreements on an equal plane with other contracts, where such a failure to pay would not necessarily constitute a material breach, default, or waiver of the agreement. They effectively invalidate an arbitration agreement on legal rules that apply only to certain types of arbitration. They further punish the defaulting drafting party by mandating sanctions against that party, regardless of the merits of the case or its eventual outcome. Given the foregoing, it is hard to see how these statutes do *not* single out arbitration contracts for disfavored treatment. As discussed above, a state statute or rule that discriminates against arbitration is preempted by the FAA. "[A] court may invalidate an arbitration agreement based on 'generally applicable contract defenses' like fraud or unconscionability, **but not on legal rules that 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue**.' " (*Kindred, supra,* 137 S.Ct. at pp. 1425-1426; see also *Chamber of Commerce, supra,* 438 F.Supp.3d at pp. 1095-1096.)

The court therefore finds the FAA preempts Code of Civil Procedure sections 1281.98 and 1281.99 in this case.

Defendant to give notice.

# EXHIBIT C

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 07/24/2020                TIME: 02:52:00 PM        DEPT: C-65
JUDICIAL OFFICER PRESIDING: Carolyn Caietti
CLERK:  Ryan A Willis
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2019-00056119-CU-CO-CTL**  CASE INIT.DATE: 10/22/2019
CASE TITLE: **Ceballos vs Convoy Motors LLC [IMAGED]**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Contract - Other

**APPEARANCES**

The Court, having taken the above-entitled matter under submission on 07/24/2020 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

The court, after taking this matter under submission, now rules as follows:

Plaintiffs Raquel and Jesus Ceballos' Motion for Attorney's Fees, Costs, Interest, and Terminating Sanctions Pursuant to Code of Civil Procedure §§ 1281.97, 1281.98, and 1281.99 is DENIED. (ROA 27.)

At the outset, the court observes default was entered against Defendant Travelers Casualty and Surety Company of America on January 24, 2020 in error, when Travelers had in fact filed a General Denial two days prior on January 22, 2020. (ROA 18, 52.) Accordingly, the court, on its own motion, sets the default against Travelers aside. The default was identified as ROA 51 in the court's tentative ruling and as ROA 48 at hearing, but it is located at ROA 52.

As to Defendant Convoy Motors, LLC, the court observes default has already been entered against this party. (ROA 51.) Accordingly, as to this Defendant, the motion is moot.

As to Defendant Travelers, the motion is denied.

The basis of Plaintiffs' assertion that Defendants are subject to arbitration is a Conditional Sale Contract and Security Agreement. (Klitzke Decl., Ex. 5.) This contract is supported only by counsel's declaration and therefore it has not been properly authenticated nor is there adequate foundation for this document. Traveler's objections to the contract are sustained.

Travelers is also not a party to the Agreement. Even if the court were to find Travelers were bound by the Agreement, the Agreement states it is to be governed by the Federal Arbitration Act (FAA), whereas the basis of Plaintiffs' claim for fees and costs is found under the California Arbitration Act (CAA). (Code Civ. Proc. §§ 1281.97-1281.99.) The court is not convinced these provisions of the CAA are not

preempted by the FAA. However, even assuming they are not preempted, Plaintiffs have not adequately demonstrated Travelers is a "drafting party" within the meaning of the statutes. The court further observes the facts which are the subject of Plaintiffs' motion occurred in March 2019 through July 2019. Plaintiffs have not sufficiently demonstrated the statutes, which became operative January 1, 2020, may be applied retroactively.

Finally, Plaintiffs seek terminating sanctions, citing Code of Civil Procedure section 2023.030. This request is apparently based on discovery requests propounded by Plaintiffs in arbitration. Plaintiffs have not sufficiently demonstrated the Code would apply to discovery requests issued in arbitration. Moreover, Plaintiffs did not attach copies of the discovery requests, and counsel's declaration states they were only issued to Convoy Motors, a defaulted party. For all these reasons, the request for terminating sanctions is denied. The court further observes that terminating sanctions, even for failure to respond to discovery, are a drastic remedy. Seeking terminating sanctions as a first measure is contrary to the Code's incremental approach to discovery sanctions. (<u>J.W. v. Watchtower Bible and Tract Society of New York, Inc.</u> (2018) 29 Cal.App.5th 1142, 1169 (citations omitted).)

_____
Judge Ronald F. Frazier