MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS, CORP, X CORP, AND ELON MUSK,<br><br>Respondents. | Case No. 3:23-cv-02217-SI<br><br>**RESPONDENTS' OPPOSITION TO PETITIONERS' ADMINISTRATIVE RELIEF MOTION FOR ORDER REQUIRING RESPONDENTS TO COMPLY WITH CIVIL LOCAL RULE 3-15** |

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

RESPONDENTS' OPPOSITION TO
PETITIONERS' ADMIN. RELIEF
MOTION RE: CIV. L-R 3-15
Case No. 3:23-cv-02217-SI

## I. INTRODUCTION

This Motion is the latest in a series of frivolous filings by Petitioners' counsel and serves two strategic purposes. First, this Motion is a transparent tactical gambit to increase Petitioners' attorneys' fees – something that Petitioners are separately seeking an Order to compel Twitter to pay. *See* ECF No. 1-1, Petition to Compel Arbitration Award Relief Under Cal. Code Civ. Proc. § 1281.97. Second, Petitioners are using this Motion as an artifice to conduct irrelevant and harassing discovery regarding Respondent X Holdings Corp. This Court should not reward such gamesmanship. Respondents' Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 (the "Disclosure") is compliant with both Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15. Accordingly, the Court should deny Petitioners' Civil Local Rule 7-11 Administrative Relief Motion for Order Requiring Respondents to Comply with Civil Local Rule 3-15.

## II. ARGUMENT

### A. Respondents' Corporate Disclosure Statement Complies with Federal Rule of Civil Procedure Rule 7.1 and Civil Local Rule 3-15.

Rule 7.1 of the Federal Rules of Civil Procedure solicits "information [to] support properly informed disqualification decisions" by the Court. F.R.C.P. 7.1, Committee Notes on Rules – 2002. A corporate party must file a statement with the Court that either "identif[ies] any parent corporation and any publicly held corporation owning 10% or more of its stock" or "states that there is no such corporation." F.R.C.P. 7.1(a)(1). <u>Rule 7.1 does not require any further disclosures.</u> Indeed, "[i]t has not been feasible to dictate more detailed disclosure requirements in Rule 7.1(a)." *See* F.R.C.P. 7.1, Committee Notes on Rules – 2002. Not only do "[u]nnecessary disclosure requirements place a burden on the parties and on courts," but "[u]nnecessary disclosure of volumes of information may create a risk that a judge will overlook the one bit of information that might require disqualification." *Id.* Further, "[u]nnecessary disclosure … also may create a risk that unnecessary disqualifications will be made." *Id.*

Here, Respondents have made the fully compliant disclosures under Rule 7.1:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

RESPONDENTS' OPPOSITION TO
PETITIONERS' ADMIN. RELIEF
MOTION RE:  CIV. L-R 3-15
Case No. 3:23-cv-02217-SI

Twitter, Inc. has been merged into X Corp. and no longer exists.  Respondent X Holdings Corp., as successor in interest to named Respondent X Holdings I, Inc., by and through its counsel, certifies that X Holdings I, Inc. has been merged into X Holdings Corp. and no longer exists.  X Corp. is wholly owned by X Holdings Corp.  **No publicly held corporation owns 10% or more of X Corp.'s or X Holdings Corp.'s stock.**  (Emphasis.)

Nothing further is required by Rule 7.1.

Respondents' Disclosure also complies with Civil Local Rule 3-15, which states in relevant part:

> The Certification must also disclose any persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or any other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Like Rule 7.1, Civil Local Rule 3-15 is intended to aid the Court in determining whether any potential conflicts of interest exist that would lead the assigned Judge to recuse him or herself.  *See* N.D. Cal. Civil L-R 3-15(b)(1) ("The Certification must disclose whether the party is aware of any conflict, financial or otherwise, that the presiding judge may have with the parties to the litigation.")  Respondents have done so.

The single case cited by Petitioners is not to the contrary, as that case is distinguishable on its facts.  *See Stewart v. Screen Gems-EMI Music, Inc.*, No. 14-CV-04805-JSC, 2015 WL 13648928 (N.D. Cal. Jan. 13, 2015).  In *Stewart*, the defendants submitted a corporate disclosure statement that stated that the "Defendants are all partially owned, ***indirect subsidiaries*** of Sony Corporation, a publicly-traded company organized under the laws of Japan.  No publicly traded company other than Sony Corporation owns more than 10% of their stock."  *Id.* at *1 (emphasis added).  The plaintiff in *Stewart* claimed the corporate disclosure statement was inadequate because "it fail[ed] to disclose the Defendants' parent corporations or other corporations with a financial interest in Defendants."  *Id.*  The plaintiff specifically pointed to emails from defense counsel indicating that one of the defendants was "wholly owned by another corporation," which was "wholly owned by another corporation, and that [the] chain of ownership continue[d] for

several levels." *Id.* The court found that "[a] plain reading of the Federal Rule results in a simple directive: disclose 'any parent corporation[]' . . . [and [i]f there is no parent corporation, then the disclosure shall so state." *Id.* at *2. The court further held that "Civil Local Rule 3-15 is also clear: the disclosure must identify other entities that have 'a financial interest (of any kind) ... in a party to the proceeding[]'" and that the defendants "admit[ted] that they did not do so." *Id.* Here, by contrast, Respondents have disclosed any and all relevant parent corporations. Unlike the *Stewart* defendants, Respondents do not contend that they are "indirect subsidiaries" of a corporation; rather, Respondents clearly and unequivocally stated that "X Corp. is wholly owned by X Holdings Corp" and that "[n]o publicly held corporation owns 10% or more of X Corp.'s or X Holdings Corp.'s stock." This statement complies with Civil Local Rule 3-15.

Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not serve Claimants; they serve the Court and its interests in avoiding conflicts of interest. Because Respondents have made compliant disclosures that afford this Court the opportunity to assess whether any conflict of interest exists, it is apparent that Petitioners' Motion is simply a tactical maneuver intended to harass Respondents, increase Petitioners' attorneys' fees (which they seek to recover via another frivolous filing pending before this Court) and to conduct impermissible discovery regarding Respondent X Holdings Corp. The Court should not indulge Petitioners' efforts to inflate fees in this case and obtain information to which they are not entitled.

### III. CONCLUSION

For the foregoing reasons, Respondents request that this Court deny Petitioners' Motion for Administrative Relief.

Dated: May 15, 2023         MORGAN, LEWIS & BOCKIUS LLP

                            By   */s/ Eric Meckley*
                                 Eric Meckley
                                 Brian D. Berry
                                 Ashlee N. Cherry
                                 Kassia Stephenson

                                 Attorneys for Respondents
                                 TWITTER, INC.; X HOLDINGS I, INC.;
                                 X HOLDINGS CORP.; X CORP.; ELON MUSK

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

RESPONDENTS' OPPOSITION TO
PETITIONERS' ADMIN. RELIEF
MOTION RE: CIV. L-R 3-15
Case No. 3:23-cv-02217-SI