MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA,<br><br>                    Petitioners,<br><br>         v.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS, CORP, X CORP, AND ELON MUSK,<br>                    Respondents. | Case No. 3:23-cv-02217-SI<br><br>**RESPONDENTS' OBJECTIONS TO PETITIONERS' LATE-FILED REPLY AND REQUEST TO STRIKE REPLY EVIDENCE** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' OBJECTIONS TO PETITIONERS' LATE-FILED REPLY AND REQUEST
TO STRIKE REPLY EVIDENCE

## I.     INTRODUCTION

Respondents object to Petitioners' late-filed Reply in Support of Petition to Compel Arbitration ("Reply"), which they filed after the applicable reply deadline specified in Northern District Civil Local Rule 7-3. The Court should disregard the late-filed Reply in its entirety.

Respondents separately object to Petitioners' attempt to admit improper evidence in their Reply through the Declaration of Akiva M. Cohen ("Cohen Declaration") and supporting exhibits thereto, in violation of Civil Local Rule 7-3(d). To the extent the Court considers Petitioners' late-filed Reply (which it should not), then the Court should disregard and strike the improper evidence submitted with the Reply. Petitioners could have submitted this evidence with their moving papers but elected to submit it for the first time on Reply, which has deprived Respondents of an opportunity to respond to it. Finally, the Court should strike all Reply evidence in the Cohen Declaration that fails to comply with the Federal Rules of Evidence.

## II.    ARGUMENT

### A.     The Court Should Disregard and/or Strike Petitioners' Untimely Reply.

The Northern District of California Civil Local Rules provide that "[a]ny opposition to a motion . . . must be filed and served not more than 14 days after the motion was filed" and "[t]he reply to an opposition must be filed and served not more than 7 days after the opposition was due." Civ. L.R. 7-3(a), (c). This Court has recognized the timing requirements of this rule. *Pierce v. Cnty. of Marin*, 291 F. Supp. 3d 982, 991 (N.D. Cal. 2018).

When an action is removed, it arrives in federal court in the same procedural posture that it had in state court. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 108 (2d Cir. 2006); *Sun Forest Corp. v. Shvili*, 152 F.Supp.2d 367, 387 (S.D.N.Y.2001) ("It is well established that the district court 'takes the [removed] action in the posture in which it existed when it is removed from a state's court jurisdiction[.]'"); *see also Shubin v. Slate Digital, Inc.*, 2022 WL 168152, at *5 n. 3 (S.D.N.Y. Jan. 19, 2022).

Here, Petitioners filed and served their Petition in state court on April 27, 2023. *See* ECF No. 1-1. On May 5, 2023, Respondents timely removed this action to federal court (*see* ECF No. 1). On May 11, 2023 -- fourteen (14) days after Petitioners filed their Petition -- Respondents

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

1
RESPONDENTS' OBJECTIONS TO PETITIONERS' LATE-FILED REPLY AND REQUEST
TO STRIKE REPLY EVIDENCE

timely filed their Opposition in compliance with Civil Local Rule 7-3. *See* ECF No. 21. Petitioners' deadline to file any Reply was seven days later, specifically, May 18, 2023. However, Petitioners did not file their Reply until May 19, 2023 – one day late. *See* ECF No. 29.

Had Respondents not filed their Opposition by the May 11 deadline, Petitioners undoubtedly would have objected to and moved to strike the Opposition as untimely. Given that Respondents complied with the timing requirements under the Civil Local Rules, it would be unfair and prejudicial to excuse Petitioners' unilateral extension of their deadline to file their Reply in violation of Civil Local Rule 7-3(c). Accordingly, Respondents hereby object to Petitioners' Reply as untimely and request that the Court disregard and/or strike the late-filed Reply in its entirety.

      **B.**    **The Court Should Disregard and/or Strike Petitioners' New Arguments and Evidence Submitted with Their Untimely Reply.**

It is black-letter law that a moving party may not present new arguments or evidence for the first time on reply that the party could have presented in their moving papers. *See, e.g., Ojo v. Farmers Group, Inc.*, 565 F.3d 1175, 1186 (9th Cir. 2009) (approving the district court's observation that it is generally "improper for the moving party to . . . introduce new facts or different legal arguments in the reply brief"); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289, n.4 (9th Cir. 2000) ("[I]ssues cannot be raised for the first time in a reply brief."); *Tovar v. U.S. Postal Serv.* 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) ("To the extent that the [reply] brief presents new information, it is improper. Therefore, [certain] portions of the brief are ordered stricken[.]").

Courts in this district have found that it improper to consider such reply evidence and have granted requests to strike under those circumstances. *See Dytch v. Yoon*, No. C-10-02915-MEJ, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) ("As to Defendant's reply, the Court finds that it raises new arguments not raised in Defendant's motion. […] As a result, it is improper for the Court to consider it. […] Accordingly, the Court GRANTS Plaintiff's request to strike."); *Finley v. Hartford Life & Acc. Ins. Co.*, 249 F.R.D. 329, 333 (N.D. Cal. 2008) ("The Defendant's Motion to strike Plaintiff's Reply to Defendant's Opposition is granted. In her Reply not only does the

Plaintiff raise new issues but she attempts to do what she did not do in her original motion Plaintiff cannot do this for the first time in her reply. […] The Court strikes Plaintiff's reply.").

Here, Petitioners were made aware of Respondents' arguments opposing their requests *prior to* Petitioners even filing their Petition. Specifically, on April 21, 2023, Respondents sent a detailed letter to counsel for Petitioners outlining Respondents' justifications for why the Petition lacked merit. *See* ECF No. 21-1, Ex. D. Petitioners could have anticipated most of the arguments set forth in Respondents' Opposition and addressed those arguments in their moving papers. With the exception of Exhibit 4 to the Cohen Declaration (which is objectionable on separate and independent grounds, for the reasons stated *infra*), Petitioners had access to all of the other documents attached as exhibits to the Cohen Declaration *before* they filed their Petition yet failed to file them with their Petition. Because Petitioners submitted none of this evidence with their Petition when they could have (and should have), the Court should disregard and strike this evidence improperly submitted for the first time on reply. *See* Declaration of Akiva M. Cohen ("Cohen Decl."), Dkt. 29-1.

Respondents also object to the following specific portions of the Cohen Declaration and exhibits attached thereto:

Paragraph 2 of the Cohen Declaration attaches a copy of the Assembly Judicial Committee Analysis of SB 707 as Exhibit 1. *See* ECF No. 29-1. Respondents object on the basis that Petitioners are presenting new evidence and arguments for the first time on reply, which could have and should have been presented in their moving papers. In addition, Cohen lacks foundation to authenticate this document, which more should have been presented via a request for judicial notice, which Petitioner failed to make. F.R.E. 602. Respondents request that the Court strike Paragraph 2 and the Exhibit 1.

Paragraph 3 of the Cohen Declaration attaches the Dispute Resolution Agreement ("DRA") signed by one of the Petitioners, Sarah Anoke, as Exhibit 2. ECF No. 29-1. Mr. Cohen asserts that the "DRA is representative in all relevant respects of the DRAs signed by each Petitioner." *Id.* Respondents object to this statement as lacking foundation. F.R.E. 602. Respondents further object to Mr. Cohen's statement that "Petitioners' offer letters likewise had no such provision" and his

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

3
RESPONDENTS' OBJECTIONS TO PETITIONERS' LATE-FILED REPLY AND REQUEST
TO STRIKE REPLY EVIDENCE

comparison of these purported "offer letters" to the DRA attached as Exhibit 2.  This statement lacks foundation and constitutes improper hearsay.  F.R.E. 602, 801, 802.  Specifically, the "offer letters" referenced in his statement are not attached as evidence to the declaration, nor have they been filed in this action.  *Id.*  Respondents request that the Court strike Paragraph 3 in its entirety.

Paragraph 4 of the Cohen Declaration attaches a reply brief that was submitted by Respondent Twitter, Inc. ("Twitter) in support of a motion to compel arbitration filed in a completely unrelated lawsuit.  ECF No. 29-1.  Mr. Cohen contends that, in that lawsuit, Twitter "affirmatively (and successfully) argued that their delay in paying arbitration fees was not a breach of the arbitration agreements allowing denial of their motion to compel arbitration, because the agreements and delay were governed by Section 1281.97."  *Id.*  Respondents object to Mr. Cohen's reference to this separate lawsuit on the basis that Mr. Cohen's statement is not relevant.  F.R.E. 401, 402.  First, in that lawsuit, the plaintiff was a former employee of a co-defendant Pro Unlimited, *not* Twitter.  Second, the arbitration agreement at issue in that lawsuit was executed between that plaintiff and Pro Unlimited (*not* Twitter) and did *not* contain the same terms as the DRA that Petitioners executed with Twitter that is at issue here.  Third, because the plaintiff in that action was *not* a former Twitter employee and the arbitration agreement at issue there was *not* executed by Twitter, Twitter was *not* responsible for paying any arbitration fees in that matter.  In Paragraph 4, Mr. Cohen attempts to use new evidence and new arguments regarding "judicial estopppel" for the first time on reply.  Respondents request that the Court strike Paragraph 4 in its entirety.

Paragraph 5 of the Cohen Declaration discusses a separate arbitration proceeding brought by Petitioners' counsel for a claimant named Dina Lynch-Eisenberg, who is not a petitioner in this proceeding.  Mr. Cohen contends that Respondents "delay[ed] payment of invoices" in that arbitration proceeding.  Respondents object that this statement and the entirety of Paragraph 5 lacks foundation and is not relevant to the present action. F.R.E. 401, 402, 602.  Respondents further object to all references to supposed invoice payments and motions filed in a separate arbitration proceeding as hearsay and lacking foundation.  F.R.E. 602, 801, 802.  Respondents also object on the basis that Petitioners are presenting new evidence and arguments for the first time on reply,

Respondents request that the Court strike Paragraph 5 in its entirety.

Paragraph 6 of the Cohen Declaration attaches a May 4, 2023 email and email chain between JAMS Case Manager Sarah Nevins and the parties. Respondents object on the basis that this email chain is not relevant and lacks foundation. F.R.E. 401, 402, 602. Respondents request that the Court strike Paragraph 6 in its entirety.

Dated: May 25, 2023                     MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Eric Meckley*
Eric Meckley
Brian D. Berry
Ashlee N. Cherry
Kassia Stephenson

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; ELON MUSK