MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA, <br><br> Petitioners, <br><br> v. <br><br> TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS, CORP, X CORP, AND ELON MUSK, <br><br> Respondents. | Case No. 3:23-cv-02217-SI <br><br> **RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION TO REMAND AND FOR FEES** <br><br> Judge: Hon. Susan Illston <br> Date:  June 16, 2023 <br> Time:  10:00 AM <br> Ctrm:  1, 17th Floor |

RESPONDENTS' OPPOSITION TO
PETITIONERS' MOTION TO
REMAND AND FOR FEES
CASE NO. 3:23-cv-02217-SI

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
|  | A. Petitioners Submit Arbitration Demands Asserting Federal Claims | 1 |
|  | B. Petitioners Manufacture Grounds to Assert that Respondents Defaulted On Their Obligation to Arbitrate and File a Petition to Compel Arbitration | 2 |
|  | C. Respondents Remove the Petition Under Federal Question Jurisdiction. | 3 |
| III. | ARGUMENT | 3 |
|  | A. This Court Has Subject Matter Jurisdiction Because the Arbitration Demands Assert Claims Under Federal Employment Laws. | 4 |
|  | B. Petitioners' Assertion that They Could Not Have Sought Relief Under Section 4 of the FAA Is False and Defies Their Own Petition. | 7 |
|  | C. Supplemental Jurisdiction Is Proper. | 9 |
|  | D. If the Court Remands this Action, It Should Deny Petitioners' Request for Fees. | 10 |
| IV. | CONCLUSION | 12 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' OPPOSITION TO
PETITIONERS' MOTION TO
REMAND AND FOR FEES
CASE NO. 3:23-cv-02217-SI

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allstate Ins. Co v. Superior Ct.*,
   142 Cal. App. 4th 356 (2006) .................................................................................................... 7

*Ameriprise Fin. Servs., Inc. v. Ekweani*,
   No. CV-14-00935-PHX-DGC, 2015 WL 1737417 (D. Ariz. Apr. 16, 2015) .................. 4, 5, 8

*Anaya v. Lowe's Home Centers, LLC*,
   No. 14CV1260 L BGS, 2014 WL 2199878 (S.D. Cal. May 27, 2014) ..................................... 6

*Belyea v. GreenSky, Inc.*,
   No. 20-CV-01693-JSC, 2022 WL 14965532 (N.D. Cal. Oct. 26, 2022) .............................. 8, 9

*Black v. Del Webb Communities, Inc.*,
   No. CV058743SJOJWJX, 2006 WL 8446305 (C.D. Cal. Oct. 27, 2006) ................................ 8

*Brown v. Dillard's, Inc.*,
    430 F.3d 1004 (9th Cir. 2005) ............................................................................................. 8, 9

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987) .................................................................................................................. 5

*Cross v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
   No. 2:19-CV-00787-KJM0DB, 2019 WL 6496838 (E.D. Cal. Dec. 3, 2019) ......................... 7

*Dike v. Zara USA, Inc.*,
   No. 23-CV-00342-WHO, 2023 WL 3391427 (N.D. Cal. May 10, 2023) ................................ 9

*Distillery, Vine, Allied Workers' Div., Loc. No. 186D v. C. Mondavi & Sons, Inc.*,
   No. C-02-5407 MJJ, 2003 WL 21767474 (N.D. Cal. July 24, 2003) ....................................... 7

*Freaner v. Lutteroth Valle*,
   No. 11CV1819 JLS (MDD), 2013 WL 12094826 (S.D. Cal. Feb. 6, 2013) ............................. 7

*Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*,
   599 F.3d 1102 (9th Cir. 2010) .............................................................................................. 4, 7

*Hartford Acc. & Indem. Co. v. Equitas Reinsurance Ltd.*,
   200 F. Supp. 2d 102 (D. Conn. 2002) .................................................................................. 7, 8

*Hosp. & Institutional Workers Union Loc. 250, SEIU, AFL-CIO v. Marshal Hale Mem'l Hosp.*,
   647 F.2d 38 (9th Cir. 1981) ............................................................................................. 5, 6, 7

*Kuba v. 1-A Agric. Ass'n*,
    387 F.3d 850 (9th Cir. 2004) .................................................................................................. 10

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*,
    363 F.3d 1010 (9th Cir. 2004) .................................................................................................. 9

*Lussier v. Dollar Tree Stores, Inc.*,
    518 F.3d 1062 (9th Cir. 2008) ................................................................................................ 11

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) ............................................................................................................... 11

*PaineWebber Inc. v. Faragalli*,
    61 F.3d 1063 (3rd Cir. 1995) ............................................................................................... 7, 8

*Postmates Inc. v. 10,356 Individuals*,
    No. CV202783PSGJEMX, 2020 WL 1908302 (C.D. Cal. Apr. 15, 2020) .......................... 5, 8

*Prudential Prop. & Cas. Ins. Co. v. Bazley*,
    No. CIV. A. 86-5949, 1986 WL 14198 (E.D. Pa. Dec. 12, 1986) ........................................... 7

*Serv. Emps. Int'l Union, Loc. 1877 v. Citiscape Prop. Mgmt. Grp. LLC*,
    No. C 09-0608, 2010 WL 3490185 (N.D. Cal. Sept. 2, 2010) ................................................. 7

*Serv. Emps. Int'l Union, Local 1021 v. Priv. Indus. Council of Solano Cnty., Inc.*,
    No. CIV. 2:13-01670 WBS, 2013 WL 5569990 (E.D. Cal. Oct. 9, 2013) ....................... 5, 7, 8

*Sink v. Aden Enters., Inc.*,
    352 F.3d 1197 (9th Cir. 2003) .................................................................................................. 8

*Sophinos v. Quadriga Worldwide Ltd.*,
    No. CV-16-01273-MWF-MRWX, 2016 WL 10966561 (C.D. Cal. Aug. 4,
    2016) ........................................................................................................................................ 8

*Sunshine Beauty Supplies, Inc. v. U.S. Dist. Ct. for the Cent. Dist. of California*,
    872 F.2d 310 (9th Cir. 1989) .................................................................................................... 7

*Teamsters Loc. 315 v. Union Oil Co. of Cal.*,
    856 F.2d 1307 (9th Cir. 1988) .................................................................................................. 7

*United Invs. Life Ins. Co. v. Waddell & Reed Inc.*,
    360 F.3d 960 (9th Cir. 2004) .................................................................................................... 6

*Vaden v. Discover Bank*,
    556 U.S. 49 (2009) ......................................................................................................... passim

*Valencia v. Mattress Firm, Inc.*,
    No. C 22-06875-WHA, 2023 WL 2062951 (N.D. Cal. Feb. 16, 2023) .................................... 9

**Constitutions**

United States Constitution Article III .................................................................................. 10

**Statutes**

2 U.S.C. § 12101 ..................................................................................................................... 1

9 U.S.C. § 4 ................................................................................................................... *passim*

28 U.S.C. § 1331 ..................................................................................................................... 3

28 U.S.C. § 1367 ................................................................................................................... 10

28 U.S.C. § 1367(a) .......................................................................................................... 3, 10

28 U.S.C. § 1447(c) .............................................................................................................. 11

29 U.S.C. § 621 .................................................................................................................. 1, 6

29 U.S.C. § 2101 ..................................................................................................................... 1

29 U.S.C. § 2615(a) ................................................................................................................ 1

42 U.S.C. § 2000e ................................................................................................................... 1

Americans with Disabilities Act ........................................................................................ 1, 6

Cal. Civ. Proc. Code § 1281.97 .................................................................................... 1, 2, 3, 8

Cal. Civ. Proc. Code § 1281.97(a) .......................................................................................... 9

Cal. Civ. Proc. Code § 1281.97(b) .......................................................................................... 9

California Arbitration Act ....................................................................................................... 3

FLSA ....................................................................................................................................... 5

FMLA .................................................................................................................................. 1, 6

Labor Management Relations Act .......................................................................................... 6

WARN Act ........................................................................................................................... 10

**Court Rules**

Fed. R. Civ. P. 12(h)(3) ........................................................................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

RESPONDENTS' OPPOSITION TO
PETITIONERS' MOTION TO
REMAND AND FOR FEES
CASE NO. 3:23-cv-02217-SI

## I. INTRODUCTION

This matter involves a Petition to Compel Arbitration ("Petition") filed by 15 former Twitter employees ("Petitioners") against Respondents Twitter, Inc., X Holdings I, Inc., X Holdings, Corp., X Corp, and Elon Musk ("Respondents"). The Petition asserts that Respondents breached the Parties' arbitration agreement and are in default of their obligation to arbitrate, by operation of section 1281.97 of the California Code of Civil Procedure, because Respondents purportedly failed to pay the arbitrator's initial invoice within 30 days. Respondents removed the Petition to this Court, and Petitioners now seek remand. The Court should not remand this matter to state court because each of the arbitration demands that underlies the Petition expressly states claims for violations of federal employment statutes, which bestows federal question jurisdiction in this Court under the Supreme Court's opinion in *Vaden v. Discover Bank*, 556 U.S. 49 (2009).

## II. FACTUAL BACKGROUND

### A. Petitioners Submit Arbitration Demands Asserting Federal Claims.

On February 24, 2023, Petitioners' counsel submitted 15 demands for arbitration with JAMS on behalf of the Petitioners. *See* ECF No. 3, Exs. A-O. All of the demands for arbitration allege federal claims. *See id.* Each Petitioner alleges claims for violations of the federal Worker Adjustment and Retraining Notification ("WARN") Act pursuant to 29 U.S.C. § 2101 *et seq.*, as well as claims of employment discrimination pursuant to Title VII (42 U.S.C. § 2000e). *See id.* Petitioners Cannell's, Eusebio's, Gomez's, and Sena's demands for arbitration also allege violations of the federal Americans with Disabilities Act ("ADA") pursuant to 2 U.S.C. § 12101 *et seq. See id.*, ¶¶ 6, 7, 9, 15, Exs. C, D, F, L. Petitioners Festego's and Shobe's demands for arbitration also allege violations of the federal Family and Medical Leave Act ("FMLA") pursuant to 29 U.S.C. § 2615(a). *See id.*, ¶¶ 8, 16, Exs. E, M. Petitioner Thompson's demand for arbitration also alleges age discrimination in violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq. See id.*, ¶ 17, Ex. N.

///

///

**B.      Petitioners Manufacture Grounds to Assert that Respondents Defaulted On Their Obligation to Arbitrate and File a Petition to Compel Arbitration.**

On March 6, 2023, JAMS issued a non-refundable filing fee invoice aggregating the filing fees for the Petitioners' demands for arbitration. ECF No. 21-1, ¶ 7. On March 7, 2023, Petitioners' counsel inadvertently paid the March 6 invoice that JAMS intended for Respondents. ECF No. 1-1, p. 17, ¶ 8. Apparently, Petitioners' counsel realized this error the next day and requested a refund for the inadvertent payment. *Id*. at ¶¶ 9-10. Although it appears that JAMS refunded Petitioners' counsel for this inadvertent payment on March 21, 2023, *see id*. at ¶ 10, the online JAMS portal for Petitioners' arbitrations continued to reflect (and, to date, still reflects) that the March 6 invoice was paid in full and closed. ECF No. 21-1, ¶ 6, 11, Exs. A, D. Neither JAMS nor Petitioners' counsel disclosed the payment error to Respondents.

On March 28, 2023, a JAMS Case Manager emailed counsel for the Parties to inform them that "[t]he initial filing fees in the above referenced matters have now been paid." *Id*., ¶ 8. Then, on April 7, 2023, JAMS issued a new invoice to Respondents, requesting payment in the amount of $27,700. *Id.*, ¶ 9. Four days later, on April 11, 2023, a JAMS Case Manager emailed counsel for the parties stating that she was writing to "follow up regarding the filing fee on behalf of Respondent . . .," and noted that JAMS' billing department "may have nulled the original invoice." *Id.*, ¶ 9, Ex. B.

Despite the administrative confusion that Petitioners' counsel's own conduct caused in the JAMS invoicing process, Petitioners perceived an opportunity to blame Respondents. On April 27, 2023, Petitioners filed their Petition in San Francisco County Superior Court based on Respondents' alleged "failure" to timely pay the March 6, 2023 invoice that JAMS closed due to Petitioners' counsel's inadvertent payment. The Petition asserts that Respondents' payment was untimely, and that they are therefore in "material breach" of the arbitration agreements under California Code of Civil Procedure Section 1281.97. *See, e.g.,* ECF No. 1-1, 6:3-5, 6:11-12, 7:13-15, 8:2-4. The Petition seeks an order compelling arbitration and requiring Respondents to pay Petitioners' reasonable attorneys' fees and costs because Respondents purportedly

1  "defaulted" on their obligation to arbitrate. *Id.* at 3:20-23.

2  On May 5, 2023, Respondents timely paid the April 7, 2023 JAMS invoice. *Id.*, ¶ 12.

### C. Respondents Remove the Petition Under Federal Question Jurisdiction.

On May 5, 2023, Respondents removed the Petition to this Court on the basis of federal question jurisdiction. ECF No. 1. Respondents alleged in their Notice of Removal that this Court has original subject matter jurisdiction because Petitioners' demands for arbitration include claims that arise under federal statutes. *See* 28 U.S.C. § 1331 (federal question jurisdiction). Respondents further alleged that this Court may properly exercise supplemental jurisdiction over the other claims in this action because they are part of the same case or controversy as the claims over which this Court has original jurisdiction. *See* 28 U.S.C. § 1367(a).

On May 12, 2023, Petitioners filed a Motion to Remand this action to San Francisco County Superior Court. ECF No. 24. Petitioners contend that, although they each allege claims under various federal statutes, this Court lacks subject matter jurisdiction because the Petitioners filed their Petition pursuant to the California Code of Civil Procedure and could not have filed it under section 4 of the Federal Arbitration Act ("FAA").

## III.   ARGUMENT

Petitioners' Motion to Remand presents a simple question: could they have filed their Petition in federal court instead of state court? The answer is a resounding, "Yes." Because their Petition seeks an order compelling arbitration of claims that arise under federal employment statutes, this Court plainly has federal question jurisdiction. *Vaden*, 556 U.S. at 62. Petitioners attempt to confuse this simple jurisdictional analysis. First, they argue that the Court does not "look through" the Petition itself to the underlying federal employment controversies simply because they elected to file the Petition in state court under the California Arbitration Act and thus did not explicitly invoke section 4 of the FAA. Second, despite the fact that Petitioners are seeking an order compelling arbitration due to Respondents' putative delay in payment and the resulting "material breach" and "default" of their obligation to arbitrate, *see* Cal. Civ. Proc. Code § 1281.97, Petitioners suggest that their Petition somehow does not assert that Respondents have

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

RESPONDENTS' OPPOSITION
TO PETITIONERS' MOTION TO
REMAND AND FOR FEES
CASE NO. 3:23-cv-02217-SI

"failed, neglected, or refused to arbitrate" Petitioners' federal employment claims. *See* 9 U.S.C. § 4. The Court should deny the Motion because neither argument has merit.

### A. This Court Has Subject Matter Jurisdiction Because the Arbitration Demands Assert Claims Under Federal Employment Laws.

Section 4 of the FAA permits "[a] party aggrieved by the alleged failure, neglect, or refusal to arbitrate under a written agreement for arbitration" to file a petition to compel arbitration against the "party in default." 9 U.S.C. § 4. Based on the text of section 4 and its reference to "the controversy between the parties," the Supreme Court recognized that a federal court's jurisdiction over a motion to compel arbitration turns on the "substantive conflict between the parties." *Vaden*, 556 U.S. at 62-63; *see also id.* at 66 (explaining that the question is whether "the entire, actual 'controversy between the parties,' as they have framed it, could be litigated in federal court."). As a result, *Vaden* rejected the plaintiff's argument that "the relevant 'controversy' is simply and only the parties' discrete dispute over the arbitrability of their claims." *Id.* at 63. Rather, "[a] federal court may '***look through***' a § 4 petition [to compel arbitration] to determine whether it is predicated on an action that 'arises under' federal law." *Vaden*, 556 U.S. at 62 (emphasis added); *see also Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citing *Vaden* and explaining that "a federal court has jurisdiction over a petition to compel arbitration if the federal court would have jurisdiction over the underlying substantive dispute").

For example, in *Ameriprise Fin. Servs., Inc. v. Ekweani*, the district court evaluated its jurisdiction over a declaratory judgment action that sought an order that the parties did not have a binding arbitration agreement. No. CV-14-00935-PHX-DGC, 2015 WL 1737417, at *1 (D. Ariz. Apr. 16, 2015), *aff'd*, 683 F. App'x. 641 (9th Cir. 2017). The court explained that subject matter jurisdiction in a declaratory judgment action turns on the character of the threatened action anticipated by the declaratory judgment action, which, in that case, was a motion to compel arbitration. *Id.* at *2-3 ("The question, therefore, is whether an action by [defendant] to compel arbitration would present a federal question."). After observing that the FAA is not itself a source of federal question jurisdiction, the court explained that the FAA "allows a federal court to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

RESPONDENTS' OPPOSITION
TO PETITIONERS' MOTION TO
REMAND AND FOR FEES
CASE NO. 3:23-cv-02217-SI

compel arbitration or stay a case for arbitration only if the underlying suit properly invokes federal jurisdiction." *Id.* at *3. Because the actual controversy involved claims for violation of federal discrimination statutes (i.e., Title VII and Section 1981), the court "looked through" the dispute over arbitrability and concluded it had jurisdiction because the underlying claims "clearly arise under federal law, and a motion to compel arbitration of these claims would satisfy jurisdictional requirements." *Id.* (citing *Vaden*, 556 U.S. at 59); *see also Serv. Emps. Int'l Union, Local 1021 v. Priv. Indus. Council of Solano Cnty., Inc.*, No. CIV. 2:13-01670 WBS, 2013 WL 5569990, at *3 (E.D. Cal. Oct. 9, 2013) ("*SEIU*") (compelling arbitration under section 4 of the FAA after plaintiff filed a motion to compel arbitration in state court and the defendant removed it based on federal question jurisdiction over the underlying dispute).

Petitioners try, but fail, to explain away *Vaden, Ameriprise* and *SEIU*. Petitioners assert that *Vaden* does not apply simply because they filed their petition in state court rather than in federal court. *See* Mot. at 7:9-28. But the jurisdictional question is not whether they **did** file their petition in federal court, but rather whether they **could have** done so. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[S]tate-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") Petitioners' own authority proves the point. In *Postmates Inc. v. 10,356 Individuals*, No. CV202783PSGJEMX, 2020 WL 1908302, at *6 (C.D. Cal. Apr. 15, 2020), the district court agreed that the petition to compel arbitration "could have" been filed in federal court because the underlying claims involved a federal statute (i.e., the FLSA). *Id.* For that reason, the court concluded that it "likely had subject matter jurisdiction" and proceeded on the merits. *Id.*

Turning to *Ameriprise,* Petitioners say it is "irrelevant here" because they have not brought a declaratory judgment claim. Mot. at 8:1-8. But that distinction does not make a difference. The point is that federal courts recognize that state court petitions to compel arbitration are removable when the controversy underlying the arbitrability dispute involves a federal question. *Ameriprise*, 2015 WL 1737417, at *2-3 ("The question, therefore, is whether an action by [defendant] to compel arbitration would present a federal question.")

Petitioners' response to *SEIU* fares no better. They first observe that "no motion to remand was filed" in that case. Mot. at 8:10-11. Whether the plaintiffs moved to remand the case is immaterial, however, because district courts have "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004).[1] Next, Petitioners assert that *SEIU* is distinguishable because the defendant removed the motion to compel arbitration based on preemption under the Labor Management Relations Act. Mot. at 8, n.3. Again, the specific federal question involved in the underlying controversy is immaterial. What matters is that the state court motion to compel arbitration was removable because it involved an underlying federal question.[2] Finally, Petitioners note that, upon removal, the plaintiff converted its state court motion to compel arbitration to a motion under section 4 of the FAA. *Id.* But that cuts against Petitioners here because it shows the plaintiffs could have filed their motion in federal court in the first instance.

At bottom, it is undisputed that the claims underlying the Petition arise under federal statutes: WARN, Title VII, the ADA, the ADEA, and FMLA. *See* ECF No. 3, Exs. A-O.[3] That should end the inquiry because this Court plainly has federal question jurisdiction over the underlying controversy and therefore over the Petition. *Vaden*, 556 U.S. at 62; *Geographic Expeditions, Inc.*, 599 F.3d at 1106. In this regard, Petitioners are simply wrong that their

---

[1] *See also id.* at 966-67 ("a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."); *Anaya v. Lowe's Home Centers, LLC*, No. 14CV1260 L BGS, 2014 WL 2199878, at *1 (S.D. Cal. May 27, 2014) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." [citations omitted] . . . Indeed, the Supreme Court has emphasized that 'district courts have an "independent obligation to address subject-matter jurisdiction *sua sponte*."'); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[2] Petitioners also assert that the removal in *SEIU* "had nothing to do with the FAA." Mot. at 8:11. That assertion is puzzling because Respondents' argument is not that the FAA provides a basis for federal jurisdiction in any case, but that jurisdiction is predicated on the federal claims underlying the Petition.

[3] It is also undisputed that the Parties' arbitration agreements are governed by the FAA. *See* ECF No. 3, ¶¶ 2-18, Exs. A-O.

election to file a state court petition is "outcome determinative" on the question of this Court's federal question jurisdiction. *See* Mot. at 9:2-16. Indeed, respondents routinely remove state court petitions to compel arbitration to federal courts.[4]

### B. Petitioners' Assertion that They Could Not Have Sought Relief Under Section 4 of the FAA Is False and Defies Their Own Petition.

Petitioners seek to evade jurisdiction under *Vaden* by asserting that they could not have filed a petition to compel arbitration under section 4 of the FAA because Respondents have not actually refused, failed, or neglected to arbitrate. Mot. at 9:17-10:8. In support, Petitioners invoke two out-of-Circuit authorities and assert that the purported untimely payment of arbitration fees is not enough to trigger section 4 of the FAA because, according to Petitioners, section 4 requires a dispute about "whether arbitration is required at all." *See* Mot. at 9:21-22 (citing *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063 (3rd Cir. 1995) and *Hartford Acc. & Indem. Co. v. Equitas Reinsurance Ltd.*, 200 F. Supp. 2d 102 (D. Conn. 2002)). In *PaineWebber*, the Third Circuit focused on the FAA's use of the term "aggrieved" party and reasoned that "unless and until an adverse party has refused to arbitrate a dispute putatively governed by a contractual arbitration clause, no breach of contract has occurred, no dispute over whether to arbitrate has arisen, and no harm has befallen the petitioner." *PaineWebber Inc.*, 61 F.3d at 1067; *see also Hartford Acc. & Indem. Co.*, 200 F. Supp. 2d at 108 (relying on *PaineWebber Inc.*).

*PaineWebber* does not help Petitioners because California's new law places an implied

---

[4] *See, e.g., Serv. Emps. Int'l Union, Loc. 1877 v. Citiscape Prop. Mgmt. Grp. LLC*, No. C 09-0608 SBA, 2010 WL 3490185, at *1 (N.D. Cal. Sept. 2, 2010); *Serv. Emps. Int'l Union, Loc. 1021*, 2013 WL 5569990, at *3; *Sunshine Beauty Supplies, Inc. v. U.S. Dist. Ct. for the Cent. Dist. of California*, 872 F.2d 310, 311 (9th Cir. 1989), overruled on other grounds by *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193 (2000); *Teamsters Loc. 315 v. Union Oil Co. of Cal.*, 856 F.2d 1307, 1308 (9th Cir. 1988); *Hosp. & Institutional Workers Union Loc. 250, SEIU, AFL-CIO v. Marshal Hale Mem'l Hosp.*, 647 F.2d 38, 40 (9th Cir. 1981); *Distillery, Vine, Allied Workers' Div., Loc. No. 186D v. C. Mondavi & Sons, Inc.*, No. C-02-5407 MJJ, 2003 WL 21767474, at *1 (N.D. Cal. July 24, 2003); *Freaner v. Lutteroth Valle*, No. 11CV1819 JLS (MDD), 2013 WL 12094826, at *3 (S.D. Cal. Feb. 6, 2013); *Cross v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:19-CV-00787-KJM0DB, 2019 WL 6496838, at *2 (E.D. Cal. Dec. 3, 2019); *Prudential Prop. & Cas. Ins. Co. v. Bazley*, No. CIV. A. 86-5949, 1986 WL 14198, at *1 (E.D. Pa. Dec. 12, 1986); *see also Allstate Ins. Co v. Superior Ct.*, 142 Cal. App. 4th 356, 359 (2006).

term in arbitration agreements that sets the bar for refusing (or neglecting or failing) to arbitrate very low. Under section 1281.97, a breach of contract *has* occurred, a dispute over whether to arbitrate *has* arisen, and harm *has* befallen the petitioner, if the respondent does not pay its arbitration bill within 30 days. *See* Cal. Civ. Proc. Code § 1281.97 (deeming a 31-day delay in payment a "material breach" of an arbitration agreement that results in a "default" of the defendant's obligation to arbitrate); *see also* ECF No. 1-1 (Petition at 6:3-5) (asserting the untimely payments constituted "a material breach of the arbitration agreements with Petitioners."); *see also id.* at 6:11-12 (same); *id.* at 7:13-15 (same); *id.* at 8:2-4 ("Twitter deliberately chose . . . to impose delay"); Mot. at 2:2-16, 3:12-13 (explaining that the Petition is predicated on Respondents' putative "campaign of delay," "neglect[] to pay," "delay[] tactic," and "deliberate[] delay.").[5] Thus, even under the reasoning in *PaineWebber*, Petitioners plainly could have brought their claim that Respondents' delay constituted a "default" and a "material breach" of their arbitration agreement under section 4 of the FAA. *See supra* § III.A; *Vaden*, 556 U.S. at 59; *Ameriprise*, 2015 WL 1737417, at *2-3; *SEIU*, 2013 WL 5569990, at *3; *Postmates Inc.*, 2020 WL 1908302, at *6.

Petitioners also assert (in a footnote) that the "Ninth Circuit has already expressly held that an arbitrating party's failure to pay fees initially assessed to it by an arbitration association is not a 'failure, neglect, or refusal' to arbitrate, within the terms of § 4 of the [FAA]." *See* Mot at 10, n.5 (citing *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010 (9th Cir. 2004)). Petitioners' gloss on *Lifescan* is misleading. There, the Ninth Circuit held that the defendant's

---

[5] Even outside the novel context of section 1281.97, the failure to pay arbitration fees can constitute default under section 4 of the FAA. *See Black v. Del Webb Communities, Inc.*, No. CV058743SJOJWJX, 2006 WL 8446305, at *2 (C.D. Cal. Oct. 27, 2006) (under Section 4, "courts can order recalcitrant parties into arbitration"); *Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003) (affirming district court's finding that the defendant was in "default" for nonpayment because defendant's "failure to pay required costs of arbitration was a material breach of its obligations in connection with the arbitration"); *Sophinos v. Quadriga Worldwide Ltd.*, No. CV-16-01273-MWF-MRWX, 2016 WL 10966561, at *1 (C.D. Cal. Aug. 4, 2016) ("It is true that failure to pay arbitration fees may constitute default"); *cf. Belyea v. GreenSky, Inc.*, No. 20-CV-01693-JSC, 2022 WL 14965532, at *9 ("[f]ailure to pay arbitration fees . . . can constitute breach" of the agreement to arbitrate ) (citing *Brown v. Dillard's*, Inc., 430 F.3d 1004, 1010-13 (9th Cir. 2005).

1  inability to continue paying arbitration fees did not constitute a refusal to arbitrate under section 4
2  of the FAA because the parties' business agreement incorporated the AAA rules, which gave the
3  arbitration panel "the authority to apportion fees and expenses as appropriate," and the panel
4  exercised that discretion "by allowing the arbitration to proceed on the condition that [the
5  plaintiff] advance the remaining fees." *Lifescan*, 363 F.3d at 1012.  On those facts, the Ninth
6  Circuit concluded that the arbitration had "proceeded pursuant to the parties' agreement and the
7  rules they incorporated." *Id*.  Here, by contrast, the purported untimely payment constitutes a
8  "material breach" of the arbitration agreements that renders Respondents in "default" of their
9  obligation to arbitrate.  *See* Cal. Civ. Proc. Code § 1281.97(a), (b).  Thus, *Lifescan* provides no
10 support for Petitioners' contention.

   Nor is there any merit to Petitioners' assertion that, simply because California state law
governs whether the putative breach and default for untimely payment actually occurred,
Petitioners could not have brought their Petition under Section 4 of the FAA "in the first
instance." *See* Mot. at 9:18-19; *see also id.* at 10:9-11 (asserting that "Petitioners' application
presents an issue of California state law, and only California state law.").  Indeed, federal courts
routinely preside over motions to compel arbitration that turn on questions of state law.  *See, e.g.,*
*Brown*, 430 F.3d 1004 at 1010 (applying California contract law to question of whether defendant
breached arbitration agreement); *Belyea*, 2022 WL 14965532, at *10 (same); *Dike v. Zara USA,*
*Inc.*, No. 23-CV-00342-WHO, 2023 WL 3391427, at *3 (N.D. Cal. May 10, 2023) (evaluating
the enforceability of an arbitration agreement in light of California contract defenses of
procedural and substantive unconscionability); *Valencia v. Mattress Firm, Inc.*, No. C 22-06875-
WHA, 2023 WL 2062951, at *2 (N.D. Cal. Feb. 16, 2023) (same).

   In sum, Petitioners could have filed their Petition to compel arbitration under section 4 of
the FAA in federal court.

   **C.**     **Supplemental Jurisdiction Is Proper.**

   It is well-settled that "district courts shall have supplemental jurisdiction over all other
claims that are so related to claims in the action within such original jurisdiction that they form

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

RESPONDENTS' OPPOSITION
TO PETITIONERS' MOTION TO
REMAND AND FOR FEES
CASE NO. 3:23-cv-02217-SI

part of the same case or controversy under Article III of the United States Constitution."[6]  28 U.S.C. § 1367(a).  "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004).

Here, all of the Petitioners' claims derive from a common nucleus of operative fact because they relate to and arise from their alleged layoff from Twitter.  Specifically, the Petitioners' WARN Act claims allege that Respondents did not comply with various provisions of the WARN Act when executing its reduction in force; the Petitioners' contract-based claims allege that the Petitioners were not paid the severance benefits that they had previously been promised following their alleged layoff; and the Petitioners' discrimination claims allege that the layoff was discriminatory toward several protected classes.  *See, e.g.,* ECF No. 3, p. 35, ¶ 171 ("Twitter has failed to continue to provide the laid-off employees (including [Petitioner Anoke]) with their full benefits provided to other employees during this period, and is thus in violation of the WARN Act"); *id.* at p. 304, ¶ 124 ("Twitter has breached the Merger Agreement by refusing to pay [Petitioner Krug] the severance outlined in the Severance Package, as well as other benefits that were required to remain unchanged"); *id*. at p. 115, ¶ 187 ("Despite those laws, the anecdotal evidence currently available to [Petitioner Cannell] indicates that Twitter likely conducted its mass layoff on a discriminatory basis").  Because each of the claims at issue pertain to the Petitioners' termination, supplemental jurisdiction is proper.  Given the obvious overlap, it is not surprising that Petitioners relegate to a footnote their baseless challenge to the Court's supplemental jurisdiction.  *See* Mot. at 6, n.2.

### D. If the Court Remands this Action, It Should Deny Petitioners' Request for Fees.

If the Court grants Petitioners' motion to remand (which it should not), it should deny

---

[6] *See also Vaden*, 556 U.S. at 69, n.18 ("If a federal court would have jurisdiction over the parties' whole controversy, we see nothing anomalous about the court's ordering arbitration of a state-law claim constituting part of that controversy.  Federal courts routinely exercise supplemental jurisdiction over state-law claims.  *See* 28 U.S.C. § 1367.")

Petitioners' request for fees and costs pursuant to Section 1447(c). Petitioners point to *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), and urge the Court to follow the standard set forth in that case. In *Martin*, the United States Supreme Court held that courts must give the removal statute its "natural reading"—*i.e.*, that "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin*, 546 U.S. at 138. The Court further emphasized that while the removal statute "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," it should not "undermin[e] Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. For these reasons, the Court held that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. In other words, "when an objectively reasonable basis exists, fees should be denied." *Id.*; *see also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted").

     Here, Respondents had a right to remove based on federal question jurisdiction, which necessarily supplies an objectively reasonable basis for the removal. Specifically, the United States Supreme Court precedent set forth in *Vaden* and its progeny supports Respondents' removal. Petitioners' allegation that Respondents removed the Petition to this Court to prolong litigation or impose costs is baseless. To the contrary, it is Respondents who have been forced to diligently defend themselves in response to Petitioners' **baseless** Petition, as Respondent's Opposition to the Petition demonstrates. *See* ECF No. 21; *see also supra* at § II.B (explaining that Petitioners' own counsel caused the billing problem that is the predicate for their Petition). Because Respondents had an objectively reasonable and legally sound basis for removal, the Court should deny Petitioners' request for fees in the event that the Court concludes that it lacks jurisdiction.

/ / /

## IV. CONCLUSION

The Court should deny Petitioners' Motion to Remand and their request for associated fees.

Dated: May 26, 2023                     MORGAN, LEWIS & BOCKIUS LLP

                                        By  /s/ Brian D. Berry
                                        Eric Meckley
                                        Brian D. Berry
                                        Ashlee N. Cherry
                                        Kassia Stephenson

                                        Attorneys for Respondents
                                        TWITTER, INC.; X HOLDINGS I, INC.;
                                        X HOLDINGS CORP.; X CORP.; ELON MUSK

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

RESPONDENTS' OPPOSITION
TO PETITIONERS' MOTION TO
REMAND AND FOR FEES
CASE NO. 3:23-cv-02217-SI