Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Akiva M. Cohen (admitted *pro hac vice*)
Kamerman, Uncyk, Soniker & Klein P.C.
acohen@kusklaw.com
1700 Broadway, 16th Floor
New York, New York 10019

Attorneys for Petitioners

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOSIE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA,<br><br>                Petitioners,<br><br>vs.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X CORP, AND ELON MUSK,<br><br>                Respondents. | Case No.: 3:23-cv-02217-SI<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETITIONERS' MOTION TO REMAND**<br><br>Hon. Susan Illston<br>Date: June 30, 2023<br>Time: 10:00 AM<br><br>Ctrm: 1, 17th Floor |

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.      There is No "Arbitration Exception" to the Rules Governing Removal ................... 2

    II.     Even Under Respondents' Novel Approach to Federal Jurisdiction, Remand is
          Required Because This Petition Could Not be Brought Under Section 4 of the
          Federal Arbitration Act ............................................................................................. 9

    III.    The Court Should Award Fees ................................................................................. 10

CONCLUSION ....................................................................................................................... 12

1

2

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

3

**Cases**

4

*Ameriprise Fin. Servs. Inc. v. Ekweani*, No. CV-14-00935-PHX-DGC, 2015 WL 1737417
    (D. Ariz. Apr. 16, 2015)...................................................................................4, 11

5

*Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132
    (N.D. Cal. Dec. 16, 2020) ..................................................................................1

6

7

*Atay v. Cnty. of Maui*, 842 F.3d 688 (9th Cir. 2016) ........................................................4

8

*Badgerow v. Walters*, 142 S. Ct. 1310 (2022) .......................................................2, 6, 8

9

*Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045
    (9th Cir. 1999)......................................................................................................7

10

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)........................................................2, 3

11

*City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020)...............................................3, 4

12

*Cross v. National Union Fire Insurance Co. of Pittsburgh, PA*, No. 2:19-CV-00787-KJM-DB,
    2019 WL 6496838 (E.D. Cal. Dec. 3, 2019) .......................................................6

13

*Distillery, Wine, Allied Workers' Div., Loc. No. 186D v. C. Mondavi & Sons, Inc.*,
    No. C-02-5407 MJJ, 2003 WL 21767474 (N.D. Cal. July 24, 2003)...................6

14

*Doe v. Biotronik, Inc.*, No. 2:09-CV-3617-KJM-EFB, 2015 WL 6447489
    (E.D. Cal. Oct. 23, 2015) ....................................................................................1

15

16

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*,
    463 U.S. 1 (1983)................................................................................................5

17

*Freaner v. Lutteroth Valle*, No. 11CV1819 JLS (MDD), 2013 WL 12094826
    (S.D. Cal. Feb. 6, 2013) ...................................................................................7, 8

18

19

*Freaner v. Valle*, No. 11CV1819 JLS MDD, 2011 WL 5596919 (S.D. Cal. Nov. 17, 2011).......7, 8

20

*Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102 (9th Cir. 2010)....2, 3

21

*Gully v. First National Bank*, 299 U.S. 109 (1936) ........................................................3

22

*Hartford Acc. & Indem. Co. v. Equitas Reinsurance Ltd.*, 200 F. Supp. 2d 102 (D. Conn. 2002)....2

23

*Hosp. & Institutional Workers Union Loc. 250, SEIU, AFL-CIO v. Marshal Hale Mem'l Hosp.*,
    647 F.2d 38 (9th Cir. 1981) ...............................................................................6

24

*Int'l Union, Loc. 1021 v. Priv. Indus. Council of Solano Cnty., Inc.*, No. CIV. 2:13-01670 WBS,
    2013 WL 5569990 (E.D. Cal. Oct. 9, 2013).......................................................2

25

26

*Jolly v. Intuit Inc.*, 485 F. Supp. 3d 1191 (N.D. Cal. 2020).............................................10

27

*Klein v. Drexel Burnham Lambert, Inc.*, 737 F. Supp. 319 (E.D. Pa. 1990) ...................7

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) .....................................2

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)...............................................10

*Negrete v. City of Oakland*, 46 F.4th 811 (9th Cir. 2022) ..................................3

*Negrete v. City of Oakland, California*, 143 S. Ct. 781 (2023) ..........................3

*Postmates Inc. v. 10,356 Individuals*, No. CV202783PSGJEMX, 2020 WL 1908302
   (C.D. Cal. Apr. 15, 2020) ..........................................................................4, 11

*Prudential Property & Casualty Insurance Co. v. Bazley*, No. CIV.A. 86-5949,
   1986 WL 14198 (E.D. Pa. Dec. 12, 1986)...........................................................7

*Ramirez v. Quad Graphics, Inc.*, No. EDCV 23-62 JGB (KKX), 2023 WL 3254979
   (C.D. Cal. May 4, 2023) ........................................................................11, 12

*Sant v. Biotronik, Inc.*, 716 F. App'x 590 (9th Cir. 2017) ..................................1

*Serv. Emps. Int'l Union, Loc. 1877 v. Citiscape Prop. Mgmt. Grp. LLC*, No. C 09- 0608 SBA,
   2010 WL 3490185 (N.D. Cal. Sept. 2, 2010) ...........................................5

*Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197 (9th Cir. 2003) ..........................2

*Sunshine Beauty Supplies, Inc. v. U.S. District Court for the Central District of California*,
   872 F.2d 310 (9th Cir. 1989). ...........................................................................6

*Taylor v. Anderson*, 234 U.S. 74 (1914) ...........................................................1

*Teamsters Loc. 315 v. Union Oil Co. of California*, 856 F.2d 1307 (9th Cir. 1988)........................5

*Textile Workers Union of America v. Lincoln Mills of Ala.*, 353 U.S. 448 (1957)........................5

*Vaden v. Discover Bank*, 556 U.S. 49 (2009) ...........................................................2

**Statutes**

29 U.S.C. § 1447.............................................................................................13

9 U.S.C. § 4............................................................................................1, 3, 12

# **INTRODUCTION**

Section 1281.97 of the California Code of Civil Procedure is not Section 4 of the FAA,[1] and no more is necessary to require remand. Petitioners, not Respondents, are the "masters of the complaint"; they, not Respondents, get to choose what causes of action to bring to court, and where to bring them. Petitioners are not petitioning to compel arbitration under 9 U.S.C. § 4. Respondents nevertheless claim that they are entitled to remove because, in their opinion, it was possible for Petitioners to bring a claim under 9 U.S.C. § 4. Not only is Respondents' "cases may be removed if any federal claim was possible" theory of jurisdiction contradicted by the law governing removal, it has been directly contradicted by that law for longer than any attorney practicing in the United States has been alive. *See Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914) (holding principle "firmly settled" and collecting cases). Respondents' opposition (the "Opp"), D.I. 31, provides no support for their claim that the Court should invent an exception to that rule where a complaint involves breach of an arbitration agreement, and the Court should decline their invitation to do so.

In any event, even if Respondents were right that "could the petition have been brought under federal law" creates removal jurisdiction when – and only when – the federal law in question is 9 U.S.C. § 4, Petitioners could not have done so. Petitioners are aggrieved by Respondents' failure to timely pay arbitration fees as required by California statute, not by any failure by Respondents to arbitrate. Indeed, arbitration among the parties is ongoing, and arbitrators have recently been appointed in Petitioners' matters. *See* Reply Declaration of Akiva M. Cohen ("Cohen Reply Dec."), Exs. 1-13.[2] The Court should remand this case without delay and award Petitioners their reasonable attorneys' fees and costs.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in Petitioners' moving brief.

[2] Respondents filed a objection to Petitioners' reliance on "new evidence" in their reply on the Petition, D.I. 30, and presumably will do so here as well. The Local Rules do not provide Petitioners with a right to respond to those objections, so it is worth noting here that any such objection would be frivolous. *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) ("evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief"); *U.S. ex rel. Doe v. Biotronik, Inc.*, No. 2:09-CV-3617-KJM-EFB, 2015 WL 6447489, at *2 (E.D. Cal. Oct. 23, 2015) (evidence on reply considered where it "reasonably responded to" arguments raised in opposition), *aff'd in part, appeal dismissed in part sub nom. U.S. ex rel. Sant v. Biotronik, Inc.*, 716 F. App'x 590 (9th Cir. 2017).

## ARGUMENT

### I. There is No "Arbitration Exception" to the Rules Governing Removal

It is well-settled that federal courts are courts of limited jurisdiction and can only hear cases as authorized by the Constitution and statute. *See, Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (courts presume jurisdiction is absent, and burden is on party asserting jurisdiction). Petitions to compel arbitration are no different. A federal court may hear a defendant's petition to compel arbitration when a plaintiff has brought a claim in federal court. *See, e.g., Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1198 (9th Cir. 2003) (petition filed in district court action). Federal courts may also hear petitions to compel arbitration where there is a specific grant of authority allowing them to do so, such as disputes brought under collective bargaining agreements or the New York Convention. *See, e.g., Serv. Emps. Int'l Union, Loc. 1021 v. Priv. Indus. Council of Solano Cnty., Inc.*, No. CIV. 2:13-01670 WBS, 2013 WL 5569990 (E.D. Cal. Oct. 9, 2013) (collective bargaining agreement) ("*SEIU*"); *Hartford Acc. & Indem. Co. v. Equitas Reinsurance Ltd.*, 200 F. Supp. 2d 102, 104 (D. Conn. 2002) (petition under Convention). And petitions to compel arbitration may also be brought under Section 4 of the Federal Arbitration Act (9 U.S.C. § 4) if the federal courts would have jurisdiction over the underlying claims in the arbitration. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (motions to compel filed under Section 4). But without a specific jurisdictional hook, the federal courts may not hear such claims. *See Badgerow v. Walters*, 142 S. Ct. 1310, 1318 (2022) (refusing to apply "look-through" jurisdiction even to other sections of the Federal Arbitration Act, because "bedrock principles prevent us from pulling look-through jurisdiction out of thin air" absent specific statutory instruction).

It is equally well settled that plaintiffs are masters of the complaint and can avoid federal question removal by simply not asserting a right to relief under federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Petitioners cited that governing precedent in their Memorandum of Law in support of the Motion to Remand (the "Moving Brief"), D.I. 24 at 6:2-

2.

3, 9:8, and Respondents misrepresented it.[3] Petitioners ***did not*** seek relief under the FAA, and therefore whether or not they ***could have*** sought relief under the FAA is irrelevant to removal. *See, e.g., Negrete v. City of Oakland*, 46 F.4th 811, 817 (9th Cir. 2022), cert. denied sub nom. *Negrete v. City of Oakland, California*, 143 S. Ct. 781 (2023) (no subject matter jurisdiction where "state-law complaint explicitly seeks declaratory relief with respect to the anticipated federal defense"); *City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020) (removal unavailable in state nuisance action even if federal nuisance action was available).

Instead of identifying any precedent holding that arbitration is somehow different – a single case, in any jurisdiction, in which a petition under state law was removed to federal court on the basis that the facts would have supported a petition for relief under Section 4 of the FAA – Respondents point to irrelevant decisions. They cite first to look-through cases governing how federal question jurisdiction is assessed when a pleading ***actually does*** invoke Section 4 of the FAA or other federal law. D.I. 31 at 4:12-6:13 (citing *Vaden*,[4] *Geographic Expeditions*,[5]

---

[3] Respondents cite *Williams* for the supposed proposition that "the jurisdictional question is not whether they ***did*** file their petition in federal court, but rather whether they ***could have*** done so," relying on the following: "[S]tate-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." D.I. 31 at 5:14-17. But that incomplete sentence must be read in the context of the full paragraph:

> **Only** state-court actions that originally could have been removed to federal court by the defendant. **Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule,"** which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, **299 U.S. 109 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.**

*Williams*, 482 U.S. at 392 (text not quoted by Respondents emphasized). And indeed, in *Williams*, the Supreme Court expressly rejected the argument that a claim that sought relief only under state law (as Petitioners do here) was removable because the same facts could have supported claims under federal law (as Respondents claim is true here).

[4] In *Vaden*, in which the Supreme Court endorsed look-through jurisdiction, the purported jurisdictional hook for removal was a "completely preempted" *counterclaim. Id.* at 61. While the complete preemption doctrine would have transformed the state-law counterclaim into a basis for federal question jurisdiction, *id.*, the Court reiterated that removal must be determined on the face of the complaint, and therefore rejected removal. *Id.*

[5] In *Geographic Expeditions,* 599 F.3d 1102 (9th Cir. 2010), the plaintiff brought a petition in federal court under Section 4 of the FAA; the jurisdictional question was whether the amount in controversy was sufficient to confer subject matter jurisdiction on the basis of diversity. *Id.* at 1104.

3.

1   Ameriprise,[6] and Postmates[7]). Because those cases actually invoked Section 4 of the FAA (or, in

2   *Vaden*, the complete preemption doctrine), they provide no support for Respondents' claim that

3   Section 4 of the FAA is a supra-jurisdictional trump card that supersedes the normal rule that

4   removal jurisdiction can only be found on the face of the complaint, and instead permits

5   respondents to force Petitioners into federal court even where they have brought a petition

6   exclusively under state law.

7        Respondents argue that the distinction between a declaratory judgement action filed in

8   federal court and an action actually filed in state court "does not make a difference," D.I. 31 at

9   5:23-24, but they are wrong. The distinction between a possible future action ("could have") and

10  an actual action ("did") is critical. In any declaratory judgment action, "it is the character of the

11  threatened action…which will determine whether there is federal-question jurisdiction." *Atay v.*

12  *Cnty. of Maui*, 842 F.3d 688, 697-98 (9th Cir. 2016). But after an action has commenced, the

13  well-pleaded complaint rule prohibits removal of a claim that relies exclusively on state law,

14  even where the plaintiff could have brought federal claims. *See, e.g.*, *BP PLC*, 969 F.3d at 906.

15  Respondents never explain why that rule should change if the "possible" federal claim would

16  have invoked 9 U.S.C. § 4.

17       Respondents next argue that state court petitions to compel arbitration are "routinely

18  remove[d]" to federal court. D.I. 31 at 7:2. But of the nine cases they cite for that proposition,

19  most are unpublished, all are at least a decade old, and ***none of them*** hold that removal was

20  appropriate based on look-through jurisdiction. D.I. 31 at 7 n.4. In fact, in nearly all those cases,

21  removal was either explicitly based on some form of federal question jurisdiction over the

---

[6] In *Ameriprise Fin. Servs. Inc. v. Ekweani*, No. CV-14-00935-PHX-DGC, 2015 WL 1737417 (D. Ariz. Apr. 16, 2015), the plaintiff invoked federal declaratory judgment jurisdiction seeking a declaration that there was no arbitration agreement between the parties; the question for the court *under the Declaratory Judgment Act's jurisdictional rules* was therefore whether it would have had jurisdiction over a petition by the defendant, Ekwani, to enforce the arbitration agreement. *Id.*, at *3 ("The threatened coercive action that AFSI's declaratory judgment action anticipates is an action by Ekweani to compel arbitration ***under the Federal Arbitration Act***") (emphasis added).

[7] The plaintiff in *Postmates Inc. v. 10,356 Individuals*, No. CV202783PSGJEMX, 2020 WL 1908302 (C.D. Cal. Apr. 15, 2020) likewise sought a declaratory judgment and invoked federal subject matter jurisdiction based on the potential threat of a petition to compel arbitration under Section 4 of the FAA. *Id.*, at *6.

4.

petition to compel itself or there are other factors showing that inappropriate removal was not an issue when the case was decided. None of the removal cases Respondents cite hold that the "look-through" jurisdictional approach allowed removal of a petition that did not invoke 9 U.S.C. § 4.

For instance, in SEIU, the removing defendant based its removal on the fact that any claim for breach of a collective bargaining agreement – including for breach of its arbitration provisions – is completely preempted by Section 301 of the Labor Management Relations Act, and therefore that the court had federal question jurisdiction over the question of whether the arbitration provision had been breached whether or not the plaintiff was seeking relief only under state law. See Notice of Removal in SEIU, ¶¶ 7-9.[8] Respondents' assertion that "the state court motion to compel arbitration [in SEIU] was removable because it involved an underlying federal question," D.I. 31 at 6:8-10, is simply incorrect. The federal courts do not "look-through" to the underlying dispute in such cases because 29 U.S.C. § 185 provides a direct grant of federal jurisdiction over petitions to compel arbitration under a collective bargaining agreement. See, Textile Workers Union of America v. Lincoln Mills of Ala., 353 U.S. 448, 451 (1957). The same application of the complete preemption doctrine to labor disputes over the enforcement of a collective bargaining agreement, see Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 23 (1983) (§ 301 of LMRA entirely displaces any state claims), governed the claims in each of SEIU v. Citiscope,[9] Teamsters v. Union Oil,[10]

---

[8] For the Court's convenience, a copy of the Notice of Removal in SEIU is annexed to the Cohen Reply Declaration as Exhibit 14. Because the actual basis for removal had nothing to do with look-through jurisdiction, SEIU is irrelevant to Respondents' argument that the FAA allows look-through jurisdiction on removal of a Petition that does not invoke Section 4 of the FAA. That should resolve Respondents' "puzzle[ment]" about SEIU. (See D.I. 31 at 6 n.2.)

[9] See Serv. Emps. Int'l Union, Loc. 1877 v. Citiscape Prop. Mgmt. Grp. LLC, No. C 09- 0608 SBA, 2010 WL 3490185, *1 (N.D. Cal. Sept. 2, 2010) (removal on basis of preemption).

[10] See Teamsters Loc. 315 v. Union Oil Co. of California, 856 F.2d 1307, 1308 (9th Cir. 1988) (plaintiff sought to compel arbitration for violation of collective bargaining agreement).

5.

*Marshal Hale*,[11] and *C. Mondavi & Sons*.[12]

Likewise, the remaining cases Respondents cite provide no support for removing a petition to compel arbitration brought exclusively under state law on the basis of look-through jurisdiction:

- o *Cross v. National Union Fire Insurance Co. of Pittsburgh, PA*, No. 2:19-CV-00787-KJM-DB, 2019 WL 6496838, at *2 (E.D. Cal. Dec. 3, 2019). Here, the state court petition alleged breach of an arbitration clause and did not specify under what law the plaintiff was moving to compel, *see* Cohen Reply Dec Ex. 15, and, as in *SEIU*, the plaintiff refiled a new petition almost immediately upon removal and thereby unequivocally confirmed the court's subject matter jurisdiction. *See* Cohen Reply Ex. 16 at D.I. 1-1, 7-1.[13]

- o *Sunshine Beauty Supplies, Inc. v. U.S. District Court for the Central District of California*, 872 F.2d 310 (9th Cir. 1989). This case involved venue for a motion to confirm an award, *id.* at 311, meaning that look-through jurisdiction under Section 4 was not at issue.[14] While *Sunshine* noted that an earlier motion to compel had been removed, the decision provides no information about the basis for the removal, *id.*, and the Ninth Circuit later confirmed in another case that it had not endorsed look-through jurisdiction at the time it decided *Sunshine*. *See Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d

---

[11] *See Hosp. & Institutional Workers Union Loc. 250, SEIU, AFL-CIO v. Marshal Hale Mem'l Hosp.*, 647 F.2d 38, 39 (9th Cir. 1981) (dispute arose under collective bargaining agreement).

[12] *See Distillery, Wine, Allied Workers' Div., Loc. No. 186D v. C. Mondavi & Sons, Inc.*, No. C-02-5407 MJJ, 2003 WL 21767474, at *1 (N.D. Cal. July 24, 2003) (dispute over collective bargaining agreement).

[13] Respondents suggest that the lack of a motion to remand is "immaterial" given the court's duty to *sua sponte* assess jurisdiction, apparently citing the silence of the courts as persuasive authority for their position. D.I. 31 at 6. But by the time the Court would have had any opportunity to do so, it already clearly had jurisdiction.

[14] *Badgerow*, 142 S.Ct. 1316-18.

6.

1045, 1050, n.5 (9th Cir. 1999) (noting that the Circuit had not yet taken a position on look-through jurisdiction).

o *Prudential Property & Casualty Insurance Co. v. Bazley*, No. CIV.A. 86-5949, 1986 WL 14198 (E.D. Pa. Dec. 12, 1986). Similarly, this decision provides no detail on the basis for removal and involves a complex procedural posture that included a declaratory judgment action, *id.* at *1, removal there was not based on look-through jurisdiction because the Eastern District of Pennsylvania had expressly rejected that theory of jurisdiction pre-*Vaden*. *Klein v. Drexel Burnham Lambert, Inc.*, 737 F. Supp. 319, 324 (E.D. Pa. 1990). In short, none of those cases involved removal based on look-through jurisdiction.

o *Freaner v. Lutteroth Valle*, No. 11CV1819 JLS (MDD), 2013 WL 12094826, at *3 (S.D. Cal. Feb. 6, 2013). Respondents' citation to this case is particularly egregious: In this decision, the court noted that it had previously denied remand after the defendant removed *Freaner's* state court petition to compel arbitration. Id. Respondents conspicuously fail to cite the actual decision on the remand motion. *Freaner v. Valle*, No. 11CV1819 JLS MDD, 2011 WL 5596919 (S.D. Cal. Nov. 17, 2011). The reason for that failure becomes obvious immediately upon reading that decision. In *Freaner*, the court denied remand on the basis that the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention") provided an independent basis for federal jurisdiction. That fact is expressly noted in the *Freaner* decision Respondents chose to cite, **on the same page Respondents cited**, 2013 WL

7.
REPLY IN FURTHER SUPPORT OF REMAND
CASE NO. 3:23-cv-02217-SI

12094826, at *3. Worse, the actual decision on remand **rejects** Respondents' theory of removal jurisdiction:

> Plaintiff seeks remand of this action to the state court, arguing that Defendants improperly base removal on the Federal Arbitration Act ("FAA"), which "cannot provide the sole basis for federal jurisdiction." (Mot. Remand 3, ECF No. 11) Plaintiff's argument—while compelling had removal in fact been based on the FAA—totally misses the mark here, where Defendants sought removal pursuant to the New York Convention. …

2011 WL 5596919 at *3.

In sum, the cases Respondents cite provide no support for their assertion that removal is routine for any petition to compel arbitration (no matter where it is filed or under what statute) if look-through jurisdiction exists.[15]

Respondents' assertion that *Vaden* supports their theory is even less persuasive. Respondents belatedly acknowledge that the text they selectively quoted from *Vaden* as their basis for removal refers specifically to petitions brought under § 4 and not petitions to compel in general. *Compare* D.I. 1, ¶ 6 with D.I. 31 at 4:14-16. But while they continue to assert that "this Court plainly has" jurisdiction and that the "jurisdictional analysis" is "simple," D.I. 31 at 3:20-21, they offer no authority to show that "look through" jurisdiction is available in any other circumstance. They ignore the Supreme Court's admonition that look-through jurisdiction is "highly unusual," and only recognized "in *Vaden* because careful analysis of Section 4's text showed that Congress wanted it applied to petitions brought under that jurisdiction." *Badgerow*, 142 S.Ct. at 1316 (2022); *see also* D.I. 24 at 7:17-19. And they ignore that their interpretation would create a sweeping exception to the well-pleaded complaint rule, imposing federal jurisdiction over petitions to compel arbitration that do not invoke federal law.

---

[15] Respondents' citations support the uncontroversial principle that removal of state applications to compel arbitration is possible if there is an applicable statute providing for federal jurisdiction over the petition to compel arbitration – as is the case with the cited motions to compel arbitration that were actually removed under 29 U.S.C. § 185, 9 U.S.C. § 205, or, of course, brought under 9 U.S.C. § 4. But they do not support the sweeping principle that any petition to compel arbitration is removable if the underlying dispute could have been brought in federal court.

8.

1    Respondents' theory would expand federal courts' subject matter jurisdiction over

2    petitions to compel arbitration brought in state court exclusively under state laws. This would

3    explode the foundational well-pleaded complaint rule and would extend subject matter

4    jurisdiction to purely state law claims. That is not the law, and the Court should remand for that

5    reason alone.

6    **II.**  ***Even Under Respondents' Novel Approach to Federal Jurisdiction, Remand is***
       ***Required Because This Petition Could Not be Brought Under Section 4 of the***
7      ***Federal Arbitration Act***

8          Even if Respondents' novel theory of subject matter jurisdiction is correct – it is not, for

9    the reasons provided above – this Court still must remand because the Petition could not have

10   been brought under § 4.[16] That is because Petitioners are not "aggrieved by the alleged failure,

11   neglect, or refusal of another to arbitrate." 9 U.S.C. § 4. To the contrary: Petitioners' arbitrations

12   are proceeding, and Respondents have been engaged in that process. In fact, Respondents

13   actively participated in arbitrator selection ***while this motion was being briefed***. *See* Cohen

14   Reply Dec. Exs. 1-13 (appointment of arbitrators).

15        Respondents appear to argue that Petitioners have, nonetheless, been aggrieved by

16   Respondents' "failure, neglect, or refusal" to arbitrate, 9 U.S.C. § 4, because Respondents'

17   failure to timely pay fees is a material breach of the parties' arbitration agreement. D.I. 31 at

18   7:19-8:15. Petitioners agree, of course, that this conduct is a material breach of the agreements.

19   But 9 U.S.C. § 4 does not say that a party aggrieved by a ***breach*** of the arbitration agreement

20   may bring a federal court petition. It says that "[a] party aggrieved by the alleged ***failure,***

21   ***neglect, or refusal of another to arbitrate*** under a written agreement for arbitration may

22   petition." Id. (emphasis added). The plain language of 9 U.S.C. § 4 is limited; "'[r]efusal to

23

24   ---
     [16] It is worth noting here: if Respondents' theory of jurisdiction is correct, it places the federal courts in a position of
25   having to adjudicate whether the Petitioner's determination of whether a case could be brought in federal court is
     correct. This would place any Respondent with an arbitrable case where there is any uncertainty over whether there
26   is federal subject matter jurisdiction in the underlying dispute in a no-win situation. They can file in state court, and
     risk the delay caused by a Respondent's removal to federal court, or file in federal court and risk the delay caused by
27   a Respondent's motion to remand. In either case, a bad faith Respondent would be afforded an additional avenue for
     wasteful delay.

9.

arbitrate' is an 'indispensable element' of a petition to compel arbitration." *Jolly v. Intuit Inc.*,

485 F. Supp. 3d 1191, 1206 (N.D. Cal. 2020)  (quoting *Moses H. Cone Mem'l Hosp. v. Mercury*

*Constr. Corp.,* 460 U.S. 1, 21 (1983)).

As Petitioners already noted, Cohen Dec., ¶ 10, Respondents have appeared in the

arbitrations, answered the arbitration demands, participated in a conference with JAMS, and –

eventually – paid the case initiation fees. Respondents do not deny that. And since the Motion

was filed, Respondents have continued to participate in arbitrator selection. Petitioners have no

good faith basis to allege Respondents failed to arbitrate.[17] That is why Petitioners rely

exclusively on California state law and seek remedies available only under California state law.

Thus, even if there is an arbitration exception to the well-pleaded complaint rule allowing

removal when a petition to compel arbitration could have been (but wasn't) brought under § 4, it

would not apply here because this action does not meet an "indispensable element" required to

bring a § 4 petition. Removal is thus improper even under Respondents' jurisdictional theory,

and remand is required for this reason as well.

### III. The Court Should Award Fees

Finally, the Court should also award fees under 28 U.S.C. § 1447(c). An award of fees is

warranted where, as here, the removing party lacks an "objectively reasonable" basis for

removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)

Respondents' assertion that "the United States Supreme Court precedent set forth in

*Vaden* and its progeny" provides an objectively reasonable basis for removal is untenable. If

anything, that continued assertion reinforces just how objectively unreasonable Respondents

position is. In both *Vaden* and its progeny and its progeny Badgerow[18], the discussion of "look

through" jurisdiction explicitly rests on the specific language of 9 U.S.C. § 4[19]. Badgerow, in

---

[17] That is not to say that Respondents conduct in the arbitrations has been fully in accord with their obligations. It has not. But their conduct has breached the arbitration agreements in ways that simply do not implicate § 4.

[18] A case Respondents neither cite nor discuss, despite Petitioners' reference to it in the Moving Brief. D.I. 24 at 7.

[19] A statute Respondents declined to cite in the Notice, going so far as to edit reference to the statute out of their quotation from *Vaden*. D.I. 1 at ¶ 7.

10.

1   particular, refers to look-through jurisdiction as "highly unusual" and declined to extend the

2   "look-through" approach even to other sections of the Federal Arbitration Act. Under those

3   circumstances, it is not objectively reasonable to assert that *Vaden* provides a sweeping

4   jurisdictional grant untethered from any specific statute.

5          And, "[t]hough objective reasonableness is the standard, not subjective bad faith, there is

6   at least a reasonable inference from the record that Defendants' Counsel knew the decision to

7   remove was questionable at best and did it anyway." *Ramirez v. Quad Graphics, Inc*., No. EDCV

8   23-62 JGB (KKX), 2023 WL 3254979, at *12 (C.D. Cal. May 4, 2023). Respondents declined to

9   cite governing statutes in their Notice of Removal, mischaracterized multiple cases, and refuse to

10  acknowledge the novelty of their arguments. To avoid mention of Section 4, Respondents

11  truncated the quotation from *Vaden* they relied upon in the Notice of Removal, converting it

12  from a discussion of the requirements for Section 4 jurisdiction to something purporting to apply

13  to any petition to compel arbitration, regardless of where or how brought. They quote *Williams*

14  for the remarkable assertion that the "jurisdictional question is not whether [Petitioners] ***did*** file

15  their petition in federal court, but rather whether they ***could have*** done so," D.I. 31. at 5:13-16

16  (emphasis in original), though the case expressly holds the exact opposite in the very paragraph

17  Respondents quoted from. Their treatment of Ameriprise similarly relied upon mischaracterizing

18  the case, presenting the Court's discussion of the requisites of declaratory judgment jurisdiction

19  as though it referred to removal. *Compare* D.I. 31 at 5:26-27 with *Ameriprise*, 2015

20  WL 17737417, at *3. They distort Postmates in precisely the same way, ignoring the court's

21  statement (in the very paragraph Respondents quote from) that federal courts have jurisdiction

22  "only to the extent a party invokes Section 4," 2020 WL 1908302 at *6, and describing a

23  declaratory judgment action in which no petition to compel arbitration was filed at all as one in

24  which "the district court agreed that ***the*** petition to compel arbitration 'could have' been filed in

25  federal court." D.I. 31 at 5:17-20 (emphasis added). Respondents' conduct belies any claim that

26  they subjectively believed removal was reasonable.

27          Finally, Respondents repeatedly fail to acknowledge that they are, in effect, seeking a

11.

1  substantial expansion of "look through" jurisdiction. Yet the novelty of their argument could

2  hardly escape them, given their inability to locate a case expressly holding "look through"

3  applicable to petitions to compel brought outside the Section 4 context – let alone those

4  expressly brought only under a specific state statute. Here, too, their conduct is not that of

5  litigants who believed they had an objectively reasonable argument, and an award of costs and

6  fees is reasonable for reasons that were recently discussed by Judge Bernal:

> Taking the quality of the arguments raised by Defendants and the
> posture in which Defendants chose to remove the action together,
> the Court can infer that the decision to remove was an aggressive
> litigation tactic designed to serve Defendants' interests, regardless
> of the legal merits and the costs it would impose on Defendants'
> adversary and courts like this one. Defendants' Counsel,
> representing corporate entities with considerably more resources
> than Plaintiff, could surely have concluded that even a failed
> attempt to secure federal jurisdiction served his client's interests. If
> Plaintiff decided not to contest removal, or if a court denied a
> motion to remand, Defendants would be in their preferred federal
> forum. But even if a court granted a motion to remand…
> Defendants would still have forced Plaintiff to spend time and
> money litigating the motion to remand and delayed his case…In
> other words, removing would be a win-win for Defendants, a
> costless lottery ticket on federal jurisdiction, provided a court did
> not impose any costs on them. But in choosing to remove the
> action, Defendants imposed considerable costs on their adversary,
> Plaintiff, and taxed the scarce resources of this Court.
>
> The only remedy available to force Defendants to internalize the
> costs of their decision to remove this action, and to deter litigants
> from such cavalier invocations of federal jurisdiction in the future,
> is to award attorney's fees to Plaintiff.

*Ramirez*, 2023 WL 3254979, at \*12-\*13.

## CONCLUSION

In the end, Respondents are correct about one thing: the question on removal is whether

Petitioners "could [] have filed ***their Petition*** in federal court instead of state court." D.I. 31 at

3:17-18 (emphasis added). But Respondents are wrong in answering that question with a

"resounding yes." *Id.* Petitioners could have filed ***a*** Petition in federal court, had they chosen to

12.

proceed under Section 4 of the FAA – and only if were they willing to falsely allege the

indispensable element of Respondents' refusal to arbitrate. But they could not have filed *their*

Petition in federal court, both because there is no federal question jurisdiction over claims under

the California Code of Civil Procedure and because the FAA provides no recourse for litigants

like Petitioners, whose opponent engages in arbitration but intentionally delays payment of fees.

And that is fine; federal law need not provide a remedy for every conceivable wrong. California,

however, provides a remedy, and no federal question is posed by Petitioners seeking to take

advantage of it. The motion should be granted.


Dated:        June 2, 2023

By:  _/s/ Ethan Jacobs_
Ethan Jacobs
ETHAN JACOBS LAW CORPORATION
100 Pine Street, Suite 1250
San Francisco, California 94111
ethan@ejacobslaw.com

Akiva M. Cohen
KAMERMAN, UNCYK, SONIKER &
   KLEIN P.C.
1700 Broadway, 16th Floor
New York, New York 10019
acohen@kusklaw.com

*Attorneys for Petitioners*