Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Akiva M. Cohen (admitted *pro hac vice*)
Kamerman, Uncyk, Soniker & Klein P.C.
acohen@kusklaw.com
1700 Broadway, 16th Floor
New York, New York 10019
Attorneys for Petitioners

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA, | Case No.: 3:23-cv-02217-SI **DECLARATION OF AKIVA M. COHEN IN FURTHER SUPPORT OF MOTION TO REMAND AND FOR FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)** |
| Petitioners, | Hon. Susan Illston Date: June 30, 2023 Time: 10:00 AM |
| vs. | |
| TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X CORP, AND ELON MUSK, | Ctrm: 1, 17th Floor |
| Respondents. | |

I, Akiva M. Cohen, declare as follows:

1.  I am counsel to Petitioners in this action and submit this Declaration in further support of their Motion to Remand and for Fees and Costs Pursuant to 28 U.S.C. § 1447(c). I have personal knowledge of the facts set forth herein and could and would testify competently

1.

1  thereto if required to do so.

2      2.  Annexed hereto as **Exhibit 1** is a true and correct copy of the Commencement Letter

3  that JAMS issued in the matter of Sarah Anoke vs. Twitter, Inc. et al. on May 23, 2023.

4      3.  Annexed hereto as **Exhibit 2** is a true and correct copy of the Commencement Letter

5  that JAMS issued in the matter of Isabelle Cannell vs. Twitter, Inc. et al. on May 11, 2023.

6      4.  Annexed hereto as **Exhibit 3** is a true and correct copy of the Commencement Letter

7  that JAMS issued in the matter of Melanie Eusebio vs. Twitter, Inc. et al. on May 24, 2023.

8      5.  Annexed hereto as **Exhibit 4** is a true and correct copy of the Commencement Letter

9  that JAMS issued in the matter of Samantha Festejo vs. Twitter, Inc. et al. on May 11, 2023.

10     6.  Annexed hereto as **Exhibit 5** is a true and correct copy of the Commencement Letter

11 that JAMS issued in the matter of Carlos Moises Ortiz Gomez vs. Twitter, Inc. et al. on May 12,

12 2023.

13     7.  Annexed hereto as **Exhibit 6** is a true and correct copy of the Commencement Letter

14 that JAMS issued in the matter of Dawn Hosie vs. Twitter, Inc. et al. on May 12, 2023.

15     8.  Annexed hereto as **Exhibit 7** is a true and correct copy of the Commencement Letter

16 that JAMS issued in the matter of Wayne Krug vs. Twitter, Inc. et al. on May 11, 2023.

17     9.  Annexed hereto as **Exhibit 8** is a true and correct copy of the Commencement Letter

18 that JAMS issued in the matter of Partick O'Connell vs. Twitter, Inc. et al. on May 30, 2023.

19     10. Annexed hereto as **Exhibit 9** is a true and correct copy of the Commencement Letter

20 that JAMS issued in the matter of Laurent Luce vs. Twitter, Inc. et al. on May 25, 2023.

21     11. Annexed hereto as **Exhibit 10** is a true and correct copy of the Commencement Letter

22 that JAMS issued in the matter of Jamie Sena vs. Twitter, Inc. et al. on May 23, 2023

23     12. Annexed hereto as **Exhibit 11** is a true and correct copy of the Commencement Letter

24 that JAMS issued in the matter of Jim Shobe vs. Twitter, Inc. et al. on May 12, 2023

25     13. Annexed hereto as **Exhibit 12** is a true and correct copy of the Commencement Letter

26 that JAMS issued in the matter of Karyn Thompson vs. Twitter, Inc. et al. on May 23, 2023.

27     14. Annexed hereto as **Exhibit 13** is a true and correct copy of the Commencement Letter

that JAMS issued in the matter of Cristian Zapata vs. Twitter, Inc. et al. on May 11, 2023.

15. Annexed hereto as **Exhibit 14** is a true and correct copy of Defendant's Notice of Removal of Action Under 28 U.S.C. §1441 in Service Employees International Union, Local 1021 v. Workforce Investment Board, Inc., 2:13-cv-01670 (Aug 13, 2013).

16. Annexed hereto as **Exhibit 15** is a true and correct copy of Petitioners Timothy Cross and Lesly Cross' Petition to Compel Arbitration, Document 1-1 in Cross v. National Union Fire Insurance Co., 2:19-cv-00787 (May 3, 2019).

17. Annexed hereto as **Exhibit 16** is a true and correct copy of the docket in Cross v. National Union Fire Insurance Co., 2:19-cv-00787 as obtained from the ECF records on June 1, 2023.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 2nd day of June 2023 in Oceanside, NY.


Akiva M. Cohen

DECLARATION OF AKIVA M. COHEN IN FURTHER SUPPORT OF MOTION
CASE NO. 3:23-cv-02217-SI

# EXHIBIT 1



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                          May 23, 2023

       RE:    **Anoke, Sarah vs. Twitter, Inc. et al.**
                 JAMS Ref. No.: 1601002343

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two names and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **June 6, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

           Lisbeth Bulmash, Esq.
           Gary Fowler, Esq.
           Cecilia H. Morgan, Esq.
           Hon. Deanell Tacha (Ret.)
           Hon. Linda Thomas (Ret.)
           Hon. Donald G. Wilkerson (Ret.)
           Bradley A. Winters, Esq.

Résumés and rules are available on our website, www.jamsadr.com, or by contacting me.

If a party fails to respond to the list of arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.



Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 313-209-8851.  We look forward to working with you.


Sincerely,


Sarah Nevins

Arbitration Practice Manager

snevins@jamsadr.com

# EXHIBIT 2



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                                  May 11, 2023

RE:     **Cannell, Isabelle vs. Twitter, Inc. et al.**
        JAMS Ref. No.: 1601002346

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two names and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **May 25, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

> Hon. Ronald E. Cox (Ret.)
> Hon. William L. Downing (Ret.)
> Hon. Helen Halpert (Ret.)
> Hon. Faith Ireland (Ret.)
> Hon. Dean Lum (Ret.)
> Hon. Richard F. McDermott (Ret.)
> Lish Whitson

Résumés and rules are available on our website, www.jamsadr.com, or by contacting me.

If a party fails to respond to the list of arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.



Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 313-209-8851.  We look forward to working with you.


Sincerely,


Sarah Nevins

Arbitration Practice Manager

snevins@jamsadr.com

# EXHIBIT 3



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                                    May 24, 2023

RE:     **Eusebio, Melanie vs. Twitter, Inc. et al.**
        JAMS Ref. No. : 1601002347

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter.  This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.  Rules are available on our website, www.jamsadr.com, or by contacting me.  Pursuant to the rules, no party may have *ex parte* communication with the Arbitrator.  Any necessary communication with the Arbitrator must be initiated through the case manager.

All arbitrations at JAMS are conducted in accordance with the attached Fee Schedule and Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability.  Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an Arbitrator. If the parties are unable to mutually agree to an Arbitrator, then using the following list of Arbitrator candidates each party may strike two (2) and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **June 8, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

> Hon. David Brown (Ret.)
> Justice Terence L. Bruiniers (Ret)
> Justice Robert Dondero (Ret.)
> Hon. Lynn Duryee (Ret.)
> Hon. David A. Garcia (Ret.)
> Jayli Miller, Esq.
> Hon. Brian C. Walsh (Ret.)

Resumes are available on our website or by contacting me.

If a party fails to respond to the list of Arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the Arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule.  JAMS will administer the arbitration consistent with the enclosed JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness.  According to this Policy, the only fee a consumer employee may be required to pay is $400 of the Filing Fee.  All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will

also administer the case consistent with JAMS Cancellation/Continuance policy.  Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees unless we can fill the reserved but unused time with another matter.

Under appropriate circumstances, the Arbitrator may award JAMS fees and expenses against any party.  In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.
JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

**Out of State Attorneys in California Arbitrations, please note**:

The California legislature, effective January 1, 2007, has changed the process by which out-of-state attorneys may participate in non-judicial arbitrations occurring in California.  See www.calbar.ca.gov for requirements.

If you have questions, please contact me directly at 415-774-2635.  We look forward to working with you.

Sincerely,

*Darcy English*

Darcy English
ADR Specialist
denglish@jamsadr.com

# EXHIBIT 4



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                                    May 11, 2023

RE:    **Festejo, Samantha vs. Twitter, Inc. et al.**
       JAMS Ref. No.: 1601002348

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two names and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **May 25, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

> Hon. William L. Downing (Ret.)
> Daniel Garrie, Esq.
> Hon. Helen Halpert (Ret.)
> David Huebner, Esq.
> Hon. Faith Ireland (Ret.)
> Lawrence R. Mills, Esq.
> Hon. Jeffrey M Ramsdell (Ret.)

Résumés and rules are available on our website, www.jamsadr.com, or by contacting me.

If a party fails to respond to the list of arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.



Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 313-209-8851.  We look forward to working with you.


Sincerely,


Sarah Nevins

Arbitration Practice Manager

snevins@jamsadr.com

# EXHIBIT 5



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                                May 12, 2023

RE:   **Gomez, Carlos Moises Ortiz vs. Twitter, Inc. et al.**
      JAMS Ref. No.: 1601002349

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two names and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **May 26, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

> Hon. Ronald E. Cox (Ret.)
> Hon. William L. Downing (Ret.)
> Hon. Helen Halpert (Ret.)
> David Huebner, Esq.
> Hon. Dean Lum (Ret.)
> Hon. Richard F. McDermott (Ret.)
> Hon. Jeffrey M Ramsdell (Ret.)

Résumés and rules are available on our website, www.jamsadr.com, or by contacting me.

If a party fails to respond to the list of arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.



Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 313-209-8851.  We look forward to working with you.


Sincerely,


Sarah Nevins

Arbitration Practice Manager

snevins@jamsadr.com

# EXHIBIT 6



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                     May 12, 2023

RE:   **Hosie, Dawn vs. Twitter, Inc. et al.**
       JAMS Ref. No.: 1601002350

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two names and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **May 26, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

        Hon. William L. Downing (Ret.)
        Daniel Garrie, Esq.
        David Huebner, Esq.
        Hon. Faith Ireland (Ret.)
        Hon. Richard F. McDermott (Ret.)
        Lawrence R. Mills, Esq.
        Lish Whitson

Résumés and rules are available on our website, www.jamsadr.com, or by contacting me.

If a party fails to respond to the list of arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.



Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 313-209-8851.  We look forward to working with you.


Sincerely,


Sarah Nevins

Arbitration Practice Manager

snevins@jamsadr.com

# EXHIBIT 7



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                        May 11, 2023

RE:     **Krug, Wayne vs. Twitter, Inc. et al.**
        JAMS Ref. No.: 1601002351

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two names and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **May 25, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

> Hon. Anthony J. Carpinello (Ret.)
> Hon. Carolyn E. Demarest (Ret.)
> Hon. Michael H. Dolinger (Ret.)
> Hon. Helen E. Freedman (Ret.)
> Hon. Priscilla Hall (Ret)
> Hon. Shirley Werner Kornreich (Ret.)
> Christopher M. Kwok, Esq.

Résumés and rules are available on our website, www.jamsadr.com, or by contacting me.

If a party fails to respond to the list of arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.



Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 313-209-8851.  We look forward to working with you.


Sincerely,


Sarah Nevins

Arbitration Practice Manager

snevins@jamsadr.com

# EXHIBIT 8



# COMMENCEMENT OF EMPLOYMENT ARBITRATION AND NOTICE OF APPOINTMENT OF ARBITRATOR

NOTICE TO ALL PARTIES                                              May 30, 2023

      RE:    **O'Connell, Patrick vs. Twitter, Inc. et al.**
               JAMS Ref. No.: 1601002353

Dear Parties:

This confirms the commencement of this arbitration and the appointment of Hon. Charles N. Clevert, Jr. (Ret.) as the arbitrator as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules. Rules are available on our website, www.jamsadr.com, or by contacting me. Pursuant to the rules, no party may have ex parte communication with the Arbitrator. Any necessary communication with the arbitrator must be initiated through the case manager.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case. Enclosed is a summary of such cases administered within the last 5 years.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.

Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

Pursuant to JAMS policy, a preliminary deposit has been billed to cover the expense of all pre-hearing work, such as reading, drafting of orders, and conference calls. An invoice for this deposit is attached. Payment is due upon receipt . Upon receipt of payment, a Preliminary Arbitration Management Conference Call will be scheduled with the Arbitrator.

Your new contact person for this file is Hayley Prager, Case Manager to Hon. Charles N. Clevert, Jr. (Ret.).

Hayley Prager
190 Carondelet Plaza Suite 1100
St. Louis, MO 63105
Phone: 314-326-4769
Email: HPrager@jamsadr.com

Contact me at 313-209-8851 or snevins@jamsadr.com if you have questions.


Sincerely,



Sarah Nevins
Arbitration Practice Manager
snevins@jamsadr.com

Enclosure

# EXHIBIT 9



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                                      May 25, 2023

      RE:    **Luce, Laurent vs. Twitter, Inc. et al.**
                 JAMS Ref. No. : 1601002352

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter.  This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.  Rules are available on our website, www.jamsadr.com, or by contacting me.  Pursuant to the rules, no party may have *ex parte* communication with the Arbitrator.  Any necessary communication with the Arbitrator must be initiated through the case manager.

All arbitrations at JAMS are conducted in accordance with the attached Fee Schedule and Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability.  Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an Arbitrator. If the parties are unable to mutually agree to an Arbitrator, then using the following list of Arbitrator candidates each party may strike two (2) and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **Thursday, June 8, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

             Hon. Robert A. Baines (Ret.)
             Gary S. Davis, Esq.
             Hon. Lynn Duryee (Ret.)
             Hon. David A. Garcia (Ret.)
             Lizbeth Hasse, Esq.
             Hon. Jack Komar (Ret.)
             Hon. Rise Pichon (Ret.)

Resumes are available on our website or by contacting me.

If a party fails to respond to the list of Arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the Arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule.  JAMS will administer the arbitration consistent with the enclosed JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness.  According to this Policy, the only fee a consumer employee may be required to pay is $400 of the Filing Fee.  All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will

also administer the case consistent with JAMS Cancellation/Continuance policy.  Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees unless we can fill the reserved but unused time with another matter.

Under appropriate circumstances, the Arbitrator may award JAMS fees and expenses against any party.  In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.
JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

**Out of State Attorneys in California Arbitrations, please note**:

The California legislature, effective January 1, 2007, has changed the process by which out-of-state attorneys may participate in non-judicial arbitrations occurring in California.  See www.calbar.ca.gov for requirements.

If you have questions, please contact me directly at 916-830-7103.  We look forward to working with you.

Sincerely,


Alisa Razumovsky
Case Manager
ARazumovsky@jamsadr.com

# EXHIBIT 10



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                               May 23, 2023

      RE:    **Sena, Jaime vs. Twitter, Inc. et al.**
               JAMS Ref. No.: 1601002355

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two names and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **June 6, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

            Hon. Regina Cahan (Ret.)
            Gary S. Davis, Esq.
            Hon. William L. Downing (Ret.)
            Hon. Helen Halpert (Ret.)
            Hon. Dean Lum (Ret.)
            Hon. Fred K. Morrison (Ret.)
            Hon. Jeffrey M Ramsdell (Ret.)

Résumés and rules are available on our website, www.jamsadr.com, or by contacting me.

If a party fails to respond to the list of arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.



Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 313-209-8851.  We look forward to working with you.


Sincerely,


Sarah Nevins

Arbitration Practice Manager

snevins@jamsadr.com

# EXHIBIT 11



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                            May 12, 2023

RE:   **Shobe, Jim vs. Twitter, Inc. et al.**
      JAMS Ref. No.: 1601002356

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two names and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **May 26, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

> Hon. Ronald E. Cox (Ret.)
> Daniel Garrie, Esq.
> Hon. Helen Halpert (Ret.)
> Hon. Faith Ireland (Ret.)
> Hon. Dean Lum (Ret.)
> Lawrence R. Mills, Esq.
> Hon. Jeffrey M Ramsdell (Ret.)

Résumés and rules are available on our website, www.jamsadr.com, or by contacting me.

If a party fails to respond to the list of arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.



Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 313-209-8851.  We look forward to working with you.


Sincerely,


Sarah Nevins

Arbitration Practice Manager

snevins@jamsadr.com

# EXHIBIT 12



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                                   May 23, 2023

     RE:    **Thompson, Karyn vs. Twitter, Inc. et al.**
            JAMS Ref. No.: 1601002357

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two names and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **June 6, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

         Hon. David Brown (Ret.)
         Hon. Ronald E. Cox (Ret.)
         Hon. Deborah Fleck (Ret.)
         Hon. Robert C. Hight (Ret.)
         Hon. Faith Ireland (Ret.)
         Hon. Richard F. McDermott (Ret.)
         Lish Whitson

Résumés and rules are available on our website, www.jamsadr.com, or by contacting me.

If a party fails to respond to the list of arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.



Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 313-209-8851.  We look forward to working with you.


Sincerely,


Sarah Nevins

Arbitration Practice Manager

snevins@jamsadr.com

# EXHIBIT 13



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                      May 11, 2023

RE:     **Zapata, Cristian vs. Twitter, Inc. et al.**
        JAMS Ref. No.: 1601002358

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case.  Enclosed is a summary of such cases administered within the last 5 years.

The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two names and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **May 25, 2023** [Note: Strike lists should not be exchanged amongst the parties.]:

        Caroline Antonacci, Esq.
        Hon. Garrett E. Brown Jr. (Ret.)
        Hon. John Hughes (Ret.)
        Hon. John C. Lifland (Ret.)
        Hon. Patricia McInerney (Ret.)
        Patrick J. Murphy, Esq.
        Hon. Thomas J. Rueter (Ret.)

Résumés and rules are available on our website, www.jamsadr.com, or by contacting me.

If a party fails to respond to the list of arbitrator candidates by the deadline, that party shall be deemed agreeable to all the proposed candidates.  JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee an employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.



Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 313-209-8851.  We look forward to working with you.


Sincerely,


Sarah Nevins

Arbitration Practice Manager

snevins@jamsadr.com

# EXHIBIT 14

1   Randal M. Barnum      State Bar No. 111287
    Carrie E. Croxall         State Bar No. 190430
2   LAW OFFICES OF RANDAL M. BARNUM
    279 East H Street
3   Benicia, CA  94510
    Telephone:      707.745.3747
4   Facsimile:       707.745.4580
    rbarnum@rmblaw.com
5   ccroxall@rmblaw.com

6   Attorneys for Defendant: PRIVATE INDUSTRY
    COUNCIL OF SOLANO COUNTY, INC., dba
7   WORKFORCE INVESTMENT BOARD OF
    SOLANO COUNTY (erroneously sued herein as
8   WORKFORCE INVESTMENT BOARD, INC.)

9

                    **UNITED STATES DISTRICT COURT**
10
                    **EASTERN DISTRICT OF CALIFORNIA**
11

12

13  SERVICE EMPLOYEES INTERNATIONAL          CASE NO.
    UNION, LOCAL 1021,
14                                           **DEFENDANT'S NOTICE OF REMOVAL**
               Plaintiff/Petitioner,         **OF ACTION UNDER 28 U.S.C. § 1441**
15
          v.                                 **(Federal Question Jurisdiction)**
16
    WORKFORCE INVESTMENT BOARD,
17  INC.

18             Defendant/Respondent.

19

20        **TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT**

21  **OF CALIFORNIA AND TO PLAINTIFF/PETITIONER AND ITS ATTORNEYS OF**

22  **RECORD:**

23        **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. Sections 1331, 1441(a) and 1446,

24  Defendant/Respondent PRIVATE INDUSTRY COUNCIL OF SOLANO COUNTY, INC., dba

25  WORKFORCE INVESTMENT BOARD OF SOLANO COUNTY (erroneously sued herein as

26  WORKFORCE INVESTMENT BOARD, INC.) ("Defendant" or "WIB") hereby removes the

27  above-entitled action from Solano County Superior Court to the United States District Court for

28  the Eastern District of California.

                                    - 1 -
                        DEFENDANT'S NOTICE OF REMOVAL

**REMOVAL JURISDICTION**

1.      On August 6, 2013, Plaintiff Service Employees International Union, Local 1021 ("Plaintiff" or "SEIU 1021") filed a Verified Petition to Compel Arbitration in Solano County Superior Court against WIB entitled *Service Employees International Union, Local 1021 v. Workforce Investment Board, Inc.*, Case No. FCS042119.

2.      WIB was personally served with the Petition to Compel Arbitration on August 7, 2013. A copy of the Petition and supporting papers, as well as all process, pleadings, notices and orders filed in the State Court action are attached hereto as **Exhibit "A."** Because this Notice of Removal is filed within thirty (30) days of service of the Petition on Defendant, removal is timely pursuant to 29 U.S.C. Section 1446(b).

3.      As will be demonstrated below, the subject civil action necessarily arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. 185(a). ("LMRA") As such, it is a case over which this Court has original jurisdiction under 28 U.S.C. Section 1331, and removal is therefore appropriate under 28 U.S.C. Section 1441.

4.      At all relevant times, WIB has been, and is, a corporation which offers programs and services to provide employers access to qualified workers, and equip job seekers to compete in the job market. As such, it has been, and is, a corporation "in an industry affecting commerce" within the meaning of the Labor Management Relations Act ("LMRA") Sections 152(2), (6), (7), and 185(a).

5.      At all relevant times, SEIU 1021 has been, and is a labor organization in which certain employees of WIB participate and which exists for the purpose of dealing with employees' grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work. At all relevant times, SEIU 1021 has been, and is, a labor organization within the meaning of Section 2(5) and 301(a) of the LMRA, 29 U.S.C. Sections 152(5) and 185(a).

6.      At all relevant times during their employment with WIB, the employment of SEIU 1021's members with WIB was specifically governed by a Collective Bargaining Agreement ("CBA") entered into between WIB and SEUI 1021. A true and correct copy of the CBA is attached hereto as **Exhibit "B."** At all relevant times, this CBA has been and is a

1  contract between an employer and a labor organization within the meaning of Section 301(a) of

2  the LMRA, 29 U.S.C. Section 185(a).

3       7.    SEIU 1021's factual allegations include various types of conduct covered by the

4  CBA.  For example, SEIU 1021 alleges that a dispute exists over the interpretation and/or

5  application of the CBA (Petition, ¶ 5.)  SEIU 1021 specficaly alleges that WIB is in violation of

6  the CBA because WIB: refused to meet to initiate and to participate in the informal resolution

7  process prior to a formal grievance being filed (Petition, ¶¶ 5 and 7); refused to process

8  grievances (Petition ¶ 9); and failed and refuses to comply with the grievance and arbitration

9  provisions of the CBA (Petition ¶ 12).

10       8.    The LMRA confers federal jurisdiction in any suit between an employer and a

11  labor union for violation of a collective bargaining agreement. (See 29 U.S.C. § 185(a), (b); *K.V.*

12  *Mart Co. v. United Food & Commercial Workers Int'l Union, Local 324* (9th Cir. 1999) 173 F.3d

13  1221, 1224-1225.)  The preemptive force of Section 301 of the LMRA is such that it "converts

14  an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded

15  complaint rule" and the entire Complaint is removable to federal court.  (*Caterpillar Inc. v.*

16  *Willams* (1987) 482 U.S. 386, 392; *Franchise Tax Board v. Construction Laborers Vacation*

17  *Trust* (1983) 463 U,S, 1m 23 ("if a federal cause of action completely preempts a state cause of

18  action, any complaint that comes within the scope of the federal cause of action necessarily

19  'arises' under federal law"); *Associated Builders & Contractors, Inc. v. Local 302, IBEW* (9th

20  Cir. 1997) 109 F. 3d 1353, 1356.)

21       9.    Because this lawsuit alleges a violation of a contract between an employer and a

22  labor organization representing employees in an industry affecting commerce, it is by definition,

23  under Section 301 of the LMRA (29 U.S.C. § 185), a suit arising under an act of Congress

24  regulating commerce.  As such, it is an action over which this Court has original jurisdiction,

25  without respect to the amount in controversy and without regard to the citizenship of the parties.

26  (29 U.S.C. § 185 and 28 U.S.C. § 1331.)

27  / / /

28

- 3 -

10.     Since this action under 29 U.S.C. § 185 is a suit involving claims of a right arising, if at all, under the laws of the United States, it may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(b) and 1446 without regard to the citizenship or residence of the parties.

**VENUE**

11.     Venue lies in the United States District Court, Eastern District of California pursuant to 28 U.S.C. Sections 1441(a) and 1391(b), because the original state court action was filed in this district and this is the jurisdictional district in which the action arose.

**INTRADISTRICT ASSIGNMENT**

12.     SEIU 1021's claims arose in Solano County.  Assignment to the Sacramento division of this Court is therefore proper under Local Rule 120(c).

**NOTICE TO STATE COURT AND TO PLAINTIFF**

13.     Written notice of the filing of this Notice of Removal will promptly be  given to SEIU 1021 and, together with a copy of the Notice of Removal and supporting papers, will promptly be filed with the Clerk of the Court for Solano County Superior Court, as required by 28 U.S.C. Section 1447(d).

WHEREFORE Defendant WIB respectfully requests that this civil action be removed from the State of California, Solano County Superior Court to the United States District Court for the Eastern District of California.

Dated: August 13, 2013          LAW OFFICES OF RANDAL M. BARNUM


By: _____
    Randal M. Barnum
    Carrie E. Croxall
    Attorneys for Defendant,
    PRIVATE INDUSTRY COUNCIL OF
    SOLANO COUNTY, INC., dba
    WORKFORCE INVESTMENT BOARD
    OF SOLANO COUNTY (erroneously sued
    herein as WORKFORCE INVESTMENT
    BOARD)

- 4 -

# EXHIBIT 15

1  C. Brooks Cutter, SBN 121407
   John G. Roussas, SBN 227325
2  Matthew M. Breining, SBN 306788
   **CUTTER LAW P.C.**
3  401 Watt Avenue
   Sacramento, CA 95864
4  Telephone:   (916) 290-9400
   Facsimile:   (916) 588-9330
5  Email:   jroussas@cutterlaw.com

6  Attorneys for Plaintiffs,
   TIMOTHY CROSS and LESLY CROSS
7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

MAR 06 2019

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: E. Cavazos, Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF PLACER

10

11  TIMOTHY CROSS; LESLY CROSS,        Case No. **SCV  0042620**

12            Petitioner,             **PETITIONERS TIMOTHY CROSS AND
                                      LESLY CROSS' PETITION TO**
13       v.                          **COMPEL ARBITRATION**

14  AMERICAN INTERNATIONAL
    GROUP, INC, and DOES 1 through 10,
15  inclusive,                        Date: 5-2-19
                                      Time: 8:30am
16            Respondents.            Dept: 42
                                      Judge:
17                                                            BY FAX

18       Petitioners TIMOTHY CROSS and LESLY CROSS allege as follows:

19       1.      At all relevant times herein, Petitioner Timothy Cross was insured by American

20  International Group, Inc., ("AIG") for *inter alia,* an Uninsured Motorist/Underinsured Motorist

21  ("UM/UIM") policy (the "Agreement").

22       2.      The Agreement, Section 5, provides that the Parties are to arbitrate disagreements

23  as follows:

24       **"Arbitration. (a) If we and an "insured" disagree whether the "insured" is
         legally entitled to recover damages from the owner or driver of an
25       "uninsured motor vehicle" or do not agree as to the amount of damages that
         are recoverable by that "insured", the disagreement will be settled by
26       arbitration. Such arbitration may be initiated by written demand for
         arbitration made by either party.**

27

28  ///

                                    -1-
                        PETITION TO COMPEL ARBITRATION

A-8

1     3.      A controversy has arisen between Petitioners and Respondent in that Respondent

2    is refusing to pay benefits owed for injuries and damages resulting from a motor vehicle collision.

3     4.      The Agreement provides that, unless both Parties agree otherwise, arbitration will

4    take place in the county in which the insured lives. Petitioners Timothy Cross and Lesly Cross

5    reside in Placer County.

6     5.      On or about January 31, 2019, *Petitioner* demanded that Respondent submit the

7    issues to arbitration as agreed.

8     6.      Respondent has at all times refused, and still refuses, to arbitrate.

9    WHEREFORE, Petitioner prays:

10    1.      That the Court order Respondent to arbitrate the controversy as alleged herein.

11    2.      That Petitioner be awarded costs of suit and attorney's fees herein incurred.

12    3.      For such other and further relief as the court may deem proper.

13   Dated: March 6, 2019                              CUTTER LAW, P.C.

14

15                                                     By: _____

16                                                         John G. Roussas
                                                           Attorneys for Plaintiffs
17

18

19

20

21

22

23

24

25

26

27

28

-2-

PETITION TO COMPEL ARBITRATION

A - 9

# EXHIBIT 16

RECAP Actions ▾

CIVIL,CLOSED

## U.S. District Court
## Eastern District of California - Live System (Sacramento)
## CIVIL DOCKET FOR CASE #: 2:19-cv-00787-KJM-DB

Cross et al v. American International Group et al
Assigned to: Chief District Judge Kimberly J. Mueller
Referred to: Magistrate Judge Deborah Barnes
Demand: $75,000
Cause: 28:1332 Diversity-Petition for Removal

Date Filed: 05/03/2019
Date Terminated: 12/03/2019
Jury Demand: None
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 05/03/2019 | 1 R | NOTICE of REMOVAL from Superior Court of the State of California, County of Placer, case number SCV0042620 by National Union Fire Insurance Company of Pittsburgh, PA. (Filing fee $ 400, receipt number 0972-8244754) (Attachments: # 1 R Exhibit A - Petition to Compel Arbitration, # 2 R Exhibit B - National Union's Opposition to Petition to Compel Arbitration, # 3 Exhibit C - Request for Judicial Notice, # 4 Exhibit D - Declaration of Linda Murphy, # 5 Exhibit E - National Union's Motion to Change Venue, # 6 Exhibit F - American International Group, Inc.'s Motion to Quash, # 7 Exhibit G - Request for Dismissal, # 8 Exhibit H - Petitioners' Doe Amendment)(Weinreich, Rebecca) (Entered: 05/03/2019) |
| 05/03/2019 | 2 | CIVIL COVER SHEET by National Union Fire Insurance Company of Pittsburgh, PA (Weinreich, Rebecca) (Entered: 05/03/2019) |
| 05/03/2019 | 3 R | NOTICE to Adverse Party of Removal of Action by National Union Fire Insurance Company of Pittsburgh, PA. (Weinreich, Rebecca) (Entered: 05/03/2019) |
| 05/03/2019 | 4 | CIVIL NEW CASE DOCUMENTS ISSUED; Initial Scheduling Conference set for 9/12/2019 at 02:30 PM in Courtroom 3 (KJM) before District Judge Kimberly J. Mueller. (Attachments: # 1 Standing Order, # 2 Consent Form, # 3 VDRP) (Zignago, K.) (Entered: 05/03/2019) |
| 05/21/2019 | 5 | SUPPLEMENT by National Union Fire Insurance Company of Pittsburgh, PA re 1 R Notice of Removal,,. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Zanin-Wog, Angela) (Entered: 05/21/2019) |
| 05/21/2019 | 6 | MOTION to DISMISS by National Union Fire Insurance Company of Pittsburgh, PA. Motion Hearing SET for 7/12/2019 at 10:00 AM in Courtroom 3 (KJM) before District Judge Kimberly J. Mueller. (Attachments: # 1 Points and Authorities)(Zanin-Wog, Angela) Modified on 5/22/2019 (Mena-Sanchez, L.) (Entered: 05/21/2019) |
| 06/11/2019 | 7 R | MOTION to COMPEL ARBITRATION by Lesly Cross, Timothy Cross. Motion Hearing set for 7/12/2019 at 10:00 AM in Courtroom 3 (KJM) before District Judge Kimberly J. Mueller. (Attachments: # 1 R Petition, # 2 Proposed Order) (Roussas, John) Modified on 6/12/2019 (York, M.) (Entered: 06/11/2019) |

| 06/28/2019 | 8 | OPPOSITION by National Union Fire Insurance Company of Pittsburgh, PA to 7 [R] Motion to Compel Arbitration. (Zanin-Wog, Angela) (Entered: 06/28/2019) |
|---|---|---|
| 06/28/2019 | 9 | OPPOSITION by Lesly Cross, Timothy Cross to 6 Motion to Dismiss. (Attachments: # 1 Declaration of John G. Roussas, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Roussas, John) (Entered: 06/28/2019) |
| 07/03/2019 | 10 [R] | ORDER to SHOW CAUSE signed by District Judge Kimberly J. Mueller on 7/2/19 ORDERING Plaintiffs' counsel to show cause within seven days why he should not be sanctioned $250 for failure to comply with the Court's meet and confer requirements. The court VACATES the hearing dates for the pending Motion to Dismiss, 6 , and Motion to Compel Arbitration, 7 [R] , and RESETS hearing for 8/23/19, with briefing deadlines RESET under Local Rule 230. The parties are ORDERED to fulfill their meet and confer obligations and indicate whether their discussions affect the pending Motion to Dismiss and Motion to compel Arbitration, with a joint status report to be filed no later than 8/9/19. (Mena-Sanchez, L) (Entered: 07/03/2019) |
| 07/09/2019 | 11 | DECLARATION/RESPONSE of John G. Roussas to 10 [R] Order to Show Cause. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Roussas, John) Modified on 7/10/2019 (Benson, A.). (Entered: 07/09/2019) |
| 07/10/2019 | 12 | SUPPLEMENTAL 11 DECLARATION/RESPONSE of John G. Roussas re 10 [R] Order to Show Cause. (Roussas, John) Modified on 7/10/2019 (Benson, A.). (Entered: 07/10/2019) |
| 07/10/2019 | 13 | DECLARATION of Rebecca R. Weinreich Re 11 , 12 Declarations in Response OSC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Zanin-Wog, Angela) Modified on 7/10/2019 (Benson, A.). (Entered: 07/10/2019) |
| 07/16/2019 | 14 | MINUTE ORDER issued by Courtroom Deputy C. Schultz for District Judge Kimberly J. Mueller: The court has received and considered the parties' filings at ECF Nos. 11 , 12 , and 13 . Accordingly, the court's Order to Show Cause filed at ECF No. 10 [R] is DISCHARGED. (Text Only Entry) (Schultz, C) (Entered: 07/16/2019) |
| 07/31/2019 | 15 | JOINT STATUS REPORT by National Union Fire Insurance Company of Pittsburgh, PA. (Zanin-Wog, Angela) (Entered: 07/31/2019) |
| 08/09/2019 | 16 | OPPOSITION by Lesly Cross, Timothy Cross to 6 Motion to Dismiss. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Roussas, John) Modified on 8/12/2019 (Huang, H.). (Entered: 08/09/2019) |
| 08/16/2019 | 17 | REPLY by Lesly Cross, Timothy Cross to RESPONSE to 7 [R] Motion to Compel Arbitration. (Roussas, John) (Entered: 08/16/2019) |
| 08/16/2019 | 18 | REPLY by National Union Fire Insurance Company of Pittsburgh, PA re 6 Motion to Dismiss. (Zanin-Wog, Angela) (Entered: 08/16/2019) |
| 08/23/2019 | 19 | MINUTES for MOTION HEARING held before District Judge Kimberly J. Mueller on 8/23/2019. Attorney, John Roussas, present for Plaintiffs. Attorney, Rebecca Weinreich, present for Defendant National Union Fire Insurance Company of Pitsburgh, PA. After hearing oral argument as to Defendant's Motion to Dismiss and Plaintiffs' Motion to Compel Arbitration (ECF Nos. 6 and 7 [R] ), the court took the matters under submission. A written order will issue. Court Reporter: Kimberly Bennett. (Text Only Entry) (Schultz, C) (Entered: 08/23/2019) |
| 08/26/2019 | 20 | TRANSCRIPT REQUEST by National Union Fire Insurance Company of Pittsburgh, PA for proceedings held on August 23, 2019 before Judge Kimberly J. Mueller. Court |

| | | |
|---|---|---|
| | | Reporter Kimberly Bennett. (Zanin-Wog, Angela) (Entered: 08/26/2019) |
| 08/28/2019 | 21 | MEMORANDUM by Lesly Cross, Timothy Cross in SUPPORT of 7 ℝ Motion to Compel Arbitration. (Attachments: # 1 Exhibit)(Roussas, John) (Entered: 08/28/2019) |
| 09/05/2019 | 22 | JOINT SCHEDULING REPORT by National Union Fire Insurance Company of Pittsburgh, PA. (Weinreich, Rebecca) (Entered: 09/05/2019) |
| 09/06/2019 | 23 | MINUTE ORDER issued by Courtroom Deputy C. Schultz for District Judge Kimberly J. Mueller: In light of the pending Motion to Dismiss and Motion to Compel Arbitration (ECF Nos. 6 and 7 ℝ ), the Status (Pretrial Scheduling) Conference set for 9/12/2019 is VACATED and RESET for 11/21/2019 at 2:30 PM in Courtroom 3 before District Judge Kimberly J. Mueller, with the filing of a joint status report seven days prior. (Text Only Entry) (Schultz, C) (Entered: 09/06/2019) |
| 10/01/2019 | 24 | TRANSCRIPT of Proceedings held on 8/23/19, before District Judge Kimberly J. Mueller, filed by Court Reporter Kimberly Bennett, Phone number 916-741-3475 E-mail reporter.bennett@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 10/24/2019. Redacted Transcript Deadline set for 11/1/2019. Release of Transcript Restriction set for 12/30/2019. (Bennett, K) (Entered: 10/01/2019) |
| 11/14/2019 | 25 | MINUTE ORDER issued by Courtroom Deputy C. Schultz for District Judge Kimberly J. Mueller: In light of the pending Motion to Compel Arbitration and Motion to Dismiss (ECF Nos. 6 and 7 ℝ ), the Status (Pretrial Scheduling) Conference set for 11/21/2019 is VACATED and RESET for 1/30/2020 at 2:30 PM in Courtroom 3 before District Judge Kimberly J. Mueller, with the filing of an updated joint status report due fourteen days prior. (Text Only Entry) (Schultz, C) (Entered: 11/14/2019) |
| 12/03/2019 | 26 ℝ | ORDER signed by District Judge Kimberly J. Mueller on 12/2/19 GRANTING 6 Motion to Dismiss and DENYING 7 ℝ Motion to compel arbitration. CASE CLOSED. (Kaminski, H) (Entered: 12/03/2019) |
| 12/03/2019 | 27 | JUDGMENT dated *12/3/19* pursuant to order signed by District Judge Kimberly J. Mueller on 12/2/19. (Kaminski, H) (Entered: 12/03/2019) |
| 12/16/2019 | 28 | BILL of COSTS SUBMITTED by National Union Fire Insurance Company of Pittsburgh, PA. (Weinreich, Rebecca) (Entered: 12/16/2019) |
| 12/23/2019 | 29 | OPPOSITION by Plaintiffs to 28 Bill of Costs Submitted. (Attachments: # 1 Declaration of John G. Roussas, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Roussas, John) Modified on 12/26/2019 (Mena-Sanchez, L). (Entered: 12/23/2019) |
| 12/26/2019 | 30 | MINUTE ORDER issued by Courtroom Deputy C. Schultz for District Judge Kimberly J. Mueller: The court is in receipt of Plaintiffs' Bill of Costs Objections (ECF No. 29 ). Accordingly, oral argument re: Defendant's Bill of Costs (ECF No. 28 ) is SET for 2/7/2020 at 10:00 AM in Courtroom 3 before District Judge Kimberly J. Mueller. (Text Only Entry) (Schultz, C) (Entered: 12/26/2019) |
| 01/24/2020 | 31 | NOTICE of withdrawal of 28 Bill of Costs by National Union Fire Insurance Company of Pittsburgh, PA. (Zanin-Wog, Angela) Modified on 1/27/2020 (Zignago, K.). (Entered: 01/24/2020) |
| 01/27/2020 | 32 | MINUTE ORDER issued by Courtroom Deputy C. Schultz for Chief District Judge Kimberly J. Mueller: In light of the Notice of Withdrawal filed at ECF No. 31 , Defendant National Union Fire Insurance Company of Pittsburgh, PA's Bill of Costs filed at ECF No. 28 is WITHDRAWN, Plaintiffs' Opposition filed at ECF No. 29 is |

DENIED as MOOT, and the Hearing set for 2/7/2020 is VACATED. (Text Only Entry) (Schultz, C) (Entered: 01/27/2020)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/01/2023 09:16:32 | | | |
| **PACER Login:** | akivamcohen | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-00787-KJM-DB |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |