MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:  +1.650.843.4001

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS, CORP, X CORP, AND ELON MUSK,<br>Respondents. | Case No. 3:23-cv-02217-SI<br><br>**RESPONDENTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 of the Northern District of California, Respondents X Holdings Corp., on its own behalf and as successor in interest to named Respondent X Holdings I, Inc. ("X Holdings"), X Corp., on its own behalf and as successor in interest to named Respondent Twitter, Inc. ("Twitter"), and Elon Musk ("Respondents") hereby move the Court to issue an administrative order authorizing the filing under seal of Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 ("Supplemental Corporate Disclosure Statement").

On June 6, 2023, the Court directed Respondents to file a supplemental corporate disclosure statement disclosing "who owns X Holdings Corporation because that person or persons have 'a financial interest of any kind in the subject matter in controversy.'" ECF No. 35. In compliance with the Court's June 6 Order, Respondents have submitted concurrently herewith a Supplemental Corporate Disclosure Statement listing of all shareholders that have an ownership interest in the privately held corporation and named Respondent X Holdings. However, because the identities of these owners constitute private and confidential business information that is not publicly available and the disclosure of which would result in injury, Respondents request that the Court authorize this filing under seal. In accordance with the Court's Local Rules, a redacted version of the Supplemental Corporate Disclosure Statement has been filed in the public record. Because the sole purpose of the Corporate Disclosure Statement under Local Rule 3-15 is to allow the Judge to determine whether a conflict exists that would necessitate recusal, no legitimate purpose is served by any public-facing filing of this private and confidential information.

## II. LEGAL STANDARD

Courts apply a "strong presumption in favor of access" to court records. *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, the presumption of access to court records can be overcome when a party demonstrates important countervailing interests in maintaining the confidentiality of sensitive and private personal or business information. *San Jose News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

Confidentiality protections are not limited to trade secrets. *See, e.g., Pintos v. Pacific Creditors Assoc.*, 504 F.3d 792, 801 (9th Cir. 2007); *Hagestead v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *see also* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting protection of "trade secrets" and other "confidential commercial information.")  Nor are confidentiality protections limited to a company's sensitive financial information, business forecasts, and intellectual property.  "In deciding whether sufficient countervailing interests exist, the court will look to the public interest in understanding the judicial process and whether disclosure of the material could result in improper use . . ."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

In addition, under Article I, section 1 of the California Constitution, persons have a constitutional inalienable right to privacy.  This right to privacy includes the privacy of a person's financial information, such as investments and financial holdings.  *See Valley Bank of Nevada v. Superior Ct.*, 15 Cal. 3d 652, 656, (1975) (discussing the "inalienable right" of privacy under the California Constitution and finding that courts "may safely assume that the right of privacy extends to one's confidential financial affairs as well as to the details of one's personal life").  The existence of an ownership share and/or interest in a private corporation clearly constitutes a person's private financial information that is protected under the California Constitution.

Courts also draw an important distinction between the standard for the sealing of records attached to dispositive motions versus non-dispositive motions.  *See, e.g., Best Odds Corp. v. iBus Media Ltd.*, No. 2:14-cv-00932-RCJ-VCF, 2014 WL 5687730, *2 (Nov. 4, 2014) (citing *Kamakana*, 447 F.3d 1172 at 1180). "This distinction is predicated on the fact that different interests are at stake with dispositive and non-dispositive motions." *Best Odds Corp.*, 2014 WL 5687730, at *2. As a result, "[w]ith non-dispositive motions, **private interests predominate**." *Id.* (emphasis added).  A request to seal records attached to non-dispositive motions "merely requires satisfying Rule 26(c)" and a showing of "good cause," and the district court has "much flexibility in balancing and protecting the interests of private parties" under this standard.  *Id.*  Indeed, "the good cause standard may be satisfied by showing mere embarrassment, incrimination, or exposure to undue litigation expenses." *Id.* (citing Fed. R. Civ. P. 26(c)).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

## III. ARGUMENT

The Court should grant Respondents' Motion for Administrative Relief to authorize the filing under seal of Respondents' Supplemental Corporate Disclosure Statement. The Supplemental Corporate Disclosure Statement is not a motion, let alone a dispositive motion, but rather a document the sole purpose of which is for the assigned judge to consider whether any conflict exists that would require recusal. Here, good cause exists to seal the portions of the filing that reveal the identities of X Holdings' owners/shareholders due to the countervailing interests in maintaining the confidentiality of this sensitive confidential and private business information. The owners/shareholders of X Holdings include various individual persons, private family and other trusts, and other private entities (such as funds, LLCs and corporations). Batura Decl. ¶ 3. As a matter of routine practice and policy, X Holdings does not publish or make publicly available information regarding its owners/shareholders and treats such information as confidential. *Id*. Individuals and entities investing and taking an ownership interest in a private corporation such as X Holdings expect that such information will remain private. *Id*. The disclosure of such information violates this expectation of privacy. Also, in certain cases, X Holdings is contractually bound to keep such information confidential. *Id*.

Denying Respondents' request for sealing here will cause injury to the owners/shareholders whose identities would be disclosed in a public court filing, and to X Holdings by revealing its confidential business information. The wholesale disclosure of information regarding its owners/shareholders potentially could enable X Holdings' competitors to undermine X Holdings' competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or otherwise prejudice X Holdings' business interests. To that end, X Holdings has policies that prohibit employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain non-public information, permitting access to documents and data on a need-to-know basis, and requiring employees to sign confidentiality agreements. Batura Decl. ¶ 4. The act of disclosing (and making public) financial information protected by a right of privacy itself constitutes an injury to owners' privacy interests.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

1   No less restrictive alternative exists to sealing this information that be sufficient to protect the
2   interests at stake here.
3       The disclosure of X Holdings' shareholders to the Court *under seal* would fully comply
4   with and promote the purposes underlying Rule 7.1 and Civil Local Rule 3-15. Rule 7.1 of the
5   Federal Rules of Civil Procedure serves to "support properly informed disqualification decisions"
6   by the Court. F.R.C.P. 7.1, Committee Notes on Rules – 2002. Similarly, Civil Local Rule 3-15
7   is intended to aid the Court in determining whether any potential conflicts of interest exist that
8   would lead the assigned Judge to recuse him or herself. *See* N.D. Cal. Civil L-R 3-15(b)(1) ("The
9   Certification must disclose whether the party is aware of any conflict, financial or otherwise, that
10  the presiding judge may have with the parties to the litigation.") As a result, Respondents' filing
11  of the Supplemental Corporate Disclosure Statement under seal to the Court and redacting the
12  identities of X Holdings' shareholders/owners from the publicly filed document fully satisfies all
13  competing interests – allowing the Court to determine whether a conflict exists while
14  simultaneously safeguarding confidential and private business and financial information and
15  preventing potential misuse of this information. *See Best Odds Corp.*, 2014 WL 5687730, at *2
16  (granting the defendant's motion to file a redacted certificate of interested parties and noting that
17  sealing the disclosure will "(1) satisfy Rule 7.1's purpose, by enabling the court to determine
18  whether a conflict of interest exists, and (2) act as a prophylactic against potential[] litigation
19  abuses that will needlessly increase the cost of litigation.")
20      Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not serve Claimants'
21  interests; rather, they serve the Court and its interests in avoiding potential conflicts of interest.
22  Respondents have made compliant disclosures that afford this Court the opportunity to assess
23  whether any conflict of interest exists. Petitioners should not be entitled to conduct impermissible
24  discovery regarding Respondent X Holdings, and the Court should not indulge Petitioners' efforts
25  to obtain information to which they are not entitled.
26  **IV.   CONCLUSION**
27      For the foregoing reasons, Respondents respectfully move this Court to grant
28  Respondents' Motion for Administrative Relief to keep sealed the Supplemental Corporate

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

1  Disclosure Statement.

2  Dated: June 9, 2023                           MORGAN, LEWIS & BOCKIUS LLP

3
4                                               By  /s/ Eric Meckley
                                                    Eric Meckley
5                                                   Brian D. Berry
                                                    Ashlee N. Cherry
                                                    Kassia Stephenson
6
7                                                   Attorneys for Respondents
                                                    TWITTER, INC.; X HOLDINGS I, INC.;
                                                    X HOLDINGS CORP.; X CORP.; ELON MUSK
8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI