Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Akiva M. Cohen (admitted *pro hac vice*)
Kamerman, Uncyk, Soniker & Klein P.C.
acohen@kusklaw.com
1700 Broadway, 16th Floor
New York, New York 10019

Attorneys for Petitioners

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOSIE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA,<br><br>                      Petitioners,<br><br>vs.<br><br>TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X CORP, AND ELON MUSK,<br><br>                      Respondents. | Case No.: 3:23-cv-02217-SI<br><br>**PETITIONERS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO SEAL** |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT ..............................................................................................................................1

    I.   Respondents Fail to Comply With the Rules of Their Chosen Forum ...................................1

    II.  The Covert Attempt To Seek In Camera Review Lacks Any Articulated Basis ...................2

    III. Respondents Cannot Show Compelling Reasons or Good Cause to Seal ............................3

CONCLUSION .............................................................................................................................5

**INTRODUCTION**

Although Respondents present their June 9, 2023 Administrative Motion To File Under Seal, D.I. 36 ("the Motion") to the Court as a motion to seal, they fail to inform the Court that they have refused to provide Petitioners' counsel with a copy of the document, and are thus actually seeking *in camera* review. Respondents refused to respond to Petitioners' requests to provide either the document or any justification for their conduct for nearly 36 hours. Declaration of Akiva M. Cohen ("Cohen Dec.") ¶¶ 2-3, Ex. 1. When they finally responded late Sunday night, their response was to demand that Petitioners' counsel have the meet and confer this Court's rules required them to hold ***before*** making the Motion and explain, by the start of business Monday, why Respondents need to provide Petitioners' counsel with a document Respondents already served on the Court. *Id.*[1]

**ARGUMENT**

There are multiple reasons the motion should be denied.

*I. Respondents Fail to Comply With the Rules of Their Chosen Forum*

Respondents, not Petitioners, elected to proceed in this Court.[2] Despite selecting this forum, the Motion repeatedly fails to abide by its rules. It does not provide the stipulation or declaration explaining why a stipulation could not be obtained as required by L.R. 7-11.[3] And given Respondents' failure to provide Petitioners with notice of this Motion, much less meet-and-confer, they have not fulfilled L.R. 79-5.a's requirement to explore all reasonable alternatives. Respondents' failures here are particularly glaring, given the rule's requirement that

---

[1] With apologies to the Court, Petitioners could not indulge the novel request for a post-Motion meet and confer on whether the Motion was necessary at all, for the same reason that the Court has rules requiring such meet-and-confers in the first instance. Petitioners (and their counsel) will be engaged in complex litigation with Respondents (and their counsel), apparently for some time. That litigation can only be efficiently conducted if Respondents' counsel are willing to abide by the rules of the relevant jurisdictions and their professional obligations. Respondents filed a late-Friday night administrative motion and *ex parte* submission to the Court, with a Tuesday deadline for opposition, requiring Petitioners' counsel to work to respond in the face of Respondents' silence. Re-working in the face of a post-hoc meet-and-confer would be, to put it mildly, inefficient and prejudicial. Petitioners cannot afford to encourage or reward that behavior.

[2] Petitioners are, as the Court is aware, seeking remand. D.I. 24.

[3] Indeed, Respondents never asked for one.

they redact only "the truly sensitive information." *Id*. Multiple investors have publicly stated that they have an ownership interest in X Holdings. *See* Cohen Dec. at Ex. 2. Yet the document seeks to seal the identity of ***every*** person with an ownership interest – including, apparently, Elon Musk himself. The failure to abide by local rules is sufficient reason to deny a motion. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012). The Motion should be denied on these grounds alone. *See also* Rule 79-5(f)(6).

### *II. The Covert Attempt To Seek In Camera Review Lacks Any Articulated Basis*

This is a deliberately concealed Motion for *in camera* review. Respondents provided the Court, but not Petitioners' counsel, with the unredacted Supplemental Disclosures. And, as the final email from Respondents' counsel demonstrates, Respondents are refusing to provide this already-filed document to Petitioners' counsel unless Petitioners' counsel provide a justification Respondents' lawyers deem satisfactory.[4] Cohen Dec. Ex. 1. Yet Respondents have not provided, let alone argued, a legal standard for an *in camera* review. *See, e.g.*, *Santos v. Reverse Mortg. Sols., Inc.*, 2012 WL 4891597, at *6 (N.D. Cal. Oct. 12, 2012) (denying summary judgment where standard was not addressed and no effort was made to apply standard).

The closest the Motion comes to an argument for an *in camera* review is their reliance on *Best Odds Corp. v. iBus Media Ltd.*, No. 2:14–cv–00932, 2014 WL 5687730 (D. Nev. 2014). But there, the moving party informed the court that it was seeking *in camera* review, candidly admitted that *in camera* review of a corporate disclosure statement was novel, and made an explicit showing that the plaintiff had filed the case with the improper purpose of seeking the very information contained in the disclosure.[5] Respondents do none of that. They provide no reason that the material should be withheld from Petitioners – merely declaring that "the Court

---

[4] Respondents are unaware of any authority that would suggest that it is Respondents' burden to affirmatively justify why they should receive a copy of a document that has been filed with the Court, which contains information for the Court's review. Indeed, as parties Petitioners would be entitled to review a sealed document even if the Court granted the Motion.

[5] *See* the Motion For Leave To File Certificate Of Interested Parties For In Camera Review Only in *Best Odds Corp. v. iBus Media Ltd*, D. Nev. Case No. 2:14-cv-00932-RCJ-VCF, Dkt. No. 12, which is annexed for the Court's convenience as Ex. 3 to the Cohen Dec. Here, of course, *Respondents* made this disclosure necessary when they chose to bring the case to this forum.

1  should not indulge Petitioner's efforts to obtain information to which they are not entitled." D.I.
2  36 at 4. That unsupported assertion falls far short of demonstrating cause to withhold
3  information. To the extent that this is a Motion for *In Camera* Review, it should be denied.

4  ### III. Respondents Cannot Show Compelling Reasons or Good Cause to Seal

5  Finally, Respondents efforts to seal should fail. Respondents' statement that "no
6  legitimate purpose is served by any public-facing filing" of the material is incorrect. The "strong
7  preference for public access" to inspect judicial records is not merely a legitimate purpose, it is
8  the baseline presumption. That presumption may be rebutted only through a showing of
9  "compelling reasons," or "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d
10 1092, 1096-97 (9th Cir. 2016).

11 Respondent argues that the "good cause" standard applies because the Motion is "non-
12 dispositive." D.I. 36 at 2. But "dispositive" and "non-dispositive" are not "mechanical
13 classifications." *Ctr. For Auto Safety,* 809 F.3d at 1098. Given the "public interest in disclosure
14 of companies with whom a federal judge may have a conflict of interest," *Steel Erectors, Inc. v.*
15 *AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 675 (S.D. Ga. 2016) (denying motion to seal disclosure
16 statement), and the public's first amendment right to such information, *Courthouse News Serv. v.*
17 *Planet*, 750 F.3d 776, 785 (9th Cir. 2014) ("access to public proceedings and records is an
18 indispensable predicate to free expression about the workings of government"), the "compelling
19 reasons" standard should apply.[6] Respondents do not attempt to meet this standard, and the
20 Motion should be denied.

21 Even if the "good cause standard" applies, Respondents still fail. A showing of "specific
22 prejudice or harm" is required; "[b]road allegations of harm, unsubstantiated by specific
23 examples or articulated reasoning," are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966

---

[6] In *Kemper Holdings LLC v. Am. Int'l Grp.*, 2020 U.S. Dist. LEXIS 242073 (W.D. Wash., Dec. 23, 2020), the Court denied a stipulated motion to seal corporate disclosure because general allegation that members "will be subjected to unnecessary attention and annoyance" were not a specific concern. The court there applied, without analysis, the "good cause" standard, but found that the "the strong presumption of access" was not overcome in light of "the public's right to evaluate whether conflicts exist," suggesting a heightened level of review.

F.2d 470, 476 (9th Cir. 1992). The Declaration of Dhruv Batura In Support of Respondents' Administrative Motion To File Under Seal, D.I. 36-1 ("Batura Declaration") makes blanket allegations, stating that there is an expectation of privacy, and that "disclosure…violates this expectation of privacy." D.I. 36-1 at ¶ 3. *C.f. Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, 2023 WL 2435806, at *2 (M.D. Fla. Feb. 16, 2023) (denying motion to seal Rule 7.1 disclosure in face of claimed privacy expectation because party that chose federal forum "had to have known" the rule required disclosure). The Declaration states that X Holdings "is contractually bound" to keep the information confidential "in certain cases," *id.*, but does not identify which cases, which contracts, or explain why this mandates sealing **every** name. Indeed, the mere fact that some investors have publicly announced their investments, *see* Cohen Dec. Ex. 2, and that others have been reported on, *see* Shabban & Siddiqi, *Here's Who Helped Elon Musk Buy Twitter*, Washington Post (Dec. 24, 2022), all without apparent negative consequence, renders the attempt to redact every (or any) name frivolous.

The Batura Declaration also makes sweeping assertions that disclosure "potentially could" cause unspecified harm to X Holdings' "competitive position," by allowing "current or prospective business partners or counterparties to take unfair advantage" of Respondents. *Id*. at ¶ 4. And the Declaration makes a conclusory statement that disclosure would be "injurious." *Id*. at ¶ 5; *but see WSOU Invs., LLC v. Salesforce, Inc.*, 2023 WL 2213200, at *2 (D. Del. Feb. 24, 2023) ("Public disclosure that an individual has an ownership interest in an entity created by a state cannot be said to constitute an injury."). Respondent has provided no "specific demonstrations of fact," but only "broad, conclusory allegations of potential harm." *Stewart v. Quest Diagnostics Clinical Lab'ys, Inc.,* 2020 WL 8513113, at *1 (S.D. Cal. Dec. 16, 2020).

In fact, Courts have repeatedly rejected attempts to seal disclosure statements, even when the motion is unopposed, in the absence of specific, nonconclusory showings of harm. *See, e.g.*, *Wilkins v. Tory Burch, LLC*, 2023 WL 3600084, at *2 (E.D. Mo. May 23, 2023) (rejecting unopposed motion and collecting cases). Respondents have presented nothing but conclusory allegations of harm, and certainly nothing that would overcome this practice. They have not

4.

shown good cause, and their motion should be denied.

## CONCLUSION

The Motion should be denied. If it is a Motion For In Camera Review, Respondents have failed to provide or argue any legal standard, and have provided no argument showing a reason to withhold from Petitioners information that they have provided to the Court. If it is a Motion to Seal, it fails to adequately show either "compelling reasons" or "good cause" to overcome the presumption of public access. In either case, Plaintiffs respectfully request that this Court deny Respondents' Motion for Administrative Relief.

Dated:    June 12, 2023

By:   /s/ Akiva M. Cohen

Akiva M. Cohen
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway, 16th Floor
New York, New York 10019
acohen@kusklaw.com

Ethan Jacobs
ETHAN JACOBS LAW CORPORATION
100 Pine Street, Suite 1250
San Francisco, California 94111
ethan@ejacobslaw.com

*Attorneys for Petitioners*