Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Akiva M. Cohen (Admitted *pro hac vice*)
Kamerman, Uncyk, Soniker & Klein P.C.
acohen@kusklaw.com
1700 Broadway, 16th Floor
New York, New York 10019
Attorneys for Petitioners

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA, <br><br> Petitioners, <br><br> vs. <br><br> TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X CORP, AND ELON MUSK, <br><br> Respondents. | Case No.: 3:23-cv-02217-SI <br><br> **DECLARATION OF AKIVA M. COHEN IN OPPOSITION TO RESPONDENTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Akiva M. Cohen, declare as follows:

1. I am counsel to Petitioners in this action and submit this Declaration in opposition to Respondents' Administrative Motion to File Under Seal (the "Motion"). I have personal knowledge of the facts set forth herein and could and would testify competently thereto if

required to do so.

2.    Respondents filed the Motion late on June 9, 2023, after I had logged off for Shabbos (the Sabbath) and without any prior attempt to meet and confer. The next day, realizing that no member of our firm had received a copy of the unredacted version of Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Cert from Respondents, but unsure (given my Sabbath observance) whether I had been sent one, my office reached out to counsel for Respondents to request a copy. When no response was received by the time I returned from Shabbos that evening, and given the tight briefing schedule, I sent a second request asking that they send either a copy of the document or their justification for withholding it, by 5:00 p.m. on Sunday.

3.    Respondents' counsel did not respond until 9:30 p.m. PST on Sunday. When they finally responded, it was to demand that *we* explain to *them* why we were entitled to receive a copy of what they had submitted to the Court in support of their motion, and to belatedly insist that we have the meet and confer on the appropriateness of sealing the disclosure that they had chosen to skip in advance of the motion. A true and correct copy of the relevant email correspondence is annexed hereto as **Exhibit 1.**

4.    Annexed hereto as **Exhibit 2** is a true and correct copy of a Tweet sent from the verified Twitter account of Prince Alwaleed Bin Talal Al Saud of Saudi Arabia, containing a press release announcing that the Twitter shares controlled by the Prince and by Kingdom Holding Company had been rolled over into the new Twitter venture, and that they were, "after Elon Musk" the second largest investor in Twitter. The Tweet may also be viewed, as of the time this declaration was executed, at its original link at https://twitter.com/Alwaleed_Talal/status/1585975226567110656.

5.    Annexed hereto as **Exhibit 3** for the court's convenience is a true and correct copy of the Motion For Leave To File Certificate Of Interested Parties For In Camera Review Only, in *Best Odds Corp. v. iBus Media Ltd*, D. Nev. Case No. 2:14-cv-00932-RCJ-VCF, Dkt. No. 12. The court may take judicial notice of this document. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa*

2.

*USA, Inc.*, 442 F.3d 741, 746 n. 6. ("We may take judicial notice of court filings and other matters of public record").

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 12th day of June 2023 in Oceanside, NY.

Akiva M. Cohen

DECLARATION OF AKIVA M. COHEN IN OPPOSITION TO MOTION
CASE NO. 3:23-cv-02217-SI

# EXHIBIT 1

Re: Anoke et al v Twitter - Motion to Seal

Akiva Cohen <acohen@kusklaw.com>
Mon 6/12/2023 3:47 AM

To:Meckley, Eric <eric.meckley@morganlewis.com>;Mike Dunford <mdunford@kusklaw.com>;Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>;Berry, Brian D. <brian.berry@morganlewis.com>;Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>;Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>;Stephenson, Kassia <kassia.stephenson@morganlewis.com>;Lotsoff, Jonathan D. <jonathan.lotsoff@morganlewis.com>;Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>;Lipsky, Megan L. <megan.lipsky@morganlewis.com>;Haimann, Ph.D., Clifford <clifford.haimann@morganlewis.com>
Cc:Kathryn Tewson <ktewson@kusklaw.com>;Dylan Schmeyer <dschmeyer@kusklaw.com>;Ethan Jacobs <ethan@ejacobslaw.com>;Lane Haygood <lhaygood@kusklaw.com>

Eric,

As to your first question, are you trying to meet and confer after you made your motion?

The answer to that is no. At some point, you and your clients will learn that you are no different than any other litigant and need to play by the rules, but today is apparently not that day. If you had asked before you made your motion, as you were required to do, we could have had a real conversation on that issue and perhaps come to a resolution. But we're not going to reward and encourage your rule-breaking by allowing post-motion retconning.

If you wanted to file a motion for in camera review, you could have done so without attempting to lie to the court by omission about what relief you were actually seeking. You instead filed a motion to seal. As parties to the case we get to see sealed documents. Your obligation was to provide us a copy and that's non-negotiable. Comply with your obligations, for once - not because you've decided you agree with them, but because you recognize that as an officer of the court your law license **requires** you to. We can proceed from there.

As for your second question, you have claimed that public disclosure of your investor list will cause some harm. To assess that claim we need to be able to see who is on the investor list. Again, you are the one who chose your form of motion, just like you were the one who chose to bring the case into this forum. You maybe should have thought about what rules applied as a result of those choices before you made them. We are no longer inclined to rescue you from them.

I look forward to your response, which I hope will be informed by discussions with your firm's general counsel.

Best,

Akiva


Sent from my T-Mobile 5G Device
Get Outlook for Android

**From:** Meckley, Eric <eric.meckley@morganlewis.com>
**Sent:** Monday, June 12, 2023 12:33:22 AM
**To:** Akiva Cohen <acohen@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Lotsoff, Jonathan D. <jonathan.lotsoff@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Lipsky, Megan L. <megan.lipsky@morganlewis.com>; Haimann, Ph.D., Clifford <clifford.haimann@morganlewis.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Ethan Jacobs <ethan@ejacobslaw.com>; Lane Haygood <lhaygood@kusklaw.com>
**Subject:** RE: Anoke et al v Twitter - Motion to Seal

Akiva,
Please provide (1) an explanation as to why Petitioners intend to oppose a motion to seal a document that is intended solely for the Court to assess potential conflicts, and (2) an explanation as to why Petitioners need an unredacted version of the Supplemental Disclosure in order to oppose the motion to seal.  We'll need you to provide those explanations immediately or by 9 am Pacific Time on Monday, June 12, 2023 in order to assess your requests.

**Eric Meckley**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1013 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
eric.meckley@morganlewis.com | www.morganlewis.com
Assistant: Adele Doyle | +1.415.442.1528 | adele.doyle@morganlewis.com



---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Saturday, June 10, 2023 6:46 PM
**To:** Mike Dunford <mdunford@kusklaw.com>; Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Lotsoff, Jonathan D. <jonathan.lotsoff@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Lipsky, Megan L. <megan.lipsky@morganlewis.com>; Haimann, Ph.D., Clifford <clifford.haimann@morganlewis.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Ethan Jacobs <ethan@ejacobslaw.com>; Lane Haygood <lhaygood@kusklaw.com>
**Subject:** RE: Anoke et al v Twitter - Motion to Seal

[EXTERNAL EMAIL]
Eric,

I'm just back from Shabbos and therefore was able to confirm to the team that you did not email me a copy. That is not the procedure under Civil Local Rule 79-5, and your papers do not indicate the submission was ex parte.

As Mike's email noted, Petitioners cannot provide a complete response to the motion without access to the document. Please email me a copy of the document immediately or provide, by 5 pm tomorrow, your justification

for withholding it.

Akiva M. Cohen
Kamerman Uncyk Soniker & Klein
1700 Broadway
New York, NY 10019
212-400-4930

---

**From:** Mike Dunford
**Sent:** Saturday, June 10, 2023 2:03 PM
**To:** Chowdhry, Kaiser H.; Berry, Brian D.; Meckley, Eric; Wallace, Thomas Cullen; Cherry, Ashlee N.; Stephenson, Kassia; jonathan.lotsoff@morganlewis.com; Alamuddin, Sari M.; megan.lipsky@morganlewis.com; clifford.haimann@morganlewis.com
**Cc:** Akiva Cohen; Kathryn Tewson; Dylan Schmeyer; Ethan Jacobs; Lane Haygood
**Subject:** Anoke et al v Twitter - Motion to Seal

Eric,

We received your submission to the court via the ECF system yesterday. Unfortunately, as far as we can tell, none of us are in receipt of the unredacted version of the submission. I'm sure that was either an oversight or a technical failure, and if you can send a copy (or another copy) over as soon as possible, we'd appreciate it.

My apologies for asking on a Saturday morning, but given that our response deadline is Tuesday we'd like to get moving.

Best,
Mike

Mike Dunford (he/him)
Of Counsel
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway
New York, NY 10019
808-778-4081 (c)
212-400-4930 (o)

# EXHIBIT 2

 الوليد بن طلال ✔ 🖼
@Alwaleed_Talal                                          ...

Dear friend "Chief Twit" @elonmusk

Together all the way 🐦 @Twitter

---

**Press Release**
For more information contact:
Kingdom Holding Company
+1111-211-11-966
www.KINGDOM.com.sa
Media@kingdom.com.sa



**Issue Date**
Friday 28ᵗʰ Oct 2022

🐦 @Kingdom_KHC 

### Announcement from Kingdom Holding Company and the Private office of HRH Prince Alwaleed Bin Talal Al Saud

Kingdom Holding Company (KHC) and the private office of His Royal Highness Prince Alwaleed Bin Talal Bin Abdulaziz Al Saud (PO) announce the roll over of their ownership of the existing Twitter shares (34,948,975 Shares) valued at USD 1.89 Billion to the "New" Twitter, led by Elon Musk, KHC & PO are jointly the second largest investor after Elon Musk.

This deal is in line with the long-term investment strategy for which Kingdom Holding Company is known for.

اعلان من شركة المملكة القابضة والمكتب الخاص بصاحب السمو الملكي الأمير الوليد بن طلال بن عبد العزيز

تعلن شركة المملكة القابضة (KHC) و المكتب الخاص لصاحب السمو الملكي الأمير الوليد بن طلال بن عبدالعزيز آل سعود (PO) عن انهاء تحويل حصتهما في أسهم تويتر الحالية (34,948,975 سهماً) والتي تبلغ قيمتها 7 مليار ريال سعودي إلى شركة Twitter الخاصة الجديدة. وبذلك تكون شركة المملكة القابضة والمكتب الخاص بصاحب السمو الملكي الأمير الوليد بن طلال بن عبدالعزيز آل سعود ثاني أكبر المساهمين بعد إيلون ماسك.

وتتماشى هذه الصفقة مع استراتيجية الاستثمار طويل الأجل التي تميزت بها شركة المملكة القابضة.

---

🌐 Elon Musk ✔ 🐦 @elonmusk · Oct 27, 2022
the bird is freed

5:42 AM · Oct 28, 2022

**1,727** Retweets   **1,127** Quotes   **5,303** Likes   **314** Bookmarks

# EXHIBIT 3

Greg Brower
Nevada Bar No. 5232
Craig S. Denney
Nevada Bar No. 6953
Carrie L. Parker
Nevada Bar No. 10952
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: gbrower@swlaw.com
        cdenney@swlaw.com
        cparker@swlaw.com

*Attorneys for Defendants, IBUS MEDIA LTD. and*
*IBUS MEDIA HOLDINGS (IOM) LTD.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BEST ODDS CORP.,

                    Plaintiff,

vs.

IBUS MEDIA LIMITED, et al.

                    Defendants.

Case No. 2:14-CV-00932-JAD-GWF

**MOTION FOR LEAVE TO FILE
CERTIFICATE OF INTERESTED
PARTIES FOR IN CAMERA REVIEW
ONLY**

**I.**

**INTRODUCTION**

Pursuant to Local Rule 10.5, Defendants iBus Media Ltd. and iBus Media Holdings (IOM) Ltd. ("Defendants") move for leave to submit the Certificate of Interested Parties for *in camera* review only. This relief is necessary in order to protect Defendants from the undue prejudice that would almost certainly result from the filing of a Certificate of Interested Parties in the usual, unredacted form, while at the same time providing to the Court the information necessary to fulfill the purpose of the filing of such a Certificate.

This is not the first time that Plaintiff has filed suit against Defendants over the same nucleus of operative facts.[1] In the first case, case number 2:13-CV-02008-RCJ-VCF ("Best Odds I"), Plaintiff was unsuccessful at obtaining the information contained in a Certificate of Interested Parties, and it was unsuccessful in surviving Defendants' Motion to Dismiss.[2] In Best Odds I, Judge Jones granted the motion to dismiss, which Plaintiff has appealed to the Ninth Circuit ("Best Odds I Appeal"). Prior to Judge Jones' dismissal, Magistrate Judge Ferenbach ordered that the Certificate of Interested Parties be filed *ex parte* under seal and submitted *in camera*.[3] Now, Defendants find themselves in a *de ja vu* scenario, having filed a Motion to Dismiss (ECF No. 7) in this case, "Best Odds II," and filing this Motion for Leave to File Certificate of Interested Parties for *In Camera* Review Only ("Motion"), similar to the corresponding motions filed in Best Odds I. Thus, Defendants again respectfully request leave to submit the Certificate of Interested Parties for *in camera* review only.

## II.

## BACKGROUND

As noted above, Plaintiff previously filed suit against Defendants in Best Odds I, which Judge Jones dismissed, and which Plaintiff has appealed. In Best Odds I, Defendants argued that that case was yet another example of a pattern wherein both the Plaintiff in this matter and its attorney, Steven Gibson, have a history of filing baseless "strike" suits alleging copyright violations.[4] Defendants have reason to believe that Plaintiff's true purpose in filing this lawsuit,

---

[1] Defendants have filed a Motion to Dismiss Complaint, ECF No. 7, which is currently pending before this Court.

[2] Defendants have filed a Notice of Related Cases in this case and in Best Odds I and anticipate that this case may be re-assigned to the Honorable Chief Judge Robert Jones and Magistrate Judge Ferenbach. A true and correct copy of the Notice of Related Cases is attached hereto as **Exhibit 1**. To the extent that it is reassigned, a Certificate of Interested Parties may no longer be necessary as Judge Jones and Magistrate Judge Ferenbach have already made their conflicts determinations. However, in an abundance of caution and in light of this Court's Order, Defendants hereby file this Motion.

[3] A true and correct copy of Judge Ferenbach's Order is attached hereto as **Exhibit 2**.

[4] *Righthaven v. Hoehn*, 716 F.3d 1166, 1168 (9th Cir. 2013); *see also* David Kravets, *Newspaper Chain's New Business Plan: Copyright Suits*, WIRED, (Jul. 22, 2010) (http://www.wired.com/threatlevel/2010/07/copyright-trolling-for-dollars/); RIGHTHAVEN LAWSUITS, http://righthavenlawsuits.com/index.html (last updated January 28, 2014) (providing a thorough index of cases filed and articles posted involving Righthaven).

- 2 -

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775/785-5440

20153242

as it was in filing Best Odds I, is to discover the identity of Defendants' parent corporations in order to create additional leverage for a hoped-for settlement of its claims. Apparently, not aware of the identity of these parent corporations, but aware that the mere filing of the suit would, in the normal course, require their disclosure by Defendants at the very outset of the case per Rule 7.1, Plaintiff's counsel, on behalf of his client, has apparently filed this suit with this very objective. Clearly, filing suit for such a purpose, without more, is an improper use of the judicial system, and Defendants should not be required to make such disclosures in the normal course in light of this apparent purpose.

Because of Plaintiff's apparent objective to obtain knowledge of Defendants' parent corporations through a Certificate of Interested Parties filed pursuant to FED. R. CIV. P. 7.1 and LR 7.1-1, Defendants moved in Best Odds I for leave to submit the Certificate of Interested Parties *in camera*. Magistrate Ferenbach granted that motion in part.[5]

In Best Odds I, the Court granted Defendants' Motion to Dismiss on or about June 4, 2014. Less than two weeks later, Plaintiff filed the Complaint in this case on or about June 13, 2014. For all the reasons set forth below, Defendants seek the same relief in this case as was granted in Best Odds I.

### III.

### LEGAL ANALYSIS

Rule 7.1 requires the certificate of Interested Parties to aid the trial judge in determining whether to recuse him- or herself because of an interest in a corporate entity related to a party. *See* FED. R. CIV. P. 7.1 (original advisory note); LR 7.1-1 (requiring the disclosure statement to include the following in its certification: "These representations are made to enable judges of the Court to evaluate possible disqualifications or recusal"). Conversely, Rule 7.1 is not intended to provide "free discovery" to a plaintiff for an improper purpose. It is not designed to provide a benefit to the opposing party. Defendants understand and appreciate the importance of a complete, accurate, and timely filing of a Certificate of Interested Parties in accordance with the

---

[5] Exh. 2, p. 5.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

20153242

applicable rules, but submit that there are situations, such as the instant matter, where an alternative approach to compliance with the rules is warranted.

Defendants recognize that seeking leave to submit the Certificate of Interested Parties *in camera* is a novel approach, and Defendants appreciate Judge Ferenbach's conclusion in Best Odds I that the prejudice that Defendants articulated in that case, which is the same prejudice articulated in this Motion, satisfies good cause to justify denying Plaintiff access to the information contained in Defendants' Certificate of Interested Parties.[6]  In his Order, Judge Ferenbach primarily relied upon the Ninth Circuit's discussion of the public's right to access to court documents in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and FED. R. CIV. P. 26(c), which permits the Court to enter "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Under *Kamakana*, there is no presumption of public access to judicial records that have been sealed and attached to non-dispositive motions.  447 F.3d at 1179.  Similarly, there is no presumption of public access to a Certificate of Interested Parties, which is necessary only for the court to determine whether there may be a reason for recusal.

Defendants respectfully submit that while the end result of Judge Ferenbach's decision was correct--that the Certificate may be submitted *in camera*--the Certificate should not be filed "under seal."  Instead, Defendants suggest that it should be submitted for *in camera* review only, and Defendants will follow the procedure described in LR 10-5(a) to file a notice of *in camera* submission.  Defendants' concern is that documents filed "under seal" are normally accessible by the parties, and Defendants seek to deny Plaintiff and its counsel access to the Certificate of Interested Parties.

## IV.

## CONCLUSION

For all the reasons set forth above, Defendants respectfully request that they be allowed to comply with FED. R. CIV. P. 7.1, and the related Local Rule, by filing a Certificate of Interested

---

[6] *Id.* at 4-5.

- 4 -

Snell & Wilmer

L.L.P.
LAW OFFICES
510 West Liberty Street, Suite 510
Reno, Nevada 89501
775.785.5440

Parties in redacted form, while, at the same time, submitting an unredacted version of the same Certificate of Interested Parties directly to chambers for an *in camera* review only. Defendants further respectfully request that the unredacted version not be entered into the Court's physical or electronic docket or be otherwise made available to Plaintiff, its counsel, or the public. This two-part procedure will protect Defendants from inappropriate discovery, while fulfilling Defendants' obligations under the applicable rules.[7]

DATED October 6, 2014

SNELL & WILMER L.L.P.

By:/s/  Carrie L. Parker
Greg Brower, NV Bar No. 5232
Craig S. Denney, NV Bar No. 6953
Carrie L. Parker, NV Bar No 10952
50 West Liberty St. Suite 510
Reno, NV 89501
Telephone: (775) 785-5440
Facsimile (775) 785-5441
Email: gbrower@swlaw.com
Email: cdenney@swlaw.com
Email: cparker@swlaw.com

---

[7] As previously noted, in the event that this case is reassigned to Judge Jones and Magistrate Ferenbach, who presided over Best Odds I, the filing of a Certificate of Interested Parties may not be necessary, as Chief Judge Jones and Magistrate Judge Ferenbach have already made their conflicts determinations.

20153242

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of October, 2014, caused a copy of the foregoing pleading to be submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.


/s/     Carrie L. Parker
Carrie L. Parker

- 6 -

20153242