UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, et al.,<br><br>    Petitioners,<br><br>    v.<br><br>TWITTER, INC., et al.,<br><br>    Respondents. | Case No. 23-cv-02217-SI<br><br>**ORDER REMANDING ACTION TO STATE COURT**<br><br>Re: Dkt. No. 24 |

Petitioners have filed a motion to remand this action to state court. Dkt. No. 24. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and **VACATES** the hearing scheduled for June 30, 2023. For the reasons stated below, the Court **GRANTS** petitioners' motion to remand but **DENIES** petitioners' request for attorneys' fees and costs.

**BACKGROUND**

Petitioners in this case are fifteen individuals, all former employees of Twitter, Inc., who assert that they executed arbitration agreements with Twitter as a condition of their employment. Dkt. No. 1-1, Pet. at 4. The arbitration agreements provided for arbitration with JAMS. *Id.*

On February 24, 2023, petitioners each filed a demand for arbitration with JAMS. *Id.* In the demands, petitioners brought claims under both state and federal law, including for violations of the federal WARN ACT, 29 U.S.C. § 2101 et seq. *See generally* Dkt. No. 1-2, Meckley Decl., Ex. A-O.

On March 7, 2023, JAMS emailed all counsel and attached an invoice dated March 6, 2023, addressed to Twitter for its share of the case-initiating fees. Pet. at 4; *see also* Pet., Ex. 1, 2. The

email and the invoice stated that payment was due upon receipt. Pet., Ex. 1, 2.[1]

On April 27, 2023, alleging that Twitter's portion of the case-initiating fees remained outstanding, petitioners sought relief in San Francisco County Superior Court by filing a "Petition to Compel Arbitration Award Relief Under Cal. Code Civ. Proc. § 1281.97." *See generally* Pet.[2] Section 1281.97, which took effect in 2020, provides, in part, that when the drafting party of an employment or consumer arbitration agreement fails to pay the fees or costs to initiate arbitration "within 30 days after the due date[,] the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration under Section 1281.2." *See* Cal. Code Civ. Proc. § 1281.97(a)(1). The statute provides two remedies, one of which is that the employee or consumer may "[c]ompel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration." *Id.* § 1281.97(b)(2).

In their state court petition, petitioners named as respondents: Twitter, Inc.; X Holdings I, Inc.; X Holdings Corp.; X Corp.; and Elon Musk. Petitioners requested that "Twitter should be ordered to proceed with arbitration, to pay any JAMS fees still outstanding, and to pay Petitioners' costs and reasonable attorneys' fees in connection with their arbitrations and with this [petition]." Pet. at 8.

On May 5, 2023, respondents removed the action to federal court, on the basis of federal-question jurisdiction.[3] Dkt. No. 1. Petitioners now move to remand the action to state court, and they also ask that the Court award them their attorneys' fees and costs associated with filing the motion to remand. Dkt. No. 24. Respondents oppose. Dkt. No. 31.

---

[1] Some confusion around payment, not directly relevant to the motion at hand, then ensued. In short, on March 7, 2023, petitioners accidentally paid the invoice that was made out to Twitter. JAMS issued a refund check on March 21, 2023. One week later, on March 28, "due to an internal error" (according to petitioners), JAMS emailed counsel for all parties and informed them the initial filing fees in the matter had been paid. On April 8, 2023, JAMS emailed counsel and issued a second invoice for the same fees. *See* Pet. at 4-5.

[2] *Anoke v. Twitter, Inc.*, Case No. CPF-23-518034 (Super. Ct. San Francisco County, filed Apr. 27, 2023).

[3] Respondents also state that they paid their share of the arbitration case-initiating fees on May 5, 2023, and that such payment was timely made. Dkt. No. 31, Opp'n at 3.

2

**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject-matter jurisdiction: (1) federal-question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject-matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citations omitted). Any doubt as to the right of removal must be resolved in favor of remand to state court. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

**DISCUSSION**

In their notice of removal, respondents assert that "[a] federal court has original jurisdiction over a petition to compel arbitration when it has original jurisdiction over the claims that the petition seeks to arbitrate." Dkt. No. 1, Notice of Removal at 2. Respondents cite to *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). Notice of Removal at 2.

In *Vaden*, the Supreme Court analyzed whether federal courts have subject-matter jurisdiction over a petition to compel arbitration brought under § 4 of the Federal Arbitration Act ("FAA"). The *Vaden* Court held, "A federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law . . . ." 556 U.S. at 62. In other words, while the FAA does not itself confer federal jurisdiction, federal-question jurisdiction over a § 4 petition exists where the underlying controversy between the parties arises under federal law.

Here, however, petitioners rightly note two things: (1) that petitioners did not bring a § 4 petition to compel arbitration; and (2) that *Vaden* turned on an analysis of the specific language

3

contained in § 4 of the FAA. Last year, the Supreme Court declined to extend the "look-through" doctrine to Sections 9 and 10 of the FAA.[4] *See Badgerow v. Walters*, 142 S. Ct. 1310, 1314 (2022). In doing so, the Supreme Court explained, "In *Vaden*, this Court approved the look-through approach for a § 4 petition, relying on that section's express language." *Id.* at 1317. The *Badgerow* Court then emphasized,

> The federal district courts may not exercise jurisdiction absent a statutory basis. And the jurisdiction Congress confers may not be expanded by judicial decree. These bedrock principles prevent us from pulling look-through jurisdiction out of thin air—from somehow finding, without textual support, that federal courts may use the method to resolve various state-law-based, non-diverse Section 9 and 10 applications. The look-through rule is a highly unusual one . . . . We recognized that rule in *Vaden* because careful analysis of Section 4's text showed that Congress wanted it applied to petitions brought under that provision. . . .

*Id.* at 1318 (internal quotation marks and citations omitted).

Despite petitioners' discussion of *Badgerow* in the motion to remand, respondents here did not address the case in their opposition brief. Instead, respondents repeatedly mischaracterize *Vaden* as applying outside of the § 4 context. *See, e.g.*, Opp'n at 3 ("Because their Petition seeks an order compelling arbitration of claims that arise under federal employment statutes, this Court plainly has federal question jurisdiction. *Vaden*, 556 U.S. at 62."); Notice of Removal at 3 ("Removal is therefore proper because this Court has original jurisdiction over the federal claims. *See* 28 U.S.C. Section 1441; *Vaden*, 556 U.S. at 62.").

Moreover, respondents' arguments ignore a fundamental tenet of removal law: the "well-pleaded complaint rule." This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted). Both parties spend significant portions of their briefs debating whether or not the petitioners here could have filed the underlying action as a petition to compel arbitration under § 4 of the FAA.

---

[4] Sections 9 and 10 apply to requests to confirm or vacate arbitral awards.

4

Whether or not they could have is irrelevant. In determining whether removal jurisdiction exists, the Court looks to the face of the well-pleaded complaint. Petitioners here did not move to compel arbitration under § 4 of the FAA. They petitioned for relief only under California state law, i.e., for enforcement of California Code of Civil Procedure § 1281.97.

Guided by the Supreme Court's instruction that *Vaden*'s "look-through" holding is limited to § 4 petitions, as well as by the principle that removal jurisdiction must be strictly construed in favor of remand, *see Harris*, 425 F.3d at 698, this Court must grant the motion to remand.

In its discretion, the Court declines to award attorneys' fees and costs to petitioners under 28 U.S.C. § 1447(c). The Court has reviewed the papers submitted, as well as petitioners' allegations regarding Twitter's misrepresentations and delay tactics in this case. Many of these arguments are intertwined with the merits of the underlying case, which are best left to the state court to resolve. The Court declines to find that respondents "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## CONCLUSION

Having found federal-question jurisdiction lacking, the Court hereby **REMANDS** this action to the Superior Court of the State of California, County of San Francisco. The Court **DENIES** petitioners' request for an award of fees and costs associated with filing the motion to remand. The case management conference currently scheduled for August 11, 2023, is **VACATED.**

**IT IS SO ORDERED**.

Dated: June 27, 2023

SUSAN ILLSTON
United States District Judge