1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley, Bar No. 168181
2  eric.meckley@morganlewis.com
   Brian D. Berry, Bar No. 229893
3  brian.berry@morganlewis.com
   One Market, Spear Street Tower
4  San Francisco, CA  94105-1596
   Tel:    +1.415.442.1000
5  Fax:    +1.415.442.1001

6  MORGAN, LEWIS & BOCKIUS LLP
   Ashlee N. Cherry, Bar No. 312731
7  ashlee.cherry@morganlewis.com
   Kassia Stephenson, Bar No. 336175
8  kassia.stephenson@morganlewis.com
   1400 Page Mill Road
9  Palo Alto, CA  94304
   Tel:    +1.650.843.4000
10 Fax:    +1.650.843.4001

11 Attorneys for Defendants
   TWITTER, INC.; X HOLDINGS I, INC.; X
12 HOLDINGS CORP.; X CORP.; ELON MUSK

13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17 SARAH ANOKE, CATHERINE BONN,              Case No. 3:23-cv-02217-SI
   ISABELLE CANNELL, MELANIE
18 EUSEBIO, SAMANTHA FESTEJO, CARLOS         **RESPONDENTS' OPPOSITION TO**
   MOISES ORTIZ GOMEZ, DAWN HOISE,           **NON-PARTY JACOB SILVERMAN'S**
19 WAYNE KRUG, LAURENT LUCE,                 **MOTION TO INTERVENE AND**
   PATRICK O'CONNELL, JENNIFER RYAN,         **UNSEAL RECORDS**
20 JAIME SENA, JAMES SHOBE, KARYN
   THOMPSON, AND CRISTIAN ZAPATA,
21
                    Petitioner,
22
          v.
23
   TWITTER, INC., X HOLDINGS I, INC., X
24 HOLDINGS, CORP, X CORP, AND ELON
   MUSK,
25
                    Respondents.
26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO
INTERVENE AND UNSEAL RECORDS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................... 1

II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY............................ 2

    A.    Petitioners File a Petition to Compel Arbitration in State Court, and Respondents Remove the Action to Federal Court. ................................. 2

    B.    Respondents' Corporate Disclosure Statement. ....................................... 3

    C.    Respondents' Amended Statement and Motion to Seal. ........................... 4

    D.    The Court Remands the Case for Lack of Jurisdiction. ........................... 5

III.   ARGUMENT ........................................................................................ 5

    A.    The Court Lacks Jurisdiction Over the Action. ...................................... 5

    B.    The Court Should Deny Silverman's Motion to Intervene. ...................... 8

        1.    Silverman Failed to Demonstrate Intervention as a Matter of Right. ......... 8

            a.    Silverman Has Failed to Show a Significant Protectable Interest in The Subject of this Action. ................................. 9

            b.    Silverman Will Not Be Impaired or Impeded Whatsoever. .......... 10

            c.    Silverman's Interest Was Adequately Represented By Petitioners, Who Opposed Respondents' Motion to Seal. ............ 10

            d.    Silverman's Motion is Untimely.............................................. 11

                i.    The Stage of the Proceeding (i.e., Remanded and Terminated for Lack of Jurisdiction) Weighs In Favor of Finding Untimeliness. ......................................... 12

                ii.    The Prejudice to Respondents if Intervention is Permitted Weighs in Favor of Intervention Being Untimely........................................................................ 12

                iii.    The Lack of Reasons and Length of the Delay in Filing This Motion Weighs in Favor of Intervention Being Untimely. ........................................................ 12

        2.    Silverman Failed to Demonstrate Permissive Intervention........................ 13

    C.    The Court Should Deny Silverman's Motion to Unseal Records. ........................ 15

        1.    The Court Has Already Ruled on the Arguments in Silverman's Motion and Found Good Cause to Seal the Statement. ........................... 15

        2.    No Federal Common Law Right of Access Exists Here......................... 16

        3.    No First Amendment Right of Access Exists Here.................................. 19

IV.   CONCLUSION .................................................................................... 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO
INTERVENE AND UNSEAL RECORDS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Acad. of Country Music v. Cont'l Cas. Co.*
991 F.3d 1059 (9th Cir. 2021)............................................................................................. 1, 5

*Allstate Ins. Co. v. Hughes*
358 F.3d 1089 (9th Cir. 2004)................................................................................................. 6

*Arakaki v. Cayetano*
324 F.3d 1078 (9th Cir. 2003)................................................................................... 8, 9, 10, 11

*Beckman Indus., Inc. v. Int'l Ins. Co.*
966 F.2d 470 (9th Cir. 1992).................................................................................................. 9

*Best Odds Corp. v. iBus Media Ltd.*
No. 2:14-cv-00932, 2014 WL 5687730 (D. Nev. Nov. 4, 2014) ........................ 16, 17, 18, 21

*Bohannon v. Facebook, Inc.*
No. 12-CV-01894-BLF, 2019 WL 188671 (N.D. Cal. Jan. 14, 2019) ................................... 19

*Canatella v. California*
404 F.3d 1106 (9th Cir. 2005)........................................................................................ 6, 7, 8

*Chamness v. Bowen*
722 F.3d 1110 (9th Cir. 2013)................................................................................................ 12

*Clark v. QG Printing II, LLC*
No. 118CV00899AWIEPG, 2021 WL 38180 (E.D. Cal. Jan. 5, 2021)................................... 6

*Courthouse News Serv. v. Planet*
947 F.3d 581 (9th Cir. 2020)................................................................................................. 19

*Ctr. for Auto Safety v. Chrysler Grp., LLC*
809 F.3d 1092 (9th Cir. 2016)............................................................................................... 17

*Donnelly v. Glickman*
159 F.3d 405 (9th Cir. 1998)......................................................................................... 8, 9, 14

*Ford v. City of Huntsville*
242 F.3d 235 (5th Cir. 2001)................................................................................................. 10

*Hernandez v. Campbell*
204 F.3d 861 (9th Cir. 2000).................................................................................................. 6

*Homestead Ins. Co. v. Casden Co.*
234 Fed. Appx. 434 (9th Cir. 2007) ........................................................................................ 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Jou v. Kimberly-Clark Corp.*
   No. 13-CV-03075-JSC, 2015 WL 4537533 (N.D. Cal. July 27, 2015) ................................... 7

*LaCasse v. USANA Health Scis., Inc.*
   No. 2:20-CV-01186-KJM-AC, 2021 WL 877643 (E.D. Cal. Mar. 9, 2021) .......................... 5

*League of United Latin Am. Citizens v. Wilson*
   131 F.3d 1297 (9th Cir. 1997) ......................................................................................... 8, 14

*Linton v. Axcess Fin. Servs., Inc.*
   No. 23-CV-01832-CRB, 2023 WL 4604657 (N.D. Cal. July 17, 2023) ................................ 5

*Mayer v. Patriot Pickle Inc.*
   No. 23-CV-1299-LJV, 2024 WL 162881 (W.D.N.Y. Jan. 16, 2024) ................................... 18

*Mitchell v. City of Los Angeles*
   No. CV1601750SJOGJSX, 2019 WL 13020519 (C.D. Cal. Aug. 27, 2019) ..................... 6, 7

*Otoski v. Avidyne Corp.*
   2012 WL 13195530 (D. Or. 2012) ...................................................................................... 9

*Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*
   307 F.3d 1206 (9th Cir. 2002) ................................................................... 15, 16, 17, 19

*Pintos v. Pac. Creditors Ass'n*
   605 F.3d 665 (9th Cir. 2010) ........................................................................................... 15

*Press-Enter. Co. v. Super. Ct.*
   478 U.S. 1 (1986) ........................................................................................................... 19

*Prison Legal News v. Cnty. of San Diego*
   No. 14-CV-2417-L-NLS, 2023 WL 2899536 (S.D. Cal. Apr. 10, 2023) .............................. 6

*Ross v. Guerrero,*
   No. CV F 04 5673, 2007 WL 116672 (E.D. Cal. Jan. 10, 2007) ................................... 5, 6, 7

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.*
   187 F.3d 1096 (9th Cir. 1999) ....................................................................... 9, 11, 13, 14

*Seattle Times Co. v. Rhinehart*
   467 U.S. 20 (1983) ......................................................................................................... 16

*Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*
   404 U.S. 403 (1972) ......................................................................................................... 6

*Seedman v. U.S. Dist. Ct. for Cent. Dist. of California*
   837 F.2d 413 (9th Cir. 1988) ..................................................................................... 1, 5, 7

*Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*
   312 F.R.D. 673 (S.D. Ga. 2016) ........................................................... 11, 19, 20, 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO
INTERVENE AND UNSEAL RECORDS

*Stiner v. Brookdale Senior Living, Inc.*
 665 F. Supp. 3d 1150 (N.D. Cal. 2023) ............................................... 13

*Townsend v. Monster Beverage Corp.*
 303 F. Supp. 3d 1010 (C.D. Cal. 2018)................................................ 13

*United States v. Alisal Water Corp.*
 370 F.3d 915 (9th Cir. 2004)............................................................ 8, 10

*United States v. State of Oregon*
 745 F.2d 550 (9th Cir. 1984)................................................................ 12

*Vaden v. Discover Bank*
 556 U.S. 49 (2009) ................................................................................ 3

**CALIFORNIA CASES**

*Valley Bank of Nevada v. Superior Ct.*
 15 Cal. 3d 652 (1975) .................................................................. 15, 18

**OTHER AUTHORITIES**

Cal. Const., Art. I § 1 ................................................................... 15, 18

Fed. R. Civ. P.
 7.1 ............................................................................................... passim
 24 ................................................................................................ passim
 26(c) .................................................................................................. 18
 41(a)(1)................................................................................................ 7
 82......................................................................................................... 6

Northern District of California, Civil Local Rule 3-15........................ 1, 3, 4, 21

Northern District of California, Civil Local Rule 79-5(c) ......................... 21

Southern District of Georgia, Civil Local Rule 79.7(d)............................ 20

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO
INTERVENE AND UNSEAL RECORDS

1    I.    **INTRODUCTION**

2         Non-party and putative intervenor Jacob Silverman's ("Silverman") Motion to Intervene

3    and Unseal Judicial Records (the "Motion") should be denied.  At the outset, the Court remanded

4    this case more than one year ago, and the Court lacks jurisdiction to entertain Silverman's

5    Motion.  Even if the Court could consider the Motion, however, Silverman has failed to

6    demonstrate a legitimate basis for intervention.  Finally, even if he were able to intervene, his

7    request to unseal a purely administrative corporate disclosure statement substantively lacks merit.

8         First, the Court must deny Silverman's Motion because the Court lacks jurisdiction to

9    entertain the action.  The Ninth Circuit has repeatedly made clear that "[o]nce a district court

10   certifies a remand order to state court it is divested of jurisdiction and can take no further action

11   on the case." *Seedman v. U.S. Dist. Ct. for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir.

12   1988); *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1064 (9th Cir. 2021).  Here, the

13   Court granted Petitioners' motion to remand more than one year ago, on June 27, 2023, finding

14   that it lacked subject matter jurisdiction over Petitioners' petition to compel arbitration, thus

15   terminating this action.  Once it remanded this case, the Court was divested of jurisdiction.  As a

16   result, the Court should take no further action in this matter.

17        Second, Silverman has failed to establish entitlement to intervention, either as of right

18   under FRCP 24(a) or via permissive intervention under FRCP 24(b).  As the putative intervenor,

19   Silverman bears the burden of proving each of the requisite elements for intervention.  Silverman's

20   cursory and conclusory arguments that he is entitled to intervene both as a matter of right and

21   permissively fall woefully short of meeting his burden.  Notably, for both intervention as a matter

22   of right and permissive intervention, timeliness is a critical factor.  Silverman does not address, let

23   alone justify, the substantial delay in bringing his Motion, which he filed more than one year after

24   the Court ordered the disclosure statement sealed, and long after the Court remanded and

25   terminated the case.  The untimeliness of his Motion dooms intervention under both FRCP 24(a)

26   and (b).

27        Third, Silverman's Motion to unseal Respondents' Supplemental Rule 7.1 Corporate

28   Disclosure Statement and Certification Pursuant to Local Rule 3-15 (the "Statement") fails on the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

merits.  Respondents' motion to seal the Statement was vigorously opposed by Petitioners.  Many of the same arguments advanced in Silverman's Motion were made by Petitioners in their opposition to Respondents' motion to seal.  The Court considered these same arguments—including the countervailing private versus public interests at stake—and granted the motion to seal.  Silverman is essentially asking that the Court relitigate the same arguments that Petitioners already put forth, and which the Court rejected.  Thus the Court has already found good cause warranted the non-disclosure of the redacted information in the Statement (*i.e.*, the identities of private persons and entities with an ownership interest in X Corp.'s privately held parent company, X Holdings Corp.).  There is no legitimate basis to disturb that prior ruling.

Even if the Court were to ignore Silverman's delay and re-consider its prior finding of good cause (which it should not), neither the federal common law right of access nor any First Amendment right of access justifies unsealing the Statement.  A corporate disclosure statement is simply an administrative document for the benefit of the judge—not the public—to reference in determining whether recusal may be appropriate.  The Statement was not part of any dispositive motion and was not tangentially or even remotely related in any way to the merits of this action.  Unsealing the Statement is completely unwarranted and highly prejudicial to Respondents and would severely violate the right of privacy of the shareholders identified in the redacted Statement.  Indeed, if Silverman's position were adopted, then any plaintiff could make public the entire confidential list of any private company's shareholders through the simple mechanism of filing an unmeritorious (even frivolous) lawsuit against the company, thereby triggering an obligation to submit a corporate disclosure statement at the outset of the case for recusal purposes.  Moreover, any person could make public such a list of private company shareholders simply by intervening in any existing lawsuit for no other purpose.  That has never been the law.

The Court should deny the Motion in its entirety.

## II.      RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A.      Petitioners File a Petition to Compel Arbitration in State Court, and Respondents Remove the Action to Federal Court.

On April 27, 2023, Petitioners filed a Petition to Compel Arbitration in San Francisco

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

County Superior Court.  ECF No. 1, Ex. A.  On May 5, 2023, Respondents removed the action to this Court, asserting that the Court had original jurisdiction over the petition to compel arbitration because the Court had original jurisdiction over the claims that the petition seeks to arbitrate. ECF No. 1, ¶ 6.  Respondents cited the United States Supreme Court's decision in *Vaden v. Discover Bank*, to support their position that "[a] federal court may 'look through' a [petition to compel arbitration] to determine whether it is predicated on an action that 'arises under' federal law."  ECF No. 1, ¶ 6 (citing *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009)).  Respondents contended that, because Petitioners' Petition to Compel Arbitration sought to compel federal claims to arbitration, removal was proper because the Court had original jurisdiction over those federal claims, and supplemental jurisdiction over the state law claims.  ECF No. 1, ¶ 7.

**B.**     **Respondents' Corporate Disclosure Statement.**

On May 8, 2023, Respondents filed a routine Corporate Disclosure Statement (consistent with FRCP 7.1) and Disclosure of Conflicts and Interested Entities and Persons (consistent with Northern District of California Civil Local Rule 3-15).  ECF No. 4.  In their Corporate Disclosure Statement, Respondents certified that named Respondent Twitter, Inc. had been merged into X Corp. and no longer existed.  *Id.*  Respondents further certified that named Respondent X Holdings I, Inc. had been merged into X Holdings Corp. and no longer existed.  *Id.*  Respondents identified X Holdings Corp. as the parent corporation of X Corp., and certified that no publicly held corporation owns 10% or more of X Corp.'s or X Holding Corp.'s stock.  *See id.* ("X Corp. is wholly owned by X Holdings Corp.  No publicly held corporation owns 10% or more of X Corp.'s or X Holdings Corp.'s stock.").  Respondents certified that, pursuant to Civil Local Rule 3-15, there was no conflict or interest other than the named parties to report.  *See*, *e.g.*, Civ. L.R. 3-15(c) ("If there is no conflict or interest to be disclosed, the Certification shall state: 'Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report.'")

On May 11, 2023, Petitioners filed an Administrative Motion contending that Respondents' Corporate Disclosure Statement failed to comply with the Northern District of California's Civil Local Rule 3-15 because it failed to disclose the identities of all shareholders of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

X Holdings Corp., which was X Corp.'s privately held parent company.  ECF No. 19.  Petitioners

argued that because Civil Local Rule 3-15 requires parties to disclose any persons or entities

known by the party to have "a financial interest of any kind in the subject matter in controversy or

in a party to the proceeding", Respondents were required to disclose the identities of all

individuals or entities that own shares in X Holdings Corp.  *Id.*  On May 15, 2023, Respondents

opposed the Administrative Motion for Relief, explaining that Respondents had made compliant

disclosures under both the FRCP and Civil Local Rules, which afforded the Court the opportunity

to assess whether any conflict of interest existed – *i.e.*, the very purpose of FRCP 7.1 and Civil

Local Rule 3-15.  ECF No. 25.  Respondents further emphasized that "Federal Rule of Civil

Procedure 7.1 and Civil Local Rule 3-15 do not serve Claimants; they serve the Court and its

interests in avoiding conflicts of interest."  *Id.*  Respondents asserted that the shareholders of

privately held corporations need not be disclosed.  On June 6, 2023, the Court issued a text-only

order, granting Petitioners' Administrative Motion and directing Respondents to "supplement"

their Corporate Disclosure Statement.  ECF No. 35.

**C.**        **Respondents' Amended Statement and Motion to Seal.**

On June 9, 2023, Respondents filed a Supplemental Rule 7.1 Corporate Disclosure

Statement and Certification Pursuant to Local Rule 3-15, which they attached to an

Administrative Motion to File Under Seal.  ECF No. 36.  Respondents filed a supporting

declaration with their motion to seal the Statement, explaining that X Holdings Corp. does not

publish or make publicly available information regarding its owners/shareholders and treats such

information as confidential; that individuals and entities investing and taking an ownership

interest in X Holdings Corp. expect that such information will remain private; and that X

Holdings Corp. is contractually bound to keep such information confidential.  ECF No. 36-1.

Petitioners filed an opposition on June 12, 2023, arguing that Respondents lacked either

"compelling reasons" or "good cause" to "overcome the presumption of public access."  ECF No.

37.  That same day, Respondents filed a reply in support of their motion to seal.  ECF No. 38.

After reviewing the Parties' briefing, on June 13, 2023, the Court issued an order granting

Respondents' Administrative Motion to File under Seal and ordering the unredacted Statement to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

1    be shared with Petitioners' counsel subject to the condition that Petitioners and their counsel

2    "shall maintain the confidentiality of the statement."  ECF No. 39.

3         D.    **The Court Remands the Case for Lack of Jurisdiction.**

4         Petitioners filed a motion to remand the action, arguing that the Court lacked subject

5    matter jurisdiction over the action.  ECF No. 24.  Respondents opposed remand; after the parties

6    fully briefed the motion (*see* ECF Nos. 31, 34), on June 27, 2023 (only two weeks after ordering

7    the Statement sealed), the Court issued an order remanding the action back to state court.  ECF

8    No. 41.  The Court's order emphasized that remand to state court is proper where there is a "lack

9    of subject-matter jurisdiction or for any defect in removal procedure" and found that federal-

10   question jurisdiction in the case was "lacking."  *Id.*  The action was "terminated" that same day.

11   *See*, *e.g.*, Docket.  Since June 2023 there has been no activity in this closed action – up until the

12   recent filing of Silverman's Motion to Intervene and Unseal Judicial Records.  *See id.*

13   **III.   ARGUMENT**

14        A.    **The Court Lacks Jurisdiction Over the Action.**

15        It is well-settled within the Ninth Circuit that "[o]nce a district court certifies a remand

16   order to state court it is divested of jurisdiction and can take no further action on the case."

17   *Seedman*, 837 F.2d at 414; *Acad. of Country Music*, 991 F.3d at 1064; *see also Homestead Ins.*

18   *Co. v. Casden Co*., 234 F.App'x 434, 435 (9th Cir. 2007) (finding that the district court's

19   certification of its remand order to the state court "divested the district court of jurisdiction to

20   correct or vacate the remand order" and that a second removal petition based on identical grounds

21   failed because "the district court lacked jurisdiction to entertain the action"); *Linton v. Axcess Fin.*

22   *Servs., Inc.*, No. 23-cv-01832-CRB, 2023 WL 4604657, at *2 (N.D. Cal. July 17, 2023) (finding

23   that the court lacked jurisdiction to hear a motion for reconsideration in an already-remanded case

24   because of "the combined heft of (1) longstanding circuit precedent limiting a district court's

25   post-remand jurisdiction and (2) this court's own pre-remand decision that it lacks jurisdiction

26   over this case."); *LaCasse v. USANA Health Scis., Inc.*, No. 2:20-cv-01186-KJM-AC, 2021 WL

27   877643, at *2 (E.D. Cal. Mar. 9, 2021) ("The Ninth Circuit has also held unambiguously that

28   district courts may take no action post-remand."); *Ross v. Guerrero*, No. CV F 04 5673 OWW

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

SMS P., 2007 WL 116672, at *1 (E.D. Cal. Jan. 10, 2007) ("It is well-settled in the Ninth Circuit that once a case has been remanded, the district court is divested of jurisdiction and may take no further action in the case.")

Further, FRCP 24 "shall not be construed to extend or limit the jurisdiction of the United States district courts." *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005) (citing FRCP 82). "The procedural mechanism of Rule 24 may facilitate the invocation of *ancillary* jurisdiction; however, Rule 24 does not *itself* provide the jurisdictional hook." *Id.* (emphasis added). Put differently, FRCP 24 "states under what circumstances intervention is proper as a matter of procedure but intervention still must be denied, though all the requirements of Rule 24 are met, if the federal court cannot take jurisdiction with regard to the intervenor."[1] *Clark v. QG Printing II, LLC*, No. 118-cv-00899-AWI-EPG, 2021 WL 38180, at *4 (E.D. Cal. Jan. 5, 2021) (citing *Canatella*, 404 F.3d at 1113).

Consistent with the most basic tenets of constitutional law, courts have held that "a third party may intervene in litigation only if the underlying litigation meets the case or controversy requirement of the federal Constitution." *Mitchell v. City of Los Angeles*, No. CV 16-01750 SJO (GJSx), 2019 WL 13020519, at *3 (C.D. Cal. Aug. 27, 2019); *see also Prison Legal News v. Cnty. of San Diego*, No. 14-cv-2417-L-NLS, 2023 WL 2899536, at *1-2 (S.D. Cal. Apr. 10, 2023) (denying motion to intervene "due to lack of jurisdiction" and finding that "[t]he original parties' filing of the stipulation of dismissal divested this Court of jurisdiction to rule on Petitioner's motion to intervene"); *Clark*, 2021 WL 38180, at * 4 (holding that even if all the procedural requirements from FRCP 24 are met, intervention must still be denied if the court does not have jurisdiction over the intervenor's claim). Thus, "before allowing a third party to intervene, a court must determine if it has jurisdiction over the underlying litigation." *Mitchell*, 2019 WL 13020519, at *3. The burden to demonstrate proper subject matter jurisdiction lies with the party seeking to invoke federal jurisdiction—here, the putative intervenor. *See Jou v.*

---

[1] Indeed, "federal courts may act only in the context of a justiciable case or controversy." *Sec. & Exch. Comm'n v. Med. Comm. for Human Rights,* 404 U.S. 403, 407 (1972) (internal quotations & citation removed). A court has "a continuing obligation to assess its own subject-matter jurisdiction," (*Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1093 (9th Cir. 2004)), and "may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir. 2000) (citation omitted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

1   *Kimberly-Clark Corp.*, No. 13-cv-03075-JSC, 2015 WL 4537533, at *2 (N.D. Cal. July 27,

2   2015); *Mitchell*, 2019 WL 13020519, at *3.

3         Here, the Court lacks jurisdiction even to entertain Silverman's Motion because the Court

4   was divested of jurisdiction when it remanded the action back to state court. *See* ECF No. 41.

5   After reviewing the parties' briefing on Petitioners' motion for remand, the Court issued a five-

6   page order ultimately determining that it lacked subject matter jurisdiction over the matter. *Id.*

7   Specifically, the Court found that Petitioners sought relief "only under California state law", and

8   therefore "federal-question jurisdiction [was] lacking." *Id.* at 4-5.

9         As a putative intervenor, Silverman bore the burden of demonstrating proper subject

10  matter jurisdiction. *See*, *e.g.*, Mot.; *see also Jou*, 2015 WL 4537533, at *2 ("The burden to

11  demonstrate proper subject matter jurisdiction lies with the party seeking to invoke federal

12  jurisdiction—here, the putative intervenor."); *Mitchell*, 2019 WL 13020519, at *3 (same).

13  However, Silverman's Motion completely fails to address the impact of the Court's remand order,

14  which expressly found that the Court lacked jurisdiction over this matter.  As provided *supra*, the

15  case law makes clear that this jurisdictional defect is fatal to Silverman's Motion.  *Canatella*, 404

16  F.3d at 1113 (finding that "Rule 24 does not itself provide the jurisdictional hook"); *Seedman*,

17  837 F.2d at 414.  In *Jou v. Kimberly-Clark Corp*, Judge Scott-Corley of this Court emphasized

18  that "federal courts routinely deny motions to intervene in cases that have already been

19  automatically terminated pursuant to Rule 41(a)(1) dismissals" because of the "jurisdictional

20  effect" of the automatic dismissal.  *Jou*, 2015 WL 4537533, at *3 (collecting cases).  A remand

21  order has this very same "jurisdictional effect" – *i.e.*, automatically divesting the federal district

22  court of jurisdiction and bringing the action back to the state court, such that there is no live case

23  or controversy with the federal court.  *See Ross*, 2007 WL 116672, at *1 ("Because the Court is

24  divested of jurisdiction after remand, the Court can take no further action in this case.")

25  Accordingly, much like the dismissal in *Jou*, the Court's remand order here "divested the Court of

26  jurisdiction over this case, and there is no live case or controversy into which [Silverman] may

27  intervene." *Jou*, 2015 WL 4537533, at *3; *see also Ross*, 2007 WL 116672, at *1. Without any

28  basis for jurisdiction, this Court should not even rule on Silverman's Motion.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

**B.      The Court Should Deny Silverman's Motion to Intervene.**

**1.      Silverman Failed to Demonstrate Intervention as a Matter of Right.**

Intervention as a matter of right under Federal Rules of Civil Procedure 24(a) is permitted only when the moving party demonstrates that: (1) they have a significant protectable interest relating to the property or transaction that is the subject of the action; (2) they are situated such that the disposition of the action may impair or impede their ability to protect their interest; (3) their interest is not adequately represented by the existing parties; and (4) they have timely moved to intervene. *See, e.g., Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).  The party seeking intervention bears the burden of demonstrating that  of these elements have been satisfied.  *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).  Failure to satisfy any one of these four requirements is fatal to the attempt to intervene.  *See, e.g., Arakaki*, 324 F.3d at 1083 ("Each of these four requirements must be satisfied to support a right to intervene."); *Wilson*, 131 F.3d at 1302 ("[F]our elements, each of which must be demonstrated in order to provide a non-party with a right to intervene[.]").

Here, Silverman does not even attempt to meet this burden and has failed to establish each of the requisite elements for intervention as a matter of right under FRCP 24(a).  *See* Mot. at 6-7. Silverman simply glosses over these elements (and fails to address the second element at all), making the conclusory assertion that he is "entitled to intervene as of right" based on a non-binding, entirely distinguishable decision from the Fifth Circuit.  Notably, Silverman fails to cite a single Ninth Circuit decision supporting his intervention as a matter of right under Rule 24(a).[2] Based on Respondents' review of the relevant authority, no Ninth Circuit case has ever held that intervention as a matter of right under FRCP 24(a) is proper where a party seeks to intervene for the limited purpose of unsealing judicial records.[3]  In fact, the lone case within the Ninth Circuit

---

[2] And, as outlined above, because "[i]ntervention as of right is merely a procedural means for entering an *existing* federal action" (*Canatella*, 404 F.3d at 1113) (emphasis added), Silverman cannot intervene in this action (as a matter of right or permissively) since this action was long ago terminated for lack of jurisdiction.  *See* ECF No. 41; *see also supra* at 6-9.

[3] Notably, the only Ninth Circuit cases cited by Silverman involved *permissive* intervention under FRCP 24(b).  *See, e.g.*, Mot. at 5-6 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096 (9th Cir. 1999) and *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992)).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS

1   addressing this issue denied intervention as of right and found that "the public's common law

2   right of access to the courts is *not* the type of interest that Rule 24(a) is designed to protect." *See*

3   *Otoski v. Avidyne Corp.*, No. 3:09-CV-3041-PK, 2012 WL 13195530, at *3 (D. Or. Mar. 9, 2012)

4   (emphasis added) (further noting that intervention as of right under Rule 24(a) "is designed to

5   allow non-parties to intervene in order to influence the outcome of the litigation in some way").

6   For these reasons, and as discussed in further detail *infra*, Silverman has not met and cannot meet

7   his burden to intervene as a matter of right under FRCP 24(a).

8            a.      <u>Silverman Has Failed to Show a Significant Protectable Interest in</u>
                      <u>The Subject of this Action</u>.
9

10          "The requirement of a significantly protectable interest is generally satisfied when 'the

11   interest is protectable under some law, and that there is a relationship between the legally

12   protected interest and the claims at issue.'"  *Arakaki*, 324 F.3d at 1084 (citation omitted).  "An

13   applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's

14   claims actually will affect the applicant.  *Donnelly*, 159 F.3d at 410.

15          Here, the resolution of Petitioners' petition to compel arbitration would have had no

16   impact on Silverman.  There is no relationship between Silverman's alleged protected interest

17   (*i.e.*, the public's access to judicial records) and the claims at issue (*i.e.*, Petitioners' petition to

18   compel arbitration under a California statute).  Grasping at straws to meet this element, Silverman

19   argues that he is "entitled to intervention as of right" because, as a journalist, he has a legal

20   interest in challenging a confidentiality order.  Mot. at 6:10-14.  However, this purported

21   "interest" is not at all related to Petitioners' claims, which sought to compel arbitration.

22          Silverman's reliance on a Fifth Circuit decision is misplaced.  *See* Mot. at 6 (citing *Ford v.*

23   *City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001)).  In *Ford*, the appellant sought to unseal a

24   _____

25   And neither *San Jose Mercury News* or *Beckman Industries* supports permissive intervention
     here, as the facts in those cases are entirely distinguishable.  Indeed, neither of these cases
26   involved a putative intervenor's request to intervene and unseal a corporate disclosure statement.
     *See, e.g.*, *San Jose Mercury News, Inc.*, 187 F.3d at 1098 (putative intervenor seeking access to an
27   investigatory report commissioned by the City of Mountain View in connection with a sexual
     harassment suit brought by two female police officers against Mountain View and its police
28   department); *Beckman Indus., Inc.*, 966 F.2d at 471 (putative intervenor seeking access to six
     deposition transcripts taken in an earlier action).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

1  settlement agreement that was executed with the City.  242 F.3d at 240.  The Fifth Circuit found

2  that the appellant had a legally protected interest in the subject matter of the action, which

3  stemmed from a *specific* Texas statute providing that "a settlement agreement to which a

4  governmental body is a party," is "public information and [is] not excepted from required

5  disclosure under this chapter unless [it is] expressly confidential under other law."  *Id.*

6        Here, in contrast, no similar statute supports any legal interest that Silverman claims to

7  have in making public a corporate disclosure statement that the Court previously ordered sealed.

8  No government entity is involved here, like there was in *Ford*, and Respondents filed the

9  Statement under seal to protect the identities of *private* individuals and entities that are

10 shareholders of a *privately* held company.  Silverman cannot show that he has a significant

11 protectable interest relating to Petitioners' claims in this (closed) action, thus no basis for

12 intervention as a matter of right exists.

13                 b.    <u>Silverman Will Not Be Impaired or Impeded Whatsoever</u>.

14       Silverman's Motion is utterly silent as to the second requisite element – *i.e.*, how he

15 would be impaired or impeded in his ability to protect his interest without intervention.  Of

16 course, Silverman will not be impaired or impeded in any way without intervention, because the

17 resolution of Petitioners' petition to compel arbitration will have no bearing on Silverman

18 whatsoever.  Further, as the party seeking intervention, <u>Silverman bore the burden</u> to show how

19 the requisite elements are satisfied.  *See Alisal Water Corp.*, 370 F.3d at 919.  Because Silverman

20 has failed to address this element at all, his attempt at intervention as of right must be rejected.

21 *See, e.g., Arakaki*, 324 F.3d at 1083.

22                 c.    <u>Silverman's Interest Was Adequately Represented By Petitioners,</u>

23                     <u>Who Opposed Respondents' Motion to Seal</u>.

24       The Ninth Circuit considers the following three factors in determining the adequacy of

25 representation element: "(1) whether the interest of a present party is such that it will undoubtedly

26 make all of a proposed intervenor's arguments; (2) whether the present party is capable and

27 willing to make such arguments; and (3) whether a proposed intervenor would offer any

28 necessary elements to the proceeding that other parties would neglect."  *Arakaki*, 324 F.3d at

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

1086.

Here, Silverman's Motion argues that his interest in challenging the sealed disclosure statement was not "adequately protected by the parties" – but says little else. Mot. at 6:15-16.[4] Contrary to his conclusory argument, the record demonstrates that Silverman's interests were adequately represented by Petitioners, who vigorously opposed Respondents' motion to seal the Statement. *See* ECF No. 37 (Petitioners' Opposition to Respondents' Administrative Motion to File Under Seal). Petitioners' opposition shows that Petitioners were indeed "capable and willing to make such arguments" (*Arakaki*, 324 F.3d at 1086) and that Petitioners did, in fact, make many of the same arguments and cite many of the same cases that Silverman relies upon in his Motion. *Compare* ECF No. 37 at 3-5 (arguing for the "strong preference for public access" and citing the same case law cited in Silverman's Motion, including specifically both the *Center for Auto Safety* and *Steel Erectors* cases) *to* Mot. at 7-11. The Court reviewed and considered Petitioners' opposition, which advocated in favor of the public's right of access to the Statement, and the Court ultimately found good cause to seal the information. In a footnote, Silverman tries to suggest that the "docket leaves unclear" whether Petitioners continued to object after Respondents provided Petitioners' counsel with an unredacted copy of the Statement (subject to their agreement that it remain confidential). Mot. at 6, fn. 1; ECF No. 39. Silverman's suggestion is simply false. Petitioners *never* withdrew their opposition to the motion to seal. Silverman's interests were adequately represented by Petitioners, and thus his request to intervene as a matter of right fails.

d.    Silverman's Motion is Untimely.

In determining timeliness, courts weigh the following three factors: "(1) the stage of the proceeding [at which an applicant seeks to intervene]; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Further, "[i]n analyzing timeliness, [courts] focus on the date the person attempting to

---

[4] Silverman's Motion quotes language from *San Jose Mercury News*, but that specific language was not addressing intervention as a matter of right and the adequacy of representation element; rather, the quoted language was in the context of analyzing whether a motion for *permissive* intervention was timely.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

intervene should have been aware his interest[s] would no longer be protected adequately by the parties...." *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013).

Here, these three factors all weigh in favor of the Court finding that his Motion was untimely.

i.      The Stage of the Proceeding (i.e., Remanded and Terminated for Lack of Jurisdiction) Weighs In Favor of Finding  Untimeliness.

The current stage of this proceeding – *i.e.*, "terminated" as of June 27, 2023 – strongly weighs in favor of a finding of untimeliness. *See*, *e.g.*, Docket.  Silverman filed this Motion on July 3, 2024, and more than a year after this Court remanded the case and closed the federal action.  Silverman's request to intervene in a long-closed case over which the Court lacks jurisdiction simply cannot be construed as timely.  As explained in subsection (iii) below, Silverman provides no justification whatsoever for why he waited over a year to file this Motion.

ii.      The Prejudice to Respondents if Intervention is Permitted Weighs in Favor of Intervention Being Untimely.

Respondents will be highly prejudiced if Silverman intervenes and succeeds in unsealing the Statement.  The Court has already considered and rejected the arguments Silverman is making to unseal the Statement.  Petitioners previously advocated for the Court to unseal the Statement based on the public's purported right of access to the information.  ECF No. 37. Respondents are suffering prejudice by having to incur the unnecessary costs and fees of relitigating this same issue once again, which the Court has already ruled on before.  In addition, the private individuals and entities who have an ownership interest in the privately held corporation, X Holdings Corp., have privacy rights that weigh in favor of keeping their identities confidential.  ECF Nos. 36, 36-1. Respondents will be prejudiced if the privacy rights of X Holdings Corp.'s owners are violated by Silverman's request to disclose their identities.  The prejudice to Respondents if intervention is permitted weighs against Silverman's Motion being timely.

iii.      The Lack of Reasons and Length of the Delay in Filing This Motion Weighs in Favor of Intervention Being Untimely.

The inquiry into any delay "looks to when the intervenor first became aware that its

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

1  interests would no longer be adequately protected by the parties." *San Jose Mercury News*, 187

2  F.3d at 1100–01.  While Respondents dispute that Silverman's interests were not adequately

3  protected by the parties (namely, Petitioners), if there was a point in time where Silverman should

4  have determined his interests were arguably no longer protected by the parties, it would have

5  been when the Court ruled on Respondents' motion to seal and granted the motion – *i.e.*, more

6  than thirteen months ago on June 13, 2023.  ECF No. 39.  Silverman's Motion makes no effort to

7  justify or provide any insight for why it took so long for him to bring this Motion.

8          In fact, Silverman's purported reasons for wanting to bring this Motion only undercut his

9  argument that this Motion was timely.  Silverman claims that he has "written repeatedly on Elon

10  Musk's purchase of Twitter", including *authoring an article in July 2022* – almost one year

11  before the original motion to seal was filed in this case.  Mot. at 2-3.  If, as he claims, Silverman

12  has been keenly tracking Elon Musk and/or Twitter's activities for the last two years now, it begs

13  the question why Silverman did not file this Motion in June 2023 when the Court was considering

14  whether to seal the Statement, given that Respondents' motion to seal was a publicly available

15  document.  Silverman bore the burden to justify the reasons for this delay – it is neither

16  Respondents' nor the Court's job to speculate as to what caused the more than one year delay in

17  bringing his Motion.  Because he failed even to address this issue, Silverman cannot demonstrate

18  that his Motion was timely filed.[5]

19              **2.     Silverman Failed to Demonstrate Permissive Intervention.**

20          Unlike intervention as a matter of right under FRCP 24(a), permissive intervention under

21  FRCP 24(b) is entirely discretionary.  Generally, under Rule 24(b)(2), an applicant seeking

22  permissive intervention must establish that: "(1) it shares a common question of law or fact with

23  the main action; (2) its motion is timely; and (3) the court has an independent basis for

24  jurisdiction over the applicant's claims."  *Donnelly*, 159 F.3d at 412.  A narrow exception to a

25  non-party's obligation to establish all three of these elements is when a nonparty seeks to

26

27

28

---

[5] Silverman cannot "sandbag" Respondents by attempting to introduce new argument or evidence in his Reply brief to attempt to satisfy his burden.  *See, e.g.*, *Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1179 (N.D. Cal. 2023) ("New evidence submitted as part of a reply is improper.") (citing *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) ("The new evidence presented in the Reply must be stricken.")).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

1    intervene for the limited purpose of unsealing court records, in which case the proposed

2    intervenor is only required to satisfy the timeliness factor for permissive intervention.  *See San*

3    *Jose Mercury News*, 187 F.3d at 1100.

4         Courts analyze the same three factors for timeliness for both mandatory and permissive

5    intervention.  *See supra* at 13-14; *see also San Jose Mercury News*, 187 F.3d at 1100-01 ("In

6    determining whether a motion for intervention is timely, a court must consider three factors: (1)

7    the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other

8    parties; and (3) the reason for and length of the delay.") (internal quotation marks and citation

9    omitted).  However, "[i]n the context of permissive intervention . . . [courts] analyze the

10   timeliness element more strictly" than for intervention as a matter of right.  *Wilson*, 131 F.3d at

11   1308.  And, even if an applicant meets the requisite elements for permissive intervention, "[a]

12   district court has discretion to deny permissive intervention" if "intervention will unduly delay the

13   main action or will unfairly prejudice the existing parties."  *Donnely*, 159 F.3d at 412; Fed. R.

14   Civ. P. 24(b)(3).

15        Timeliness is construed even *more strictly* with respect to Silverman's request for

16   permissive intervention than it is for mandatory intervention (*Wilson*, 131 F.3d at 1308).  Because

17   Silverman failed to meet his burden of showing timeliness for his claim for mandatory

18   intervention under FRCP 24(a) (*see supra* at 13-14), he clearly has not met the timeliness

19   standard for permissive intervention.  In addition, the Court still possesses discretion to deny the

20   Motion based on unfair prejudice the intervention would cause to the existing parties.  *Donnely*,

21   159 F.3d at 412; Fed. R. Civ. P. 24(b)(3).  Here, Silverman's request to reopen this *terminated*

22   action – over which the Court *lacks jurisdiction* – is an unjustified and costly intrusion on the

23   Respondents', and the Court's, time and resources.  It prejudices Respondents to relitigate the

24   same issue (sealing the Statement) as to which the Court already has ruled in Respondents' favor.

25   And, of course, it prejudices Respondents because the Motion seeks to violate the rights to

26   privacy and confidentiality that individuals have with respect to their private investments in

27   privately held companies.  *See* Cal. Const., Art. I § 1 ("All people are by nature free and

28   independent and have inalienable rights. Among these are enjoying and defending life and liberty,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and *privacy*.") (emphasis added); *see also Valley Bank of Nevada v. Superior Ct.*, 15 Cal. 3d 652, 656, (1975) (discussing the "inalienable right" of privacy under the California Constitution and finding that courts "may safely assume that the right of privacy extends to one's confidential financial affairs as well as to the details of one's personal life").

The Court should deny permissive intervention on the grounds that the Motion is untimely or, alternatively, the Court should exercise its discretion to deny permissive intervention based on the prejudice that would result if intervention was granted.

C. **The Court Should Deny Silverman's Motion to Unseal Records.**

1. **The Court Has Already Ruled on the Arguments in Silverman's Motion and Found Good Cause to Seal the Statement.**

The Ninth Circuit has held that the "good cause" standard applies when a party seeks access to previously sealed discovery attached to a non-dispositive motion. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). For example, in *Phillips*, the Ninth Circuit found that "[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel.*, 307 F.3d at 1213. The court in *Phillips* reasoned that "[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." *Id.*

Here, Silverman seeks to undermine the Court's previous order sealing the Statement. The Court already ruled on Respondents' motion to seal and found good cause for sealing. In doing so, the Court considered – and necessarily rejected – many of the same arguments and case law now being advanced by Silverman. *See* ECF No. 37 (Petitioners' Opposition to Respondents' Motion to Seal the Statement). Silverman's contention that "Respondents have not justified—and cannot justify—keeping the contents of the Disclosure Statement secret" is simply

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

1    false and refuted by the record.  Mot. at 7:5-6; ECF Nos. 36-39.  To the contrary, Respondents did

2    justify the sealing of the Statement with supporting evidence.  ECF Nos. 36, 36-1.  The Court

3    already engaged in this balancing inquiry and determined that good cause exists to protect the

4    information in the Statement from being disclosed.  ECF No. 39.  As a result, the Court should

5    deny Silverman's request to relitigate this same issue.

6                    **2.       No Federal Common Law Right of Access Exists Here.**

7          Silverman misstates the proper legal standard here.  Similar to decisions in the Seventh

8    and Tenth Circuits, the Ninth Circuit has held that the presumption of the public's right of access

9    does *not apply* to sealed documents attached to non-dispositive motions.  *Phillips*, 307 F.3d at

10   1213 (holding that "the federal common law right of access does not apply to documents filed

11   under seal.")  In *Phillips*, the court was cognizant of the "public policy reasons behind a

12   presumption of access to judicial documents (judicial accountability, education about the judicial

13   process etc.)," however, the court ultimately found that it would make "little sense" to render a

14   district court's protective order useless simply because the sealed document was attached to a

15   nondispositive motion filed with the court.  *Id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S.

16   20, 33 (1984) ("Much of the information that surfaces during pretrial discovery may be unrelated,

17   or only tangentially related, to the underlying cause of action. Therefore, restraints placed on

18   discovered, but not yet admitted, information are not a restriction on a traditionally public source

19   of information.")).

20         As a result, in the Ninth Circuit, the presumption of the public's right of access to judicial

21   records is rebutted where those sealed documents are attached to non-dispositive motions.

22   *Phillips*, 307 F.3d at 1213.  Under those circumstances, the party seeking disclosure of the sealed

23   document (*i.e.*, Silverman) must present "sufficiently compelling reasons" why the sealed

24   document should be released.  *Id.*  Despite Silverman's suggestion otherwise, *Phillips* and the

25   case law adopting its reasoning, including specifically *Best Odds Corporation v. iBus Media*

26   *Limited*, No. 2:14-cv-00932-RCJ-VCF, 2014 WL 5687730, at *2 (D. Nev. Nov. 4, 2014), have

27   not been overruled.  *See* Mot. at fn. 3 (falsely asserting that *Best Odds* is "no longer good law").

28   After *Phillips*, the Ninth Circuit only clarified that the focus of the non-dispositive versus

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

1  dispositive inquiry articulated in *Phillips* and various other Ninth Circuit cases is "whether the

2  motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto*

3  *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (collecting authorities).  The

4  court in *Center for Auto Safety* recognized that "nondispositive motions are sometimes not

5  related, or only tangentially related, to the merits of a case, as in *Phillips,*" but that some

6  nondispositive motions, such as motions in limine, could be "strongly correlative to the merits of

7  a case" and would then justify the application of the compelling reasons standard.  *Id.*

8         Here, the corporate disclosure statement that Silverman seeks to unseal is, perhaps, as far

9  removed from a dispositive motion as possible.  It is undisputed that the Statement is not

10  "strongly correlative to the merits of a case," and not even remotely, tangentially, or in any way at

11  all related to the merits of Petitioners' petition to compel.  Silverman fails to point to a single

12  Ninth Circuit decision or case within this circuit finding that the common law presumption of

13  access to judicial records should apply to corporate disclosure statements.  In fact, the only case

14  that Silverman cites on this issue *found the exact opposite.*[6]  *See Best Odds Corp.*, 2014 WL

15  5687730, at *3 (granting the defendant's motion to file a redacted certificate of interested parties

16  and noting that sealing the disclosure will "(1) satisfy Rule 7.1's purpose, by enabling the court to

17  determine whether a conflict of interest exists, and (2) act as a prophylactic against potential[]

18  litigation abuses that will needlessly increase the cost of litigation.").

19         In *Best Odds*, the court discussed the distinction between the standard for sealing of

20  records attached to dispositive versus non-dispositive motions, and correctly explained that "[t]his

21  distinction is predicated on the fact that different interests are at stake with dispositive and non-

22  dispositive motions."  *Best Odds Corp.*, 2014 WL 5687730, at *2.  As a result, it is generally the

23  case that "[w]ith non-dispositive motions, *private interests predominate*." *Id.* (emphasis added).

24  Because the corporate disclosure statement was non-dispositive, the district court in *Best Odds*

25  found that a showing of "good cause" was the proper standard for sealing the statement.  *Id.*  The

26

27  [6] Other than *Best Odds*, every single decision cited in footnote 3 in Silverman's Motion is out of circuit, non-binding and non-persuasive authority.  *See* Mot. at fn. 3.  Silverman's unsupported

28  statement that *Best Odds* is "no longer good law" is contradicted by the absence of any authorities negatively citing *Best Odds* in Westlaw or any precedential authority contradicting its holding.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

court in *Best Odds* further emphasized that a district court has "much flexibility in balancing and protecting the interests of private parties" under this standard.  *Id.* ("[T]he good cause standard may be satisfied by showing mere embarrassment, incrimination, or exposure to undue litigation expenses.") (citing Fed. R. Civ. P. 26(c)).

Faced with no binding or persuasive authority in support of his position, Silverman relies on a non-binding district court decision from the Western District of New York to argue that the common law right of access applies to Respondents' corporate disclosure statement and warrants unsealing.  *See* Mot. at 2, 9, 10 (citing *Mayer v. Patriot Pickle Inc.*, No. 23-CV-1299-LJV, 2024 WL 162881 (W.D.N.Y. Jan. 16, 2024)).  Putting aside the fact that the *Mayer* decision is neither binding nor persuasive authority, the facts in that case are also entirely distinguishable.  Indeed, in *Mayer*, the court found the defendant had "not provided good reason why its Rule 7.1 statement should remain confidential" and as a result, that the defendant had "not overcome the presumption of access that attaches to that document."  *Id.*, at *5.  Here, by contrast, Respondents submitted evidentiary support for this motion to seal, and the Court has ruled that good cause existed to warrant sealing of the Statement.  *See* ECF Nos. 36-39.  While Respondents dispute that the compelling reasons standard applies, Respondents maintain that they have nonetheless shown compelling reasons for the non-disclosure of the sealed information in the Statement.  Article I, section 1 of the California Constitution provides a constitutional inalienable right to privacy, which includes the privacy of a person's financial information, such as investments and financial holdings.  *See* Cal. Const., Art. I § 1 (providing that a person's privacy is an "inalienable right"); *see also Valley Bank of Nevada,*15 Cal. 3d at 656 (emphasizing that the "inalienable right" of privacy under the California Constitution "extends to one's confidential financial affairs").  The existence of an ownership share and/or interest in a privately owned corporation constitutes private financial information that is protected under the California Constitution.

In contrast, as the party seeking disclosure of the sealed document, Silverman bore the burden to present "sufficiently compelling reasons" for why the sealed document should be disclosed.  *Phillips*, 307 F.3d at 1213.  Silverman has failed to present sufficient countervailing interests that outweigh the significant private interests warranting the sealing of the Statement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

1  here, and his Motion to unseal should be denied on that basis.

2  **3.  No First Amendment Right of Access Exists Here.**

3  Silverman argues that the First Amendment right of access supports the unsealing of the

4  Statement.  Courts apply an "experience and logic" test to evaluate "the institutional value of

5  public access to judicial proceedings and records to determine whether the First Amendment

6  provides a presumption of access."  *Courthouse News Serv. v. Planet*, 947 F.3d 581, 590 (9th Cir.

7  2020).  "To determine whether a First Amendment right of access attaches to a type of judicial

8  proceeding or record, [courts] consider (1) whether that proceeding or record 'ha[s] historically

9  been open to the press and general public' and (2) 'whether public access plays a significant

10  positive role in the functioning of the particular [governmental] process in question.' "  *Id.*

11  (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 8 (1986)).  Thus, to prevail on his First

12  Amendment right of access claim, Silverman must show that corporate disclosure statements (1)

13  have historically been open to the press and general public, and (2) play a significant positive role

14  in the functioning of the particular governmental process in question.  *Id.*

15  As an' initial matter, Respondents are not aware of a single Ninth Circuit decision

16  granting a request to unseal a corporate disclosure statement based on a First Amendment right of

17  access theory (nor are Respondents aware of any Ninth Circuit granting such a request based on a

18  common law right of access theory).  Silverman cites no such Ninth Circuit cases.[7]  Instead,

19  throughout his Motion, Silverman heavily relies on a non-binding, district court decision from the

20  Southern District of Georgia.  *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 675

21  (S.D. Ga. 2016).  Silverman's reliance on *Steel Erectors* is misplaced and inapposite.

22  In *Steel Erectors*, the defendant, a foreign company, filed a motion to seal its corporate

23  disclosure statement to prevent the naming of its parent company, also a foreign company.  *Id.*

24  The court emphasized that the FRCP "specifically mandates disclosure of '*any* parent

25

---

26  [7] In fact, a court within this district questioned whether the First Amendment standard even
applied to access to civil proceedings as opposed to access to just criminal proceedings.  *See*
27  *Bohannon v. Facebook, Inc.*, No. 12-cv-01894-BLF, 2019 WL 188671, at \*2 (N.D. Cal. Jan. 14,
2019) ("The Ninth Circuit has not squarely addressed whether the First Amendment standard also
28  applies to access to civil proceedings as opposed to access to criminal judicial records and
documents.")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

corporation'" – whether domestic or foreign.  *Id.* (citing Fed. R. Civ. P. 7.1(a)(1)) (emphasis in original).  The court ultimately denied the defendant's motion to seal and ordered the defendant to file an unredacted corporate disclosure statement that lists "any parent corporation," whether foreign or domestic.  *Id.*  Significantly, the court in *Steel Erectors* relied on the Southern District of Georgia's particularized local rules for sealing documents in concluding that a party needs to show that their "interest is more important than the public's interest in disclosure" in order to "receive sealing consideration."  *Id.*

Here, unlike the defendant in *Steel Erectors*, Respondents never sought to seal the identity of a parent company.  Rather, Respondents sought to seal – and this Court ultimately granted their motion to seal – the identities of all the private shareholders of X Corp.'s privately-held parent company, X Holdings Corp.  *Steel Erectors* did not apply Ninth Circuit law or the Northern District of California's local rules regarding sealing.  Rather, the court in *Steel Erectors* applied the local rules specific to the Southern District of Georgia, which differ from the Northern District of California's rules.

The Southern District of Georgia's standard for sealing documents specifically requires the following: "The party seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." Southern District of Georgia Civil Local Rule 79.7(d) (emphasis added).  That standard appears to be akin to strict scrutiny.  In contrast, the Northern District of California's local rules provide for a less stringent standard, instead requiring that a party moving to seal a document must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Northern District of California Civil Local Rule 79-5(c). A party can also provide "evidentiary support from declarations where necessary."  *Id.* The strict scrutiny standard advanced by Silverman is entirely absent from the Northern District of California's local rules regarding sealing and is not applicable to this matter.  Simply put, this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS

1  Court is not subject to the heightened standard articulated in the *Steel Erectors* decision.

2        While corporate disclosure statements are generally publicly available on court dockets,

3  the information regarding the identities of privately held companies' shareholders is not publicly

4  available information.  Further, it is not the public that plays a significant role in the functioning

5  of the corporate disclosure statement process – it is the judge.  *See Best Odds Corp.*, 2014 WL

6  5687730, at *3 (noting "Rule 7.1's purpose" which is to "enable[e] the court to determine

7  whether a conflict of interest exists").  The information in a corporate disclosure statement is

8  provided in order for the assigned judge to evaluate whether she should recuse herself – it is not

9  being provided for the public's own benefit.

10        Finally, and with due respect for this Court, Respondents contend that the shareholder

11 identities provided in the sealed Statement were not required to be provided under the text of

12 either FRCP Rule 7.1 and Northern District of California Civil Local Rule 3-15.  To be clear,

13 Petitioners requested this specific information, Respondents opposed providing this information,

14 and Respondents provided the information only in response to the Court's order directing

15 Respondents to supplement their statement.  *See* ECF Nos. 19, 25, 35.  Respondents did not

16 volunteer this information and in fact dispute that the information provided in the Statement is

17 required in a corporate disclosure statement, all of which further underscores how Respondents

18 will be severely prejudiced if this information is unsealed.

19 **IV.    CONCLUSION**

20        The Court should deny Silverman's Motion in its entirety.

21 Dated: July 26, 2024                    MORGAN, LEWIS & BOCKIUS LLP

22

23                                  By    */s/ Eric Meckley*
                                        Eric Meckley
24                                      Kassia Stephenson
                                        Attorneys for Respondents
25                                      TWITTER, INC.; X HOLDINGS I, INC.; X
                                        HOLDINGS CORP.; X CORP.; ELON MUSK
26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21
RESPONDENTS' OPPOSITION TO NON-PARTY JACOB SILVERMAN'S MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS